















SWD   12/5/05   13:37
3:05-CV-02200   PACKAGE CONCEPTS V. JIF-PAK
*1*
*TRANCS.*

05 DEC -1 PM 1: 38

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

'05 CV 2200    LAB LSP DEPUTY

| | |
|---|---|
| Package Concepts & Materials, Inc., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| JIF-PAK, Neil Mintz, and Marcus | ) |
| Mintz, | ) |
| | ) |
| Defendants. | ) |

C.A. No. 6:05-1184-HMH

**OPINION & ORDER**

This matter is before the court on Jif-Pak Manufacturing, Inc. ("Jif-Pak"), Neil Mintz,

and Marcus Mintz's (collectively the "Defendants") motion to dismiss for lack of personal

jurisdiction, failure to join an indispensable party, and lack of subject matter jurisdiction or, in

the alternative, to transfer the case to the Southern District of California. After review, the

court grants the Defendants' motion to transfer.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 9, 1995, Neil and Marcus Mintz were issued U.S. Patent No. 5,413,148 (the

"'148 patent'") for a "'[c]asing structure for encasing meat products.'" (First Am. Compl.

¶ 8 & Attach. A ('148 Patent).) The Mintzs granted a license to Jif-Pak, a California

corporation, to use the '148 patent to manufacture and sell food packaging products. (Pl.'s

Mem. Opp'n. Mot. Dismiss 10.) Jif-Pak competes with Package Concepts & Materials, Inc.

("PCM"), a South Carolina corporation which also makes and sells stockinette devices. (Pl.'s

Mem. Opp'n Defs.' Second Mot. Dismiss 1; First Am. Compl. ¶ 11.)

1

On August 2, 2004, Jif-Pak notified PCM's customers of the '148 patent by letter ("August Letter"). (Pl.'s Mem. Opp'n Defs.' Mot. Dismiss 1 & Ex. A (Letter from John L. Haller to Mark Gray of 3/9/05 at 1).) In March 2005, Jif-Pak again contacted several of PCM's customers by letter ("March Letter"), referencing the August Letter and informing them that they were infringing on the '148 patent by using PCM's product. (Id., First Am. Compl. ¶ 17.)

One of the recipients of the March Letter was SFG, Inc. ("SFG"). In the March Letter Jif-Pak sent to SFG, Jif-Pak asserted that "Jif-Pak Manufacturing, Inc. is the owner of the '148 Patent and the '148 Patent is good and valid under the law." (Id. Ex. A (Letter from John L. Haller to Mark Gray of 3/9/05 at 1).) The letter informed SFG that "SFG's meat encased net product infringes at least claim 1 of the '148 Patent," and demanded "an immediate resolution." (Id. Ex. A (Letter from John L. Haller to Mark Gray of 3/9/05 at 1-2).) Jif-Pak allegedly sent the March Letter to Publix Supermarkets ("Publix") and Gusto Packaging ("Gusto"), notifying them that they were infringing on the '148 patent. (Pl.'s Mem. Opp'n Defs.' Mot. Dismiss 2.)

On April 20, 2005, PCM filed a complaint in this court against Jif-Pak. In its complaint, PCM seeks a declaratory judgment for invalidity and non-infringement of the '148 patent and asserts a claim for tortious interference with a contract, arguing that Jif-Pak's contacting PCM's customers resulted in the customers' breaching their contracts with PCM. (First Am. Compl. ¶¶ 8-15.) PCM seeks entry of a judgment (1) that patent '148 is invalid, (2) that the manufacture, use, sale, offer for sale, or importation of PCM's stockinette devices does not infringe the '148 patent, and (3) that Jif-Pak has no right or authority to threaten or

maintain suit against PCM or PCM's customers for infringing the '148 patent. (Id. ¶ 15A.)

Additionally, PCM seeks to enjoin the Defendants or others acting on behalf of the

Defendants from bringing suit against PCM or any company with which PCM does business

for infringing the '148 patent. (Id. ¶ 15B.) Finally, PCM seeks a judgment for its tortious

interference with a contract claim, with costs and attorneys' fees. (Id. ¶¶ 15C-D.)

      The Defendants filed suit against Dietz & Watson, Inc. ("DW") and PCM in the

United States District Court for the Southern District of California on July 22, 2005

("California Action"). In that suit, the Defendants allege claims of patent infringement

against DW and PCM and seek a declaratory judgment that they have not interfered with

PCM's relationship with its customers.

      On July 27, 2005, Jif-Pak moved to dismiss PCM's complaint ("First Motion") in the

instant action, arguing that the court lacks subject matter jurisdiction over the declaratory

relief claim. Jif-Pak argued that there is no case or controversy between Jif-Pak and PCM

because Jif-Pak does not own the '148 patent, and, therefore, PCM could have no reasonable

apprehension of being sued by Jif-Pak. Moreover, Jif-Pak claimed that "it would be futile to

allow an amendment complaint [sic] naming the patent owners because this Court would not

have personal jurisdiction over them." (First Mot. 1.)

      PCM responded to the First Motion on August 15, 2005, and filed its first amended

complaint, adding defendants Neil Mintz and Marcus Mintz, both California residents.

Although PCM raised no additional claims, PCM noted that Patent '148 was issued to Neil

and Marcus Mintz, and asserted, "Neil and Marcus Mintz, on information and believe [sic],

have exclusively licensed Defendant Jif-Pak under the ['148 Patent]." (First Am. Compl.

¶¶ 8-9.) Further, PCM added, "Defendant Jif-Pak originally have [sic] asserted itself to be the owner of the '148 patent, but has now withdrawn that assertion." (Id. ¶ 11.)

As a result of PCM filing its first amended complaint, Jif-Pak withdrew the First Motion and filed, along with Neil and Marcus Mintz, the second motion to dismiss ("Second Motion") on August 25, 2005. PCM responded in opposition to the Second Motion on September 12, 2005, and the Defendants filed their reply on September 22, 2005.

In the reply, the Defendants asserted that "[t]he Southern District of California is the best forum for this action, as there is no disagreement about personal jurisdiction . . . [or] subject matter jurisdiction. Thus, Neil and Marcus Mintz request that the Court dismiss this case or use its discretion in transferring this case under 28 U.S.C. § 1404." (Defs.' Reply Supp. Second Mot. 9.) Because Neil and Marcus Mintz's request for the court to transfer the case was raised in the Defendants' reply, the court ordered the PCM to brief the court on its position with respect to a transfer pursuant to 28 U.S.C. § 1404 or § 1406. PCM filed its response on October 4, 2005, opposing a transfer under either section. The Defendants responded on October 26, 2005.

## II. DISCUSSION OF THE LAW

As noted above, there are presently two pending cases ongoing with substantially the same parties and issues.[1] Of the two suits, the instant action was the first to be filed. "The

---

[1]The California Action includes one party, DW, that allegedly is contributorily infringing on the '148 patent and is not a party to the instant action. However, with the exception of the additional party, DW, and the claim that DW is contributorily infringing on the '148 patent, the claims and the parties are essentially identical.

first-filed action is preferred, even if it is declaratory, 'unless considerations of judicial and

litigant economy, and the just and effective disposition of disputes, require otherwise.'"

Serco Servs. Co., L.P. v. Kelley Co., 51 F.3d 1037, 1039 (Fed. Cir. 1995) (quoting

Genentech, Inc. v. Eli Lilly & Co., 998 F.2d 931, 937 (Fed. Cir. 1993) abrogated in part by

Wilton v. Seven Falls Co., 517 U.S. 277, 289-90 (1995)); see also Kerotest Mfg. Co. v. C-O-

Two Fire Equip. Co., 342 U.S. 180, 183 (1952) (recognizing that the trial court's discretion

tempers the rule in favor of the first-filed suit and stressing the importance of "conservation of

judicial resources and the comprehensive disposition of litigation."). The Genentech court

recognized that "sound reason[s] that would make it unjust or inefficient to continue the first-

filed action" include "the convenience and availability of witnesses, or absence of jurisdiction

over all necessary or desirable parties, or the possibility of consolidation with related

litigation, or considerations relating to the real party in interest." 998 F.2d at 938.  After

careful consideration, the court has determined that lack of jurisdiction over Marcus Mintz

weighs in favor of transferring this case to the Southern District of California.

### A. Personal Jurisdiction

In the Second Motion, the Defendants argue that PCM's attempt to remedy the defect

in its original complaint by adding Neil and Marcus Mintz, the patent owners, is futile

because the court lacks personal jurisdiction over Neil and Marcus Mintz.  (Second Mot. 1.)

As a preliminary matter, issues concerning personal jurisdiction in a patent infringement case

are governed by the law of the United States Court of Appeals for the Federal Circuit.  Rates

Tech. Inc. v. Nortel Networks Corp., 399 F.3d 1302, 1307 (Fed. Cir. 2005).  Therefore, the

law of the Federal Circuit must be applied in the instant action.

5

For a federal district court to have personal jurisdiction over a defendant, either the requirements of general jurisdiction or specific jurisdiction must be met. Each will be discussed in turn.

## 1. General Jurisdiction

In order to assert personal jurisdiction over Neil and Marcus Mintz based on activities unrelated to this lawsuit and thus satisfy the requirements of general jurisdiction, the court must find that they have had "systematic and continuous" contacts with South Carolina. See Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414-15 (1984). PCM has not specifically alleged that the Mintzs have had "systematic and continuous" contacts with South Carolina sufficient for the court to exercise general personal jurisdiction over them, and, upon reviewing the record, the court concludes that such contacts do not exist. Therefore, the court lacks general jurisdiction over Neil and Marcus Mintz.

## 2. Specific Jurisdiction

The court also lacks specific jurisdiction over Marcus Mintz, and may lack specific jurisdiction over Neil Mintz as well. Specific jurisdiction over a defendant exists when a suit arises out of a defendant's activities within the forum state. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985). A district court has personal jurisdiction over defendants in a patent infringement suit to the extent allowed by the law in the state where the court sits, subject to the limitations of due process. See Commissariat A L'Energie Atomique v. Chi Mei Optoelectronics Corp., 395 F.3d 1315, 1319 (Fed. Cir. 2005).

South Carolina asserts specific jurisdiction over defendants pursuant to its long-arm statute, section 36-2-803 of the South Carolina Code of Laws. See Sheppard v. Jacksonville

6

Marine Supply, Inc., 877 F. Supp. 260, 264 (D.S.C. 1995). The South Carolina Supreme

Court has interpreted South Carolina's long-arm statute to extend to the constitutional limits

imposed by the due process clause. See id. at 265. It therefore follows that the two-step

analysis collapses into a one-step due process analysis. See id.

     Under the due process analysis, the plaintiff must show that the defendant had

sufficient "minimum contacts" with South Carolina and that the exercise of jurisdiction would

not offend "traditional notions of fair play and substantial justice." See World-Wide

Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980) (internal quotation marks omitted).

These minimum contacts must create a "substantial connection" with the forum state, and they

must be directed at the forum state in more than a random, fortuitous, or attenuated way.

McGee v. Int'l Life Ins. Co., 355 U.S. 220, 223 (1957); Burger King, 471 U.S. at 475. The

requirements of due process are met if the defendant engaged in activity by which he

purposefully availed himself of the privilege of conducting activities within the forum state,

thus invoking the benefits and protections of its laws, if the defendant's conduct and

connections with the forum state are such that the defendant should reasonably anticipate being

haled into court in the forum state, or if the defendant has purposefully directed his activities

at the residents of the forum, and the litigation results from alleged injuries that arise out of or

relate to those activities. See Burger King, 471 U.S. at 472-75. Finally, "[e]ach defendant's

contacts with the forum State must be assessed individually." Calder v. Jones, 465 U.S. 783,

790 (1984).

PCM alleges that Jif-Pak, and the Mintzs through their involvement with Jif-Pak, are subject to personal jurisdiction in South Carolina because Jif-Pak sent the March Letter to PCM's customers and PCM felt the economic harm in South Carolina. Even if the court assumes that the March Letter could support a finding of personal jurisdiction over Jif-Pak,[2] PCM faces a second hurdle which it cannot overcome – establishing personal jurisdiction over Neil and Marcus Mintz, the co-owners of the '148 patent. PCM argues that the court has personal jurisdiction over Neil Mintz because "Neil Mintz as president, has control over the actions of the corporate Defendant. The exercise of personal jurisdiction over at least Neil Mintz is therefore proper" on the basis that Neil Mintz was the "guiding spirit behind the wrongful conduct." (Pl.'s Mem. Opp'n Second Mot. 5,6); Springs Indus., Inc. v. Gasson, 923 F. Supp. 822, 827-28 (D.S.C. 1996). Under the law of the Federal Circuit, even if the president and sole owner of a corporation is in control of the corporation, that president may not be subject to personal jurisdiction if he did not disregard the corporate form in

---

[2]The court notes that there is strong authority weighing against this assumption. The Federal Circuit has found that warning letters like those sent by Jif-Pak, standing alone, do not qualify as sufficient minimum contacts to satisfy the due process requirement and subject the sender to personal jurisdiction. See Genetic Implant Sys., Inc. v. Core-Vent Corp., 123 F.3d 1455, 1458 (Fed. Cir. 1997). Moreover, the Federal Circuit has clarified that "[a] patentee should not subject itself to personal jurisdiction in a forum solely by informing a party who happens to be located there of suspected infringement." Red Wing Shoe Co., v. Hockerson -Halberstadt, Inc., 148 F.3d 1355, 1361 (Fed. Cir. 1998); see also Hildebrand v. Steck Mfg. Co., Inc., 279 F.3d 1351, 1356 (Fed. Cir. 2002) ("Fairness and reasonableness demand that a patentee be free to inform a party who happens to be located in a particular forum of suspected infringement without being subjected to a law suit in that forum.") In this case, the warning letters Jif-Pak sent were not even to South Carolina, but rather that the economic effects of the letters were felt by PCM in South Carolina. Such effects likely fail to constitute sufficient minimum contacts. See IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 261-66 (3d Cir. 1998).

participating in the allegedly wrongful conduct. See Genetic Implant, 123 F.3d at 1459-60.

Regardless, even if the court assumes that it has personal jurisdiction over Neil Mintz, the

president of Jif-Pak, there is no evidence which supports a finding of jurisdiction over Marcus

Mintz.

PCM alleges that "Marcus Mintz is with JIF-PAK Industrial Knitting, presumably an

affiliate of JIF-PAK Manufacturing, Inc. Discovery is needed concerning the relationship

between the JIF-PAK entities and Marcus Mintz' role in each company." (Pl.'s Mem. Opp'n

Second Mot. 5 n.6.) In Marcus Mintz's sworn declaration, Mintz resolves any need for

jurisdictional discovery. Marcus Mintz declares that he is a co-owner of the '148 patent and a

resident of California, with no residence, real property, personal property, mailing address, or

telephone number in South Carolina. (Defs.' Reply Supp. Second Mot. Ex. 1 (Marcus Mintz

Decl. ¶¶ 1, 3, 4, 5, 7, 9, 10).) Moreover, he has no driver's license for South Carolina, and

he is not an officer or director of any business organized under the laws of South Carolina.

(Id. (Marcus Mintz Decl. ¶¶ 6, 8).) Additionally, he declares that he has never traveled to

South Carolina for business, nor has he traveled to South Carolina for pleasure within the last

ten years. (Id. (Marcus Mintz Decl. ¶¶ 11, 12).)

Although he admits to being a thirty-percent shareholder of Jif-Pak, Marcus Mintz

further declares that he retired from work at Jif-Pak and has not been involved in the

company's business for over 5 years. (Id. (Marcus Mintz Decl. ¶¶ 13, 14).) With respect to

PCM's questions about Jif-Pak Industrial Knitting, Inc., Marcus Mintz stated in his affidavit

that Jif Pak Industrial Knitting Inc. closed all operations and ceased doing business in July

2002. (Id. (Marcus Mintz Decl. ¶ 15).) Finally, and most significantly, Marcus Mintz

9

declared, "I was not at all involved in sending letters to or contacting any businesses regarding Plaintiff's infringement of the '148 patent."  (Id. (Marcus Mintz Decl. ¶ 16).)

Upon careful review of the parties' submissions, the court concludes that, at a minimum, exerting personal jurisdiction over Marcus Mintz fails to satisfy the requirements of due process and haling him into this court would not comport with fair play and substantial justice. See Burger King Corp., 471 U.S. at 476. Because it determines that Marcus Mintz is an indispensable party as set forth below and that the case cannot go forward in South Carolina without him, the court need not make a final determination as to whether it lacks personal jurisdiction over Neil Mintz as well.

### B. Necessary and Indispensable Party

Given that the court lacks personal jurisdiction over Marcus Mintz, the court cannot permit the instant action to go forward, as Marcus Mintz is a necessary and indispensable party to the litigation under Rule 19 of the Federal Rules of Civil Procedure. Rule 19 states in pertinent part:

> A person . . . shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. P. 19(a). In determining whether a patentee is indispensable to suit such that a licensee must join the patentee in bringing an infringement action, "one must ascertain the intention of the parties and examine the substance of what was granted [to the licensee]."

10

Vaupel Textilmaschinen KG v. Meccanica Euro Italia S.P.A., 944 F.2d 870, 874 (Fed. Cir. 1991).

The Mintzs, as co-owners of the '148 patent, are indispensable parties to litigation involving its alleged infringement because they gave an informal, nonexclusive license to Jif-Pak to use the patented technology. In Abbott Laboratories v. Diamedix Corp., 47 F.3d 1128, 1131-32 (Fed. Cir. 1995), the Federal Circuit considered whether the district court had denied the patent owner's attempt to intervene in a patent action brought by the nonexclusive licensee of its patent. The Federal Circuit resolved the question by first asking "whether a licensee . . . has the statutory right to bring an action for infringement without joining the patent owner . . . ." Id. at 1130. The court concluded that "a bare licensee, who has no right to exclude others from making, using, or selling the licensed products, has no legally recognized interest that entitles it to bring or join an infringement action." Id. at 1131.

PCM argues that the Mintzs are not indispensable parties because Jif-Pak has an exclusive license to the patent. The evidence weighs conclusively against PCM's position, however. It is undisputed that the Mintzs are the registered owners of the patent. Moreover, each of them has declared in a sworn declaration that there is an informal agreement with Jif-Pak, and that the agreement makes Jif-Pak a nonexclusive licensee of the patent. (Defs.' Mem. Supp. Second Mot. Ex. 1 (Marcus Mintz Decl. ¶¶ 5-6 ) & Ex. 2 (Neil Mintz Decl. ¶¶ 5-7).) As such, the Mintzs could license their patent to another manufacturer at any time, should they choose.

Additionally, the evidence which PCM has adduced does not undermine the Mintzs' sworn declarations of the Mintzs as to the nature of their agreement with Jif-Pak. PCM relies

heavily upon Jif-Pak's assertion in the March Letter to SFK that Jif-Pak owns the '148 patent.[3]
However, shortly after being served with PCM's complaint, Jif-Pak's attorney recognized his
inadvertent mistake and contacted SFG's counsel via letter to inform him that Jif-Pak owned
merely a license to use the '148 patent, and the Mintzs were the owners. While it is
unfortunate that PCM likely relied on Jif-Pak's attorney's mistake in bringing its initial action
solely against Jif-Pak in South Carolina, this does not undermine the Mintzs' sworn
declarations as to the nature of the license Jif-Pak has to use the '148 patent or that Jif-Pak
promptly notified SFG of its error.

    PCM further contends that numerous representations Jif-Pak makes on its website,
such as Jif-Pak's owning the trademark for Casing-Net, the mark under which the patented
technology is sold, undermine the Mintzs' declarations. The court is unpersuaded. These
representations are consistent with Jif-Pak being the licensee, indeed the only licensee at
present, to have developed and marketed the '148 patent. While PCM may be correct that it
is unlikely that the Mintzs would grant another company rights to use the '148 patent due to
the Mintzs' interests in Jif-Pak, that does not change the fact that they <u>could</u> grant such a
license if they so chose.

---

    [3]PCM alleges that Jif-Pak sent the March Letter to other PCM customers. (Pl.'s Mem.
Opp'n Mot. Dismiss 1-2, 4-5.) It appears, however, that Jif-Pak erroneously represented that
it was the owner of the '148 patent only to SFC, as PCM asserts, "JIF-PAK wrote a letter to
<u>one</u> of Package Concepts [sic] customers . . . [declaring that] JIF-PAK Manufacturing, Inc. is
the owner of the '148 patent . . . ." (<u>Id.</u> 10 (emphasis added)). PCM attached only the March
Letter from Jif-Pak to SFG, and the defendants have similarly attached only a copy of the
letter from Jif-Pak's counsel to SFG in which Jif-Pak's counsel rectified his mistake. (Defs.'
Mem. Supp. Second Mot. Ex. 3 (Letter from John L. Haller to Mark Gray of 3/9/05 at 1).)
Nonetheless, PCM's allegations are ambiguous as to whether all of the March Letters
contained the mistake or just the letter to SFG.

In sum, the Federal Circuit's approach and holding in <u>Abbott Laboratories</u> instructs the court here; just as Jif-Pak could not bring a suit for infringement of the '148 patent without the patent owners, PCM cannot proceed against a non-exclusive licensee, Jif-Pak, in its declaratory judgment action under the facts before the court. See <u>Zumbro, Inc. v. California Natural Prods.</u>, 861 F. Supp. 773, 783 (D. Minn. 1994) (agreeing with other courts that "a patent holder--even one who holds a patent with another party--is an indispensable party in a declaratory judgment action challenging the patent's validity and enforcement.")[4]

### III. CONCLUSION

As set forth above, the court lacks personal jurisdiction over Marcus Mintz. Because he is an indispensable party to this litigation, PCM's declaratory judgment action may not proceed in this district. Rather than dismiss for lack of jurisdiction, however, the court finds that it is in the interests of justice to transfer the case to the United States District Court for the Southern District of California, where all of the claims may be adjudicated. "[S]ection 1406(a) has been interpreted to authorize transfers in cases where venue is proper but personal jurisdiction is lacking or some other impediment exists that would prevent the action from

---

[4]PCM relies upon <u>Capri Jewelry, Inc. v. Hattie Carnegie Jewelry Enterprises, Ltd.</u>, 539 F.2d 846, 847 (2d Cir. 1976), <u>Micro-Acoustics Corp. v. Bose Corp.</u>, 493 F. Supp. 356 (S.D.N.Y. 1980), and <u>Independent Wireless Telephone Co. v. Radio Corp. of America</u>, 269 U.S. 459 (1926), for the proposition that this court could proceed without the Mintzs in this litigation. However, <u>Independent Wireless</u> predated Rule 19, and <u>Capri Jewelry</u> and <u>Micro Acoustics</u> were considering dismissal under Rule 19 and predated the Federal Circuit's decision in <u>Genentech</u>, in which the court expressly permitted a district court to <u>transfer</u> the case to another district if the transferring court lacked jurisdiction over "all necessary or desirable parties." <u>Genentech</u>, 998 F.2d at 938. Hence, even if the Mintzs were not necessary parties under Rule 19, they are "desirable" parties to the litigation, as their interests in the '148 patent are at stake.

going forward in that district." In re Carefirst of Maryland, Inc., 305 F.3d 253, 255-56 (4th

Cir. 2002); see also Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962) (determining that a

district court lacking personal jurisdiction over a defendant may transfer the case under

§ 1406(a)). Because the court determines that a transfer pursuant to § 1406(a) is proper,[5] the

court need not further consider arguments in support of transferring the case pursuant to

§ 1404.

---

    [5]The court notes that a transfer under § 1406 may also be warranted due to improper venue. PCM's argument that South Carolina is the proper venue is solely tied to PCM's alleged economic injury taking place in South Carolina. PCM quotes Millipore Corp. v. University Patents, Inc., 682 F. Supp. 227, 234 (D. Del. 1987), and cites Pennwalt Corp. v. Horton Co., 582 F. Supp. 438, 440 (E.D. Pa. 1984), for the proposition that the venue of a patent infringement action arises "where the alleged infringer is located, receives the damaging charges of infringement, or suffers economic injury as a result of the charges." (Pl.'s Resp. Opp'n Mot. Transfer 3.) No published opinion in the last fifteen years has relied upon Millipore or Pennwalt for the exceedingly broad standard for determining venue that those cases espouse, likely because that standard for determining venue was changed when 28 U.S.C. § 1391(b)(2) was amended, making venue no longer appropriate in the judicial district "in which the claim arose" but rather in "a judicial district in which a *substantial part* of the events or omissions giving rise to the claim occurred." Database Am., Inc. v. Bellsouth Adver. & Publ'g Co., 825 F. Supp. 1216, 1224 (D.N.J. 1993) (internal quotation marks omitted).

It is therefore

**ORDERED** that the Defendants' motion to dismiss for lack of personal jurisdiction is

denied.  It is

**ORDERED** that this case is transferred to the United States District Court for the

Southern District of California.

**IT IS SO ORDERED.**

s/ Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
November 14, 2005

CLOSED, JURY

# U.S. District Court
## District of South Carolina (Greenville)
## CIVIL DOCKET FOR CASE #: 6:05-cv-01184-HMH

Package Concepts and Materials Inc v. JIF-PAK
Assigned to: Honorable Henry M Herlong, Jr
Cause: 28:1338 Patent Infringement

Date Filed: 04/20/2005
Jury Demand: Both
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

### Plaintiff

**Package Concepts and Materials Inc**          represented by **John B Hardaway, III**
Nexsen Pruet Jacobs and Pollard
PO Box 10648
Greenville, SC 29603
864-370-2211
Fax: 864-282-1177
Email: jhardaway@nexsenpruet.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

### Defendant

**JIF-PAK**          represented by **Bryan Francis Hickey**
Haynsworth Sinkler Boyd
PO Box 2048
Greenville, SC 29602
864-240-3200
Fax: 864-240-3300
Email: bhickey@hsblawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jesse Clyde Belcher, Jr**
Haynsworth Sinkler Boyd
PO Box 2048
Greenville, SC 29602
864-240-3227
Fax: 864-240-3336
Email: jbelcher@hsblawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John L Haller**

Gordon and Rees
101 W Broadway
Suite 1600
San Diego, CA 92101
619-696-6700
Email: jhaller@gordonrees.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Rivers S Stilwell**
Nelson Mullins Riley and Scarborough
PO Box 10084
Greenville, SC 29603-0084
864-250-2300
Fax: 864-250-2284
Email:
rivers.stilwell@nelsonmullins.com
*TERMINATED: 10/21/2005*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Susan B Meyer**
Gordon and Rees
101 W Broadway
Suite 1600
San Diego, CA 92101
619-696-6700
Email: smeyer@gordonrees.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Neil C Jones**
Nelson Mullins Riley and Scarborough
PO Box 10084
Greenville, SC 29603-0084
864-250-2300
Fax: 864-250-2281
Email: neil.jones@nelsonmullins.com
*TERMINATED: 10/21/2005*
*ATTORNEY TO BE NOTICED*

**Scott E Frick**
Haynsworth Sinkler Boyd
PO Box 2048
Greenville, SC 29602
864-240-3200
Email: sfrick@hsblawfirm.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/20/2005 | 1 | COMPLAINT against JIF-PAK ( Filing fee $ 250 receipt number 600002244.) Service due by 8/18/2005, filed by Package Concepts and Materials Inc. (Attachments: # 1 Exhibit 1 Patent Paperwork)(acas, ) (Entered: 04/21/2005) |
| 04/20/2005 | 3 | Local Rule 26.01 Answers to Interrogatories with Jury Demand by Package Concepts and Materials Inc.(acas, ) (Entered: 04/21/2005) |
| 06/30/2005 | 4 | Summons Issued as to JIF-PAK. (kmca) (Entered: 06/30/2005) |
| 07/13/2005 | 5 | CERTIFICATE OF SERVICE by Package Concepts and Materials Inc *Service of Summons, Complaint* (Hardaway, John) (Entered: 07/13/2005) |
| 07/14/2005 | 6 | Deficiency Memo. Incorrect docket entry used. (acas, ) (Entered: 07/14/2005) |
| 07/27/2005 | 7 | MOTION to Dismiss for Lack of Jurisdiction by JIF-PAK. Response to Motion due by 8/15/2005 (Attachments: # 1 Memo in Support Memorandum in Support of Motion to Dismiss# 2 Exhibit Declaration of Marcus Mintz# 3 Exhibit Declaration of Neil Mintz)No proposed order(Jones, Neil) (Entered: 07/27/2005) |
| 07/28/2005 | 8 | Local Rule 26.01 Answers to Interrogatories with Jury Demand by JIF-PAK.(Jones, Neil) (Entered: 07/28/2005) |
| 08/02/2005 | 9 | Case Reassigned to Judge Henry M Herlong, Jr. Judge R Bryan Harwell no longer assigned to the case. (snel) (Entered: 08/02/2005) |
| 08/15/2005 | 10 | RESPONSE in Opposition re 7 MOTION to Dismiss for Lack of Jurisdiction Response filed by Package Concepts and Materials Inc. Reply to Response to Motion due by 8/25/2005 (Attachments: # 1 Exhibit # 2 Exhibit # 3 Exhibit # 4 Affidavit)(Hardaway, John) (Entered: 08/15/2005) |
| 08/15/2005 | 11 | AMENDED COMPLAINT against all defendants Service due by 12/13/2005, filed by Package Concepts and Materials Inc. (Attachments: # 1 Exhibit # 2 Affidavit) (Hardaway, John) (Entered: 08/15/2005) |
| 08/25/2005 | 12 | NOTICE by JIF-PAK *of Withdrawal and Withdrawal of Jif-Pak's Motion to Dismiss Plaintiff's Complaint* (Stilwell, Rivers) (Entered: 08/25/2005) |
| 08/25/2005 | 13 | MOTION to Dismiss for Lack of Jurisdiction by JIF-PAK. Response to Motion due by 9/12/2005 (Attachments: # 1 Memo in Support Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss Plaintiff's First Amended Complaint for Lack of Personal Jurisdiction, Failure to Join an Indispensible Party, and Lack of Subject Matter Jurisdiction# 2 Exhibit John Haller Declaration# 3 Exhibit Marcus Mintz Declaration# 4 Exhibit Neil Mintz Declaration)No proposed order(Stilwell, Rivers) (Entered: 08/25/2005) |

| 08/30/2005 | 14 | MOTION to Appear Pro Hac Vice by John L. Haller and Susan B. Meyer by JIF-PAK. Response to Motion due by 9/19/2005 (Attachments: # 1 Exhibit John Haller pro hac vice application# 2 Exhibit Susan Meyer pro hac vice application)Proposed order is being emailed to chambers with copy to opposing counsel(Stilwell, Rivers) (Entered: 08/30/2005) |
|---|---|---|
| 08/30/2005 | 15 | RECEIPT for pro hac vice motion; #SCX300010943 (sfla) (Entered: 08/30/2005) |
| 08/31/2005 | 16 | TEXT ORDER granting 14 Motion to Appear Pro Hac Vice to allow Susan B Meyer and John L Haller to appear for defendant JIF-PAK. Entered by Judge Henry M Herlong Jr on 8/31/05. (sfla) (Entered: 08/31/2005) |
| 09/12/2005 | 17 | RESPONSE in Opposition re 7 MOTION to Dismiss for Lack of Jurisdiction, 13 MOTION to Dismiss for Lack of Jurisdiction Response filed by Package Concepts and Materials Inc.Reply to Response to Motion due by 9/22/2005 (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C)(Hardaway, John) (Entered: 09/12/2005) |
| 09/22/2005 | 18 | REPLY to Response to Motion re 13 MOTION to Dismiss for Lack of Jurisdiction Response filed by JIF-PAK. (Attachments: # 1 Exhibit Marcus Mintz Declaration# 2 Exhibit Neil Mintz Declaration)(Stilwell, Rivers) (Entered: 09/22/2005) |
| 10/03/2005 | 19 | NOTICE by Package Concepts and Materials Inc *Removal of Stephen J. Shaw as counsel* (Hardaway, John) (Entered: 10/03/2005) |
| 10/04/2005 | 20 | ORDER re 7 MOTION to Dismiss for Lack of Jurisdiction filed by JIF-PAK. Plaintiff is ordered to brief the court concerning its position regarding a transfer of this case to the Southern District of California under either 28 U.S.C. Section 1404 or Section 1406 within fifteen (15) days from the date of this order. The defendants are ordered to reply within ten (10) days of PCM's response. Signed by Judge Henry M Herlong Jr on 10/4/05. (pbog) (Entered: 10/04/2005) |
| 10/13/2005 | 21 | RESPONSE in Opposition re 7 MOTION to Dismiss for Lack of Jurisdiction, 13 MOTION to Dismiss for Lack of Jurisdiction Response filed by Package Concepts and Materials Inc.Reply to Response to Motion due by 10/25/2005 (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E)(Hardaway, John) (Entered: 10/13/2005) |
| 10/14/2005 | 22 | MOTION to Substitute Attorney by JIF-PAK. Response to Motion due by 11/1/2005 No proposed order(Frick, Scott) (Entered: 10/14/2005) |
| 10/14/2005 | 23 | CERTIFICATE OF SERVICE by JIF-PAK re 22 MOTION to Substitute Attorney (Frick, Scott) (Entered: 10/14/2005) |
| 10/21/2005 | 24 | ORAL ORDER granting 22 Motion to Substitute Attorney. Added attorney Bryan Francis Hickey for JIF-PAK, Jesse Clyde Belcher, Jr for JIF-PAK. Entered by Judge Henry M Herlong Jr on 10/21/05. (sfla) (Entered: 10/21/2005) |

| | | |
|---|---|---|
| 10/26/2005 | 25 | REPLY by JIF-PAK to 20 Order,. (Attachments: # (1) Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E)(Frick, Scott) Modified on 10/27/2005 to remove Exhibit A - Exhibit refiled with correct PDF(awil, ). (Entered: 10/26/2005) |
| 10/27/2005 | | ENTRY DELETED Exhibit A to #25 Reply Reason Deleted: Exhibit A was 3 blank pages. Correction must be re-filed within 1 working day as Additional Attachments to Main Document found under "Other Documents." Specific Document due by 10/27/2005. (awil) (Entered: 10/27/2005) |
| 10/27/2005 | 26 | Additional Attachments - Exhibit A - to Main Document 25 Reply(Do not use this event to reply to a Motion). (Frick, Scott) Modified on 10/27/2005 to edit text (awil, ). (Entered: 10/27/2005) |
| 11/14/2005 | 27 | ORDER denying 13 Motion to Dismiss for Lack of Jurisdiction and transferring the case to the United States District Court for the Southern District of California. Signed by Judge Henry M Herlong Jr on Nov. 14, 2005. (pcoy, ) (Entered: 11/14/2005) |
| 11/14/2005 | | Case transferred to District of Southern California. (awil) (Entered: 11/15/2005) |

## PACER Service Center

### Transaction Receipt

| 11/30/2005 18:58:00 | | | |
|---|---|---|---|
| PACER Login: | ud0077 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 6:05-cv-01184-HMH |
| Billable Pages: | 3 | Cost: | 0.24 |

**6:05-cv-01184-HMH** Package Concepts and Materials Inc v. JIF-PAK
Henry M Herlong, Jr, presiding
**Date filed:** 04/20/2005
**Date terminated: 11/14/2005 Date of last filing:** 11/14/2005

# History

| Doc. No. | Dates | | Description |
|---|---|---|---|
| 1 | *Filed:* *Entered:* | 04/20/2005 04/21/2005 | Complaint |
| 3 | *Filed:* *Entered:* | 04/20/2005 04/21/2005 | Local Rule 26.01 Answers to Interrogatories |
| 4 | *Filed & Entered:* | 06/30/2005 | Summons Issued |
| 5 | *Filed & Entered:* | 07/13/2005 | Certificate of Service |
| 6 | *Filed & Entered:* | 07/14/2005 | Deficiency Memo |
| 7 | *Filed & Entered:* *Terminated:* | 07/27/2005 08/25/2005 | Motion to Dismiss/Lack of Jurisdiction |
| 8 | *Filed & Entered:* | 07/28/2005 | Local Rule 26.01 Answers to Interrogatories |
| 9 | *Filed & Entered:* | 08/02/2005 | Case Reassigned |
| 10 | *Filed & Entered:* | 08/15/2005 | Response in Opposition to Motion |
| 11 | *Filed & Entered:* | 08/15/2005 | Amended Complaint |
| 12 | *Filed & Entered:* | 08/25/2005 | Notice Other |
| 13 | *Filed & Entered:* *Terminated:* | 08/25/2005 11/14/2005 | Motion to Dismiss/Lack of Jurisdiction |
| 14 | *Filed & Entered:* *Terminated:* | 08/30/2005 08/31/2005 | Motion to Appear Pro Hac Vice |
| 15 | *Filed & Entered:* | 08/30/2005 | Receipt |
| 16 | *Filed & Entered:* | 08/31/2005 | Order on Motion to Appear Pro Hac Vice |
| 17 | *Filed & Entered:* | 09/12/2005 | Response in Opposition to Motion |
| 18 | *Filed & Entered:* | 09/22/2005 | Reply to Response to Motion |
| 19 | *Filed & Entered:* | 10/03/2005 | Notice Other |
| 20 | *Filed & Entered:* | 10/04/2005 | Order |
| 21 | *Filed & Entered:* | 10/13/2005 | Response in Opposition to Motion |
| 22 | *Filed & Entered:* *Terminated:* | 10/14/2005 10/21/2005 | Motion to Substitute Attorney |
| 23 | *Filed & Entered:* | 10/14/2005 | Certificate of Service |
| 24 | *Filed & Entered:* | 10/21/2005 | Order on Motion to Substitute Attorney |

| 25 | *Filed & Entered:* | 10/26/2005 | ❷ Reply(Do not use this event to reply to a Motion) |
|----|----|----|----|
| -- | *Filed & Entered:* | 10/27/2005 | ❷ Entry Deleted |
| 26 | *Filed & Entered:* | 10/27/2005 | ❷ Additional Attachments to Main Document |
| -- | *Filed:* *Entered:* | 11/14/2005 11/15/2005 | ❷ Case Transferred Out to Another District |
| 27 | *Filed & Entered:* | 11/14/2005 | ❷ Order on Motion to Dismiss/Lack of Jurisdiction |

| **PACER Service Center** | | |
|----|----|----|
| **Transaction Receipt** | | |
| 11/30/2005 11:19:33 | | |
| **PACER Login:** | ud0077 | **Client Code:** | |
| **Description:** | History/Documents | **Search Criteria:** | 6:05-cv-01184-HMH |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**



| | |
|---|---|
| PACKAGE CONCEPTS & MATERIALS, INC.,<br><br>       Plaintiff,<br><br>  vs.<br><br>JIF-PAK.,<br><br>       Defendant. | Case No.  **6 - 0 5 - 1 1 8 4 - RBH**<br><br>**COMPLAINT**<br><br>Jury Trial Requested |

## COMPLAINT

### Parties

1.　Plaintiff, PACKAGE CONCEPTS & MATERIALS (hereinafter "Plaintiff" or "PCM"), is a corporation organized under the laws of the State of South Carolina, and maintains its principal place of business at 1023 Thousand Oaks Blvd., Greenville, South Carolina 29607.

2.　Defendant, JIF-PAK, is upon information and belief a corporation organized under the laws of the State of California, and maintains its principal place of business at 1451 Engineer Street, Vista, California 92083.

### Jurisdiction and Venue

3.　This is an action for declaratory judgment of invalidity and non-infringement of U.S. Patent No. 5,413,148 (the "'148 patent). Jurisdiction of this Court arises under the Declaratory Judgment Act, Title 28, United States Code Sections 2201-2202, and under the laws of the United States concerning actions related to patents, Title 28, United States Code, Sections 1331 and 1338(a).

4.      This court has personal jurisdiction over the Defendant under the provisions of South
Carolina Code §§ 36-2-802, 36-2-803 and 36-2-805.

5.      Venue lies in this Judicial District under Title 28, United States Code, Section 1391(b)-
(c) on the grounds that a substantial part of the events or omissions giving rise to the claim
occurred in this District.

## COUNT ONE
### (Declaratory Judgment – Noninfringement - U.S. Patent No. 5,413,148)

6.      On May 9, 1995, U.S. Patent No. 5,413,148 issued for a "Casing structure for encasing
meat products" (Attachment A).

7.      Plaintiff has made, offered for sale and/or sold certain stockinette devices in the United
States since the issuance of the '148 patent.

8.      Defendant has made written assertions that Plaintiff's customer, Specialty Foods Group,
Inc., is infringing the '148 patent because Specialty Foods Group is using an infringing product
manufactured by Plaintiff. Based on Defendant's assertions, Plaintiff has a reasonable
apprehension of being sued for infringement of the '148 patent. Accordingly, there is a present
and continuing justiciable controversy between Plaintiff and Defendant as to Defendant's right to
threaten or maintain suit for infringement of the '148 patent, and as to the validity and scope
thereof, and as to whether any of Plaintiff's products infringe any valid claim thereof.

9.      No valid claim of the '148 patent is infringed by any of Plaintiff's products.

## COUNT TWO
### (Tortious Interference with Contract)

10.     Plaintiff incorporates by reference paragraphs 1-9 of this Complaint as if fully set forth
herein.

NPGVL1:227308.1-SC-(SJS) 017700-00003

11.     Plaintiff has contracts with Specialty Foods Group, who in turn has contracts with customers for products incorporating Plaintiff's stockinette devices.

12.     Defendant has knowledge of the aforementioned contracts.

13.     Upon information and belief, Defendant is notifying Plaintiff's customers that Plaintiff is infringing upon Defendant's patent. Upon information and belief, this has directly caused breaches of contract. Upon information and belief, Defendant, by its actions, is intentionally procuring the aforementioned breaches of contract.

14.     Defendant has no justification for its intentional interference with contract.

15.     Plaintiff has been damaged as a result of Defendant's intentional acts.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays:

A.      For entry of judgment that United States Patent No. 5,413,148 is invalid; that the manufacture, use, sale, offer for sale and/or importation of Plaintiff's stockinette devices do not infringe; and have not at any time infringed, the '148 patent; and that Defendant is without any right or authority to threaten or to maintain suit against Plaintiff or its customers for alleged infringement of the '148 patent.

B.      For entry of an injunction enjoining Defendant, its agents, employees, assignees and attorneys, and those persons in active concert or participation with Defendant, from initiating infringement litigation and from threatening Plaintiff, any of its related companies, any of its prospective or present customers, dealers, agents, employees, vendors, suppliers, or owners or users of Plaintiff's stockinette devices with infringement litigation, and from charging any of them wither verbally or in writing with infringement of the '148 patent because of the manufacture, use, offer for sale, sale, or importation of Plaintiff's stockinette devices.

NPGVL1:227308.1-SC-(SJS) 017700-00003

C.  For entry of judgment for Plaintiff on the count of Tortious Interference with Contract.

D.  For entry of judgment for costs and reasonable attorneys' fees incurred by Plaintiff

E.  Grant Plaintiff such other and further relief as is just and proper.


_____
John B. Hardaway III (Fed. Bar No. 1710)
NEXSEN PRUET, LLC
201 West McBee Avenue, Suite 400
Post Office Drawer 10648
Greenville, South Carolina 29603
864-370-2211

Attorneys for Plaintiff

April 20, 2005
Greenville, South Carolina

4

US005413148A

# United States Patent [19]

Mintz et al.

[11] Patent Number: 5,413,148

[45] Date of Patent: May 9, 1995

[54] **CASING STRUCTURE FOR ENCASING MEAT PRODUCTS**

[76] Inventors: **Marcus Mintz**, 5040 Hampton Ave., Montreal, Quebec, Canada, H3X 3P7; **Neil Mintz**, 3101 Del Rey Ave., Carlsbad, Calif. 92009

[21] Appl. No.: **177,800**

[22] Filed: **Jan. 6, 1994**

### Related U.S. Application Data

[63] Continuation of Ser. No. 886,280, May 20, 1992, abandoned, which is a continuation-in-part of Ser. No. 838,355, Feb. 19, 1992, abandoned.

[51] Int. Cl.⁶ .................... F16L 11/00; A22C 13/00
[52] U.S. Cl. .................... 138/118.1; 428/34.8; 428/36.1
[58] Field of Search .................... 138/118.1, 123, 124; 428/36, 158, 159, 34.1, 34.3, 34.8; 426/105; 66/178 R, 180, 181, 201, 202

[56] **References Cited**

#### U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 698,499 | 4/1902 | Hirner | 66/180 |
| 1,505,318 | 8/1924 | Sartori | 452/35 |
| 1,981,057 | 11/1934 | Lombardi | 66/180 |
| 2,289,302 | 7/1942 | Bradshaw | 66/195 |
| 2,366,710 | 1/1945 | Dimond | 138/118.1 |
| 2,375,474 | 5/1945 | Holmes et al. | 66/180 |
| 2,500,759 | 3/1950 | Largman | 66/180 |
| 2,977,782 | 4/1961 | Sheek | 66/178 R |
| 3,159,990 | 12/1964 | Monday | 66/180 |
| 3,448,595 | 6/1969 | Beltzer et al. | 66/195 |
| 3,639,130 | 2/1972 | Eichin et al. | 138/118.1 |
| 4,621,482 | 11/1986 | Crevasse et al. | 53/439 |
| 4,690,843 | 9/1987 | Inagaki | 138/118.1 |
| 4,967,798 | 11/1990 | Hammer et al. | 426/105 X |
| 5,043,194 | 8/1991 | Siebrecht et al. | 428/34.8 |

#### FOREIGN PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 726424 | 1/1966 | Canada | 53/439 |
| 0303328 | 2/1989 | European Pat. Off. | |
| 106965 | 5/1984 | Germany | 138/118.1 |
| 7614318 | 7/1977 | Netherlands | |
| 9001395 | 1/1992 | Netherlands | |
| 594359 | 9/1977 | Switzerland | |
| WO9010576 | 9/1990 | WIPO | |

*Primary Examiner*—David A. Scherbel
*Assistant Examiner*—Patrick F. Brinson
*Attorney, Agent, or Firm*—Fishman, Dionne & Cantor

[57] **ABSTRACT**

A stockinette member is formed of closely knit or woven threads. A netting arrangement is integrally formed with the stockinette member. The netting arrangement may either be knit in with the stockinette member or the strands of the netting arrangement may be laid in.

**8 Claims, 3 Drawing Sheets**



U.S. Patent

May 9, 1995

Sheet 1 of 3

5,413,148



*Fig. 5*



*Fig. 1*



*Fig.2*



*Fig. 3*



*Fig. 4*

5,413,148

**1**

CASING STRUCTURE FOR ENCASING MEAT
PRODUCTS

CROSS-REFERENCE TO RELATED
APPLICATION

This is a continuation of application Ser. No.
07/886,280 file on May 20, 1992, now abandoned,
which is a continuation-in-part of application Ser. No.
07/838,355 filed on Feb. 19, 1992 now abandoned.

BACKGROUND OF INVENTION

1. Field of the Invention

The invention relates to a casing structure for encasing meat products. More specifically, the invention relates to such a casing structure which comprises a stockinette with an integrally formed netting arrangement.

2. Description of Prior Art

It is known in the meat encasing art to encase meat and poultry products, especially during the cooking and/or smoking process, such as hams, poultry and the like, in netting arrangements. Such netting arrangements typically comprise a plurality of equally sized squares made of cotton or poly, and an elasticized strand material in the tubular form. The meat products are stuffed into the tubes such that the elasticized material is under tension, and the two ends of the tube of netting are then closed.

Because the meat product is stuffed into the tube with the elasticized material under tension, the strands tend to push back into the meat product to form squared indentations on the outer surface of the meat product. The meat product bulges out between the strands on either side of the indentations giving a desirable "checkerboard" pattern on the surface.

One of the problems in the art is that the product which bulges out between the strands can also bulge laterally whereby they will overlap and, cover, at least some of the strands. This makes it difficult to peel the netting off the meat product, especially when the bulges on either side of the strand bulge towards each other.

In the latter case, and taking into account the fact that the meat product contains binding materials, when the bulges on either side of a strand, bulging towards each other, physically contact each other, they can bind together so that it will be necessary to break the surface of the meat product at the binding points to peel the netting off the surface of the meat product.

One solution to these problems is to use a collagen film in association with the netting arrangement. The collagen film underlies the netting and overlies the outer surface of the meat product. The collagen film provides some restrictions on the bulging meat as it will permit the underlying meat product to bulge only upwardly, but it will substantially prevent the meat product from bulging laterally, so that the elasticized strands forming the netting will not be covered by laterally spreading bulges, thereby preventing the binding of the meat product to the netting. The binding of the meat is to be the collagen. The meat product is sold to the consumer with the collagen covering. In addition, the intervention of the collagen film will prevent the bulges from binding to each other.

While the collagen film overcomes the above problems, it presents a different problem, namely, high costs. Collagen film, on a per unit basis, costs approximately four times as much as the netting arrangement so that

**2**

the cost of casing meat products using a collagen film and netting arrangement combination is seriously increased.

In addition, when the collagen film is used, air bubbles can form between the outer surface of the meat product and the collagen film. This causes an unattractive appearance in the meat product, especially when the meat product is cooked.

To overcome the above problems, a stockinette has been devised which takes the place of a collagen film in the above-described combination. The stockinette is a closely knit or closely woven tubular member knit or woven of threads comprising, for example, cotton, polyester, nylon or other suitable materials. Because the stockinette is knit or woven, it is stretchable and has openings. As it is closely knit or woven, the openings are very small. This finely knit stockinette acts to restrict the meat particles from penetrating through, thereby resisting the stockinette to be stuck to the meat product. However, the stockinette is porous enough to have the benefit of allowing easy smoke penetration into the meat product. Additionally, the stockinette can be treated with various solutions (for example, liquid smoke, oils, acid solutions, etc.), or coated with a film (for example, cellulose), to further enhance the peelability, if required. Also with the stockinette, air bubbles between the outer surface of the meat product and the stockinette are substantially eliminated. In addition, the cost of the stockinette per unit is substantially less than the cost of the collagen film.

However, the stockinette and netting arrangement combination is still relatively expensive, and it also requires a two-step stuffing process, i.e., the meat product is first stuffed in the stockinette and then the meat product and stockinette are stuffed into the netting arrangement.

SUMMARY OF INVENTION

It is therefore an object of the invention to provide a casing structure for encasing meat products which overcomes the disadvantages of prior art casing structures.

It is a more specific object of the invention to provide such a casing structure which incorporates both the netting arrangement function for appearance and the ability to be easily removed from the meat after cooking.

In accordance with the invention, the casing structure comprises a stockinette member with an integrally formed netting arrangement.

The stockinette member is produced in tubular form.

The netting arrangement may be formed of elasticized strands or knitted or woven strands.

In accordance with the invention there is provided an elongated tubular casing structure for encasing meat products, the elongated structure having a longitudinal direction and a transverse lateral direction. The casing structure of the invention comprises:

a stockinette member comprising a closely knit tubular member formed of closely knit threads and having a first stretch capacity

a knitted netting arrangement having a second stretch capacity and comprising a first plurality of spaced strands extending in the longitudinal direction and a second plurality of spaced strands extending in the lateral direction;

5,413,148

3

the longitudinal and lateral strands. of the netting arrangement each intersecting in locking engagement with one another to form a grid-like pattern comprising a plurality of four-sided shapes;

the strands of the netting arrangement being knit into the threads of the stockinette member, whereby the netting arrangement and the stockinette member are integrally formed so that the casing structure comprises an integrally formed structure;

the first stretch capacity being greater than the second stretch capacity;

whereby, when a meat product is stuffed into the casing structure under pressure, the meat product forms a bulge within each of the four-sided shapes to thereby define a checker-board pattern on the surface thereof, the stockinette member forming a shield to prevent the adherence of adjacent meat product bulges over the strands of the netting arrangement.

## BRIEF DESCRIPTION OF DRAWINGS

The invention will be better understood by an examination of the following description, together with the accompanying drawings in which:

FIG. 1 illustrates one embodiment of a casing structure in accordance with the invention;

FIG. 2 is a blow-up of a portion of FIG. 1 illustrating a second embodiment of the invention;

FIG. 3 is a blown-up view of a portion of FIG. 1 showing the lateral strand in its rest position;

FIG. 4 is the same view as FIG. 3 but showing the lateral strand in its "stretched" position; and

FIG. 5 illustrates how the casing structure looks when stuffed with the meat product.

## DESCRIPTION OF PREFERRED EMBODIMENTS

Referring to the single drawing, a casing structure in accordance with the invention, illustrated generally at 1, comprises a stockinette 3 formed of closely knit or woven threads. The threads may comprise cotton, polyester, nylon or other suitable materials. As can be seen, the stockinette is tubular in shape.

Formed integrally with the stockinette are equally spaced longitudinal strands 5 and equally spaced lateral strands 7. The strands may comprise elasticized material 45 laid into the stockinette. In a particular embodiment, the elasticized material comprises rubber which is laid in under tension. The longitudinal strands may be laid in every twelve stitches while the lateral strands may be laid in every 12 courses. Thus, the netting arrangement consisting of the strands 5 and 7 is integrally formed with the stockinette to form the inventive casing structure.

In an alternate embodiment, the strands of the netting arrangement are knit into the stockinette of the same threads which form the stockinette. To form the lateral strands 7 of the netting arrangement in the latter embodiment, twelve loose courses are first knit and then two tighter courses. The twelve loose courses comprise the stockinette while the two tighter courses comprise a lateral strand of the netting arrangement. By making the courses tighter, the strand thus formed is less elastic than the strands of the looser courses.

The above is repeated over fourteen course cycles so that each lateral strand of the netting arrangement is separated from adjacent strands by fourteen courses. As shown, the longitudinal strands 5 and lateral strands 7 cross each other to form square or four-sided shapes.

4

To form the longitudinal strands, the machine is set so that it knits three courses on high butt only and a fourth course on both low butt and high butt. One way of doing this is, of course, to have four cams, three of which are set on high butt and one of which is set on both low butt and high butt. The needles are then arranged so that a predetermined number are set on high butt and a smaller predetermined number are set on low butt. For example, twenty needles could be set on high butt and two on low butt. This cycle is repeated all around each course.

With this arrangement, the two needles set on low butt will cast off only every fourth course so that, in each cycle of twenty-two stitches, twenty will be knit on every course and two will be knit on every fourth course only. The two latter stitches will form the longitudinal strands of the netting arrangements which will accordingly be separated from each other by twenty of the former stitches.

As will be obvious, the spacing between both longitudinal and lateral strands would be varied according to need. The spacing given in the examples above was only to provide a clearer description, and the invention is not restricted to the above spacing.

Turning now to FIG. 2, in accordance with a further embodiment of the invention, each of the lateral strands 7 includes a plurality of loops 9 extending in the longitudinal direction. As can also be seen, each loop is interlaced with an adjacent preceding loop and an adjacent following loop, and the interlaced aligned loops form the longitudinal strands 5. The material for forming the strands in the FIG. 2 embodiment can be made of either elasticized or non-elasticized yarn.

As the same yarns are creating both the lateral and longitudinal strands, when the netting arrangement is pulled in the lateral direction (i.e., at the larger diameter portion of the meat product), then the loops 9 will shorten (shown generally at 11 in FIG. 5) and the remainder of the lateral lengths will lengthen, so that a certain amount of stretch is provided even if non-elastic material is used in the formation of the netting arrangement. As seen in FIG. 5, this versatility allows for a naturally shaped product to be formed, in which the center of the meat product has a larger diameter than the ends.

The finely knit stockinette is knit so that it stretches more than the integrally formed netting arrangement so that the meat will be forced to bulge outwardly between the lateral and longitudinal strands, when the casing structure is applied with pressure onto the meat product.

The following is an example of how to construct the casing structure as illustrated in FIG. 2 using arbitrary variables:

### Example

Using a 24 feed, 3 track jersey single knit machine consisting of 400 needles.

Feed #1 feeds the heavy yarn (from which the square netting pattern will be formed).

Feeds #2-24 feed the fine yarns (from which the tightly knit stockinette will be formed).

A set of needles are selected at the positions that a longitudinal strand is desired. For example, if 25 evenly spaced longitudinal strands are desired, every 16th needle will be selected (440/25=16). We will call this needle set "A" (needle #1, 16, 32, 48 . . . 384).

5,413,148

5

Needle set "A" will knit only on Feed #1. Needle set "A" will not knit on Feeds 2-24; i.e., welt stitch. However, all needles but set "A" will knit on Feeds 2-24.

At Feed #1, in addition to needle set "A", additional needles can be selected to knit (alternatively can be laid in) the heavy yarn into stockinette 3, forming the lateral strands 7. This is done to draw in more of the heavy yarn as is required depending on the size of the product required. This same heavy yarn is, of course, acting as both the longitudinal and lateral strands 5 and 7.

This additional set of needles can, for example, consist of every third needle; i.e., needle #4, 7, 10, 13 . . . ). Even though these needles are creating stitch loops 10 as seen in diagram #3, it is essential that when the meat product is stuffed firmly into the netting, the heavy yarn will be pulled tight causing these little loops to disappear (see diagram #4) so that the heavy yarn will be firmly pressed against the product.

The finely knit stockinette 3 is intentionally sized larger (i.e., can be stretched more) than the integrally formed netting pattern to allow the meat to bulge through the large square openings while the net pattern actually restricts the product, thereby being the determining factor of the product size.

The stockinette 3 would also be intentionally a size larger than the integrally formed netting pattern in the FIG. 1 embodiment for the same reasons.

The casing structure may be coated with a liquid such as liquid smoke a-non-toxic, acid solution (e.g., vinegar) or oils etc. The casing structure may also be coated with a smoke permeable film, for example, cellulose.

Although particular embodiments have been described, this was for the purpose of illustrating, but not limiting, the invention. Various modifications, which will come readily to the mind of one skilled in the art, are within the scope of the invention as defined in the appended claims.

We claim:

1. An elongated tubular casing structure for encasing meat products, said elongated structure having a longitudinal direction and a transverse lateral direction, said casing structure comprising:

a stockinette member comprising a closely knit tubular member formed of closely knit threads and having a first stretch capacity;

a knitted netting arrangement having a second stretch capacity and comprising a first plurality of spaced strands extending in said longitudinal direction and a second plurality of spaced strands extending in said lateral direction;

the longitudinal and lateral strands of said netting arrangement each intersecting in locking engage-

6

ment with one another to form a grid-like pattern comprising a plurality of four-sided shapes;

said strands of said netting arrangement being knit into the threads of said stockinette member, whereby said netting arrangement and said stockinette member are integrally formed so that said casing structure comprises an integrally formed structure;

said first stretch capacity being greater than said second stretch capacity;

whereby, when a meat product is stuffed into said casing structure under pressure, said meat product forms a bulge within each of said four-sided shapes to thereby define a checker-board pattern on the surface thereof, said stockinette member forming a shield to prevent the adherence of adjacent meat product bulges over said strands of said netting arrangement.

2. A casing structure as defined in claim 1 wherein said longitudinal and lateral strands comprise elasticized material.

3. A casing structure as defined in claim 1 wherein each said lateral strand comprises a plurality of loops, each of said loops extending in said longitudinal direction.

4. A casing structure as defined in claim 3 wherein each loop is interlaced with an adjacent preceding loop and an adjacent following loop;

whereby to form a plurality of aligned interlaced loops;

each longitudinal strand comprising one of said aligned interlaced loops.

5. A casing structure as defined in claim 2 wherein the threads of said stockinette member and the strands of said netting arrangement are coated with a liquid selected from the group consisting of liquid smoke, non-toxic acid solutions and oils.

6. A casing structure as defined in claim 4 wherein the threads of said stockinette member and the strands of said netting arrangement are coated with a liquid selected from the group consisting of liquid smoke, non-toxic acid solutions and oils.

7. A casing structure as defined in claim 2 wherein the threads of said stockinette member and the strands of said netting arrangement are coated with a smoke permeable film.

8. A casing structure as defined in claim 4, wherein the threads of said stockinette member and the strands of said netting arrangement are coated with a smoke permeable film.

* * * * *

# UNITED STATES PATENT AND TRADEMARK OFFICE
# CERTIFICATE OF CORRECTION

PATENT NO.  : 5,413,148

DATED     : May 9, 1995

INVENTOR(S) : Marcus Mintz et al

It is certified that error appears in the above-identified patent and that said Letters Patent is hereby corrected as shown below:

Col. 6, line 23, Delete "claim 2" and insert therefor --claim 1--.

Col. 6, line 23, Delete "claim 2" and insert therefor --claim 1--.

Col. 6, line 44, Delete "claim 2" and insert therefor --claim 1--.

Signed and Sealed this

Twentieth Day of February, 1996

Attest:

Attesting Officer

BRUCE LEHMAN

Commissioner of Patents and Trademarks

# UNITED STATES PATENT AND TRADEMARK OFFICE
## CERTIFICATE OF CORRECTION

PATENT NO. : 5,413,148

DATED : May 9, 1995

INVENTOR(S) : Marcus Mintz et al

It is certified that error appears in the above-identified patent and that said Letters Patent is hereby corrected as shown below:

Col. 6, Line 23   Delete "claim 2" and insert therefor --claim 1--.

Col. 6, Line 34   Delete "claim 2" and insert therefor --claim 1--.

Col. 6, Line 44   Delete "claim 2" and insert therefor --claim 1--.

**This certificate supersedes Certificate of Correction issued February 20, 1996.**

Signed and Sealed this

Twenty-third Day of July, 1996

*Attest:*

BRUCE LEHMAN

*Attesting Officer*          *Commissioner of Patents and Trademarks*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

RECEIVED
CLERK OF COURT

2005 APR 20 P 3: 48

U. DIST. OF SOUTH CAROLINA
GREENVILLE, SC

| | |
|---|---|
| PACKAGE CONCEPTS & MATERIALS, INC.,<br><br>        Plaintiff,<br><br>    vs.<br><br>JIF-PAK.,<br><br>        Defendant. | Case No.  6 - 0 5 - 1 1 8 4 - RBH<br><br>**26.01 INTERROGATORIES**<br><br>Jury Trial Requested |

## PLAINTIFF'S RESPONSES TO RULE 26.01 INTERROGATORIES

The Plaintiff, PACKAGE CONCEPTS & MATERIALS, INC., responds to Local Rule 26.01 Interrogatories as follows:

(A)     State the full name, address and telephone number of all persons or legal entities who may have a subrogation interest in each claim and state the basis and extent of said interest.

**RESPONSE**: Plaintiff is aware of none.

(B)     As to each claim, state whether it should be tried jury or nonjury and why.

**RESPONSE**: All claims should be tried by a jury. The Plaintiff has requested and is entitled to have a jury trial.

(C)     State whether the party submitting these responses is a publicly owned company and separately identify: (1) each publicly owned company of which it is a parent, subsidiary, partner, or affiliate; (2) each publicly owned company which owns ten percent or more of the outstanding shares or other indicia of ownership of the of the party; and (3) each publicly owned company in which the party owns ten percent or more of the outstanding shares.

**RESPONSE:** The party submitting these responses is not a publicly owned company.

(D)    State the basis for asserting the claim in the division in which it was filed (or the basis of any challenge to the appropriateness of the division).

**RESPONSE:** The claims were asserted in the Greenville Division because the Plaintiff is a resident of the Greenville, South Carolina area. The Defendant is subject to personal jurisdiction in this district.

(E)    Is this action related in whole or in part to any other matter filed in this District, whether civil or criminal?  If so, provide (1) a short caption and the full case number of the related action; (2) an explanation of how the matters are related; and (3) a statement of the status of the related action.  Counsel should disclose any cases which may be related regardless of whether they are still pending.  Whether cases are related such that they should be assigned to a single judge will be determined by the Clerk of Court based on a determination of whether the cases arise from the same or identical transactions, happenings or events; involve the identical parties; or for any other reason would entail substantial duplication of labor if heard by different judges.

**RESPONSE:** Plaintiff is aware of no other related actions filed in this District.

NPGVL1:227395.1-IG-(SJS) 017700-00003

John B. Hardaway III (Fed. Bar No. 1710)
NEXSEN PRUET, LLC
201 West McBee Avenue, Suite 400
Post Office Drawer 10648
Greenville, South Carolina 29603
864-370-2211

Attorneys for Plaintiff

April 20, 2005
Greenville, South Carolina

NPGVL1:227395.1-IG-(SJS) 017700-00003

Packaging Concepts & Materials, Inc., et. al., Plaintiff(s)
vs.
Jif Pak, et. al., Defendant(s)

**APS Legal Ease**
**(864) 235-3426**

601 E. McBee Ave., Suite 210
Greenville, SC 29601

## AFFIDAVIT OF SERVICE — Corporate

Service of Process on:

NEXSEN, PRUET, JACOBS & POLLARD
Ms. Bridgid D. Mullins
P.O. Drawer 10648
Greenville, SC 29603

–Jif-Pak
Court Case No. 6-05-1184-RBH

State of: _CALIFORNIA_ ) ss.

County of: _SAN DIEGO_ )

Name of Server:    _MICHAEL CUNNINGHAM_ , undersigned, being duly sworn, deposes and says that at the time of service, s/he was over the age of twenty-one, was not a party to this action;

Date/Time of Service:    that on the _7th_ day of _JULY_ , 20 _05_ , at _8:49_ o'clock _A.M._

Place of Service:    at _1451 ENGINEER ST._ , city of _VISTA_ , state of _CALIF._

Documents Served:    the undersigned served the documents described as:

Summons in a Civil Action

Complaint

Attachments

Plaintiff's Responses to Rule 26.01 Interrogatories

Service of Process on:    A true and correct copy of the aforesaid document(s) was served on:
**Jif-Pak**

Person Served, and
Method of Service:    By delivering them into the hands of an officer or managing agent whose name and title is: _KRIS SINDERHOLM – C.O.O./C.F.O._

Description of
Person Receiving
Documents:    The person receiving documents is described as follows:

Sex _M_ ; Skin Color _WHITE_ ; Hair Color _BLACK_ ; Facial Hair _NO_
Approx. Age _49_ ; Approx. Height _6'1"_ ; Approx. Weight _195_

To the best of my knowledge and belief, said person was not engaged in the US Military at the time of service.

Signature of Server:    Undersigned declares under penalty of perjury that the foregoing is true and correct.

Subscribed and sworn to before me this _7th_ day of _July_ , 20 _05_

Signature of Server    (Date)    Notary Public    (Commission Expires)
MICHAEL CUNNINGHAM
SAN DIEGO COUNTY LIC #1031

**APS Legal Ease**

APS File #:    061617-0001

7-7-05    Loreli A Mitchell    3-1508

OFFICIAL SEAL
LORELEI A. MITCHELL
NOTARY PUBLIC-CALIFORNIA
COMM. NO. 1471040
SAN DIEGO COUNTY
MY COMM. EXP. MAR 15, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

TO:        John Hardaway

FROM:    Alissa Case

RE:        6:05-1184-RBH document #5

DATE:    July 14, 2005

Pursuant to Rule 5, Federal Rules of Civil Procedures, the Certificate of Service has been filed. However, it is deficient in the area(s) checked below:

☐    Pleading not signed with s/Name.

☐    No certificate of service.

☐    No case number/division.        ☐    Incorrect case number listed on document.

☐    Document filed in wrong case. PDF removed from wrong case, please re-file in correct case.

☐    No consultation certificate pursuant to Local Civil Rule 7.02.

☐    Memorandum not filed with motion pursuant to Local Civil Rule 7.04.

☐    Service or Waiver documents not attached to Complaint.

☐    No Interrogatories pursuant to Local Civil Rule 26.01. These Interrogatories must be filed immediately.

☐    Document not legible.

☐    Document _____filed in error. PDF removed.

☐    Fee Required for: _____.

■    Other: _Incorrect entry used. Entry should be re-filed as Summons Returned Executed_.

Please correct the deficiency(ies) within three (3) business days.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| Package Concepts & Materials, Inc., | ) | Civil Action No. 6-05-1184-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **DEFENDANT JIF-PAK'S NOTICE OF** |
| | ) | **MOTION AND MOTION TO DISMISS** |
| JIF-PAK, | ) | **PLAINTIFF'S COMPLAINT FOR** |
| | ) | **LACK OF SUBJECT MATTER** |
| Defendant. | ) | **JURISDICTION** |
| | ) | |
| | ) | |
| | ) | |

PLEASE TAKE NOTICE that Defendant JIF-PAK will and hereby does move this Court for an order dismissing Plaintiff's Complaint for lack of subject matter jurisdiction.

Defendant JIF-PAK's motion to dismiss Plaintiff's Complaint is based on the ground that There can be no case or controversy between these parties on the facts alleged in the complaint because Defendant JIF-PAK does not own the patent at issue. Plaintiff could not have and had no reasonable apprehension that Defendant would sue Plaintiff. Plaintiff has named the wrong party. There therefore is no case or controversy existing between Plaintiff and Defendant. Since there is no case or controversy, this Court does not have subject matter jurisdiction over Plaintiff's declaratory relief count.

This motion to dismiss is further based on the ground that it would be futile to allow an amendment complaint naming the patent owners because this Court would not have personal jurisdiction over them. Therefore, an amended complaint naming the patent owners would ultimately have to be dismissed for lack of personal jurisdiction.

This motion to dismiss is further based on the ground that upon dismissal of Plaintiff's declaratory relief count, the only remaining cause of action for interference with contract is a

state cause of action over which this Court would not have even supplemental jurisdiction.

This motion to dismiss is further based on all the papers on file in this action and on such further evidence and argument as may be presented at the hearing on this motion.

Respectfully submitted.

s/Neil C. Jones
Neil C. Jones, Esq. (Fed. Bar No. 5470)
Rivers S. Stilwell (Fed. Bar No. 6271)
NELSON MULLINS RILEY & SCARBOROUGH LLP
Poinsetta Plaza
104 South Main Street
Suite 900
P. O. Box 10084
Greenville, South Carolina  29603-0084
864-250-2300

-and-

John L. Haller, Esq. (CA State Bar No. 61,392)
(*pro hac vice* application pending)
Susan B. Meyer, Esq. (CA State Bar No. 204931)
(*pro hac vice* application pending)
GORDON & REES LLP
101 West Broadway
Suite 1600
San Diego, CA  92101
619-696-6700

Attorneys for Defendant, JIF-PAK

July 27, 2005

2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| Package Concepts & Materials, Inc., | ) | Civil Action No. 6-05-1184-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **DEFENDANT JIF-PAK INC.'S** |
| | ) | **MEMORANDUM OF POINTS AND** |
| JIF-PAK, | ) | **AUTHORITIES IN SUPPORT OF** |
| | ) | **MOTION TO DISMISS FOR LACK OF** |
| Defendant. | ) | **SUBJECT MATTER JURISDICTION** |
| | ) | |
| | ) | Jury Trial Requested |
| | ) | |
| | ) | |

Defendant Jif-Pak, Inc. is not the owner or exclusive licensee of the patent at issue in this case. As such, there is no actual controversy between the parties as required by the Declaratory Judgment Act. Allowing Plaintiff to amend the complaint to join the patent owners will not solve the jurisdiction problem because this Court does not have personal jurisdiction over the patent owners. Furthermore, because the Court lacks jurisdiction over the federal question cause of action (declaratory judgment), the remaining state-law cause (interference with contract), brought under supplemental jurisdiction, should also be dismissed.

**A.      This Court lacks subject matter jurisdiction over the declaratory judgment cause of action**

This Court lacks subject matter jurisdiction over the declaratory judgment cause of action because there is no case or controversy between the parties. Plaintiff has sued Jif-Pak, Inc., who does not have ownership rights to U.S. Patent No. 5,413,148 ("the '148 patent"). As such, Jif-Pak does not have standing to bring a patent infringement suit against Plaintiffs. Since Jif-Pak has no such standing, Plaintiff does not have a reasonable apprehension of suit by Jif-Pak. Therefore, there is no controversy between the parties, as required by the Declaratory Judgment Act.

**1.     Defendant Jif-Pak is not the patent owner or exclusive licensee of the patent at issue**

Plaintiff makes no allegation about ownership of the '148 patent, although a quick search of the U.S. Patent Office website would have revealed it is currently owned by the inventors, Neil and Marcus Mintz.  (Neil Mintz Decl., ¶ 4[1]; Marcus Mintz Decl., ¶¶ .3,4.)

The patent law provides that a "patentee" shall have a remedy by civil action for infringement of a patent.  35 U.S.C. 281.  This law has been interpreted to require that a suit for infringement must ordinarily be brought by a party holding legal title to the patent.  *Textile Prods., Inc. v. Mead Corp.*, 134 F.3d 1481 (Fed. Cir. 1998).

A "bare licensee", who enjoys only a non-exclusive license and has no right to exclude others, has no standing to bring a patent infringement action.  *Abbott Labs v. Diamedix Corp.*, 47 F.3d 1128 (Fed. Cir. 1995); *Ortho Pharm. Corp. v. Genetics Inst., Inc.*, 52 F.3d 1026 (Fed. Cir. 1995).

In this case, Jif-Pak, Inc. is a bare, non-exclusive licensee of the '148 patent.  The license is informal and verbal.  Jif-Pak has no rights to exclude anyone else from making, using or selling the claimed structure.  (Neil Mintz Decl., ¶¶  5, 6, 7; Marcus Mintz Decl., ¶ ¶ 5, 6.)  Furthermore, patent owners Neil and Marcus Mintz separately have the right to license the patent to anyone else or to make and sell products under the patent.  Neil Mintz Decl., ¶ 7; Marcus Mintz Decl., ¶ 6.

Therefore, Defendant Jif-Pak does not have sufficient legal interest in the '148 patent such that it could bring a patent infringement case.

**2.     Because Defendant does not have a sufficient legal interest in the patent, there is no actual controversy between the parties as required by 28 U.S.C. Sec. 2201**

If a Defendant does not have legal interest in the patent, and therefore could not bring suit for patent infringement, there is no actual controversy which would support jurisdiction under the Declaratory Judgment Act, 28 U.S.C. Sec. 2201(1994).  *Fina Research, S.A. v. Baroid Ltd.*,

---

[1] The declarations of Neil Mintz and Marcus Mintz are filed concurrently herewith in support of this motion to dismiss.  The Declaration of Neil Mintz is hereinafter referred to as "Neil Mintz Decl."  The Declaration of Marcus Mintz is hereinafter referred to as Marcus Mintz Decl.".

141 F.3d 1479, 1481 (Fed. Cir. 1998).

Like the case in *Fina*, Defendant here does not have the rights to enforce the patent, and thus could not have brought suit for patent infringement. As such, there is no "actual controversy" between the parties, as required by the Declaratory Judgment Act. Because Plaintiff fails to show such a controversy, this Court lacks subject matter jurisdiction.

**B.      Plaintiff Cannot Overcome the Jurisdiction Problem by Joining the Patent Owners Because This Court Lacks Personal Jurisdiction**

In *Fina*, discussed above, the plaintiffs were able to amend the complaint to join the patent owners. This solution will not work in this case because the Court lacks personal jurisdiction over Marcus Mintz and Neil Mintz.

South Carolina courts have determined that the South Carolina long arm statute runs to the constitutional limits of the Due Process Clause. *See Southern Plastics Co. v. Southern Commerce Bank*, 423 S.E.2d 128, 130-31 (S.C. 1992). Evaluating the propriety of asserting personal jurisdiction over a nonresident defendant is generally a two-step process, but it compresses into one: whether the due process requirements are met. *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1358 (Fed. Cir. 1998), *Sonoco Prods, Co. v. Interplast Corp.*, 867 F. Supp. 352, 354 (D. S.C. 1994). Because this Court's subject matter jurisdiction arises under the patent laws, Federal Circuit law controls the analysis of the Due Process Clause. *See 3D Sys., Inc. v. Aarotech Labs, Inc.*, 160 F.3d 1373, 1377 (Fed. Cir. 1998), *ESAB Group, Inv. v. Centricut, LLC*, 34 F. Supp. 2d 323, 328 n.3 (D. S.C. 1999).

The due process test for personal jurisdiction has two related components, the minimum contacts and fairness inquiries. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980). Due process requires that a nonresident defendant have certain minimum contacts with the forum such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310 (1945). Due process is satisfied if "the defendant purposefully avails himself of the privilege of conducting activities within the forum State." *Hanson v. Deckla*, 357 U.S. 235, 253 (1958).

Personal jurisdiction may be specific or general. In this case, neither type of jurisdiction

exists over Neil and Marcus Mintz, the patent owners.

Specific jurisdiction applies when a case of action arises out of or is related to defendant's activities within the forum state. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). But if the suit is unrelated to the defendant's contacts with the forum state, the court exercises general jurisdiction. *See Helicopteros Nacionales*, 466 U.S. at 414.

The patent owners are not subject to general personal jurisdiction in South Carolina because they do not have "continuous and systematic general business contacts" with the state. *International Shoe*, 326 U.S. at 318. The patent owners, Neil Mintz and Marcus Mintz, do not have a residence in South Carolina, have no real property in South Carolina, have no bank account, no driver's license, no personal property, no mailing address, no telephone number in the State of Carolina, are not officers or directors of any business organized under the laws of the State of Carolina, and have no websites that reach South Carolina. Further, a single visit by Neil Mintz to South Carolina as a representative of Jif-Pak at a trade show over 5 years ago is the only visit made by either Neil or Marcus to the state of South Carolina.

The patent owners are not subject to specific jurisdiction because the cause of action does not arise directly from any activity by Neil and Marcus Mintz in South Carolina. The cause of action seeks a declaration of non-infringement of the '148 patent and alleges that Jif-Pak "made written assertions that Plaintiff's customer, Specialty Foods Group, is infringing the '148 patent." [Complaint, Para. 8]. Plaintiff makes no other factual allegation.

Plaintiff is factually correct that it was Jif-Pak, not Neil and Marcus Mintz, who contacted Specialty Foods Group, Inc. Therefore, Plaintiff has made no factual allegation of any activity by Neil and Marcus Mintz, personally, from which the cause of action arose.

Regardless of who made the contact, however, it is important to note that Specialty Foods

Group, Inc. is not located in South Carolina. It is located in Virginia.[2] Even if Specialty Foods

was located in South Carolina and even if the letter was an infringement notice, merely sending

infringement notices, without more activity in the forum state, is not sufficient to satisfy the

requirements of due process. *Genetic Implant Sys., Inc. v. Core-Vent Corp.*, 123 F.3d 1455 (Fed.

Cir. 1997).

Because Neil and Marcus Mintz have not participated in any activity in South Carolina

from which the cause of action arose they are not subject to specific personal jurisdiction in

South Carolina. Therefore, although Plaintiff may attempt to join the patent owners as

defendants, this would be an exercise in futility as they are not subject to personal jurisdiction in

South Carolina.

**C.     If the Declaratory Judgment Claim is Dismissed, the State-Law Tortious
        Interference with Contract Claim Should Also be Dismissed**

If this Court dismisses the only claim over which it has original jurisdiction, the

declaratory judgment patent claim, the remaining claim will be the entirely state-law based claim

of Tortious Interference with Contract. This Court may decline to exercise supplemental

jurisdiction over a claim if the district court has dismissed all claims over which it has original

jurisdiction. 28 U.S.C. 1367(c)(3). It is important to note that Plaintiff has failed to allege any

amount in dispute relevant to its interference with contract count, thereby failing to properly

allege and/or be able to qualify for diversity jurisdiction under 28 U.S.C. § 1332.

Jif-Pak requests the Court exercise its discretion in dismissing the remaining claim over

which it only has supplemental jurisdiction and for which no amount in controversy has been

alleged, thereby failing to meet the requirement for diversity jurisdiction.

**D.     Conclusion**

Plaintiff's declaratory judgment cause of action should be dismissed because there is a

complete absence of a case or controversy between the parties. Plaintiff has simply sued the

wrong party. But even if Plaintiff amends the complaint to join the patent owners, this Court

---

[2] The letter sent to Specialty Foods Group, Inc. was a promotional letter to Specialty Foods Group as a current client
of Jif-Pak, intended to preserve the business relationship with that client.

does not have personal jurisdiction over them. As such, this claim must be dismissed. The
remaining pendant state-law claim should also be dismissed in the Court's discretion and for lack
of jurisdiction.

Respectfully submitted,

s/Neil C. Jones
Neil C. Jones, Esq. (Fed. Bar No. 5470)
Rivers S. Stilwell (Fed. Bar No. 6271)
NELSON MULLINS RILEY & SCARBOROUGH LLP
Poinsett Plaza
104 South Main Street
Suite 900
P. O. Box 10084
Greenville, SC 29603-0084
864-250-2300

-and-

John L. Haller, Esq. (CA State Bar No. 61,392
(*pro hac vice* application pending)
Susan B. Meyer, Esq. (CA State Bar No. 204931)
(*pro hac vice* application pending)
GORDON & REES LLP
101 West Broadway
Suite 1600
San Diego, CA 92101
619-696-6700

Attorneys for Defendant, JIF-PAK

Dated: July 27, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| PACKAGE CONCEPTS & MATERIALS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> JIF-PAK <br><br> Defendant. | Case No. 6-05-1184-RBH <br><br> **DECLARATION OF MARCUS MINTZ IN SUPPORT OF JIF-PAK'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** |

## DECLARATION OF MARCUS MINTZ IN SUPPORT OF JIF-PAK'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

I, Marcus Mintz, declare:

1.      I am an individual resident of the county of San Diego state of California. I make this declaration of my own first hand knowledge. If called to testify to the facts stated herein, I could and would competently testify thereto. As to matters stated herein on the basis of information and belief, I believe them to be true.

2.      I am the co-inventor of the invention which is the subject matter of U.S. Patent No. 5,413,148. My son Neil Mintz is the other co-inventor.

3.      I am the co-owner of U.S. Patent No. 5,413,148. My son Neil Mintz is the other co-owner

4.      I am informed and believe that my and my son's ownership of the '148 patent is reflected on the records of the United States Patent and Trademark Office website, uspto.gov.

5.      I have informally (verbally) licensed the right to make, have made, use, sale, and advertise the invention claimed in the '148 patent to Jif-Pak Manufacturing, Inc.

6.    As co-owner of '148 patent, I understand that I have the right to license others to rights under the '148 patent.

7.    I have no residence in South Carolina.

8.    I have no real property in South Carolina.

9.    I have no drivers license for the state of South Carolina.

10.    I have no personal property located in the state of South Carolina.

11.    I am not an officer or director of any business organized under the laws of the state of South Carolina.

12.    I have no mailing address in the state of South Carolina.

13.    I have no telephone number in the state of South Carolina

14.    I have not traveled to South Carolina for business.

15.    I have not traveled to South Carolina except for pleasure and that was over 15 years ago, before the '148 patent issued.

I declare under penalty of perjury under the laws of the Untied States of America that the foregoing is true and correct to the best of my knowledge. Executed this 25th day of July, 2005 at San Diego, California.

_____
Marcus Mintz

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| PACKAGE CONCEPTS & MATERIALS, INC., | Case No. 6-05-1184-RBH |
| Plaintiff, | **DECLARATION OF NEIL MINTZ IN SUPPORT OF JIF-PAK'S MOTION** |
| vs. | **TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** |
| JIF-PAK | |
| Defendant. | |

**DECLARATION OF NEIL MINTZ IN SUPPORT OF JIF-PAK'S MOTION TO
DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

I, Neil Mintz, declare:

1.      I am an individual resident of the county of San Diego state of California. I make this declaration of my own first hand knowledge. If called to testify to the facts stated herein, I could and would competently testify thereto. As to matters stated herein on the basis of information and belief, I believe them to be true.

2.      I am the co-inventor of the invention which is the subject matter of U.S. Patent No. 5,413,148. My father Marcus Mintz is the other co-inventor.

3.      I am the co-owner of U.S. Patent No. 5,413,148. My father Marcus Mintz is the other co-owner

4.      I am informed and believe that my and my father's ownership of the '148 patent is reflected on the records of the United States Patent and Trademark Office website, uspto.gov.. Attached hereto marked Exhibit A is a true and correct copy of the results of a query of the USPTO's Assignment database, which yielded the report that no assignment data is available with respect to the '148 patent. This negative report shows that there has been no assignment with respect to the '148 patent, independently confirming that my father and I still own the '148

patent

5. I have informally (verbally) licensed the right to make, have made, use, sale, and advertise the invention claimed in the '148 patent to Jif-Pak Manufacturing, Inc.

6. As a licensor, I understand that licensee, Jif-Pak, does not have the right to initiate or maintain a patent or infringement lawsuit even though it can notify others of the existence of a patent and that it can indicate that another's practice may infringe the license patent.

7. As co-owner of the '148 patent, I understand that I have the right to license others to rights under the '148 patent.

8. As president of Jif-Pak, I understand that a notification was sent to Specialty Food Group that advised that Jif-Pack was the owner of the '148 patent when in fact it is not the owner of the '148 patent because Jif-Pak is only a licensee of the '148 patent. A corrective statement has been forwarded to Specialty Foods Group.

9. I have no residence in South Carolina.

10. I have no real property in South Carolina.

11. I have no bank account in South Carolina.

12. I have no drivers license for the state of South Carolina.

13. I have no personal property located in the state of South Carolina.

14. I am not an officer or director of any business organized under the laws of the state of South Carolina.

15. I have no mailing address in the state of South Carolina.

16. I have no telephone number in the state of South Carolina.

17. I have most recently visited South Carolina approximately 5 years ago briefly and on a single visit to attend a trade show as a representative of Jif-Pak.

I declare under penalty of perjury under the laws of the Untied States of America that the foregoing is true and correct to the best of my knowledge. Executed this 26 day of July, 2005 at San Diego, California.

Neil Mintz

 **United States Patent and Trademark Office**

Home | Site Index | Search | Guides | Contacts | eBusiness | eBiz alerts | News | Help



**Assignments on the Web > Patent Query**

# Assignment Data Not Available

## For Patent Number: 5413148

If you have any comments or questions concerning the data displayed, contact OPR / Assignments at 703-308-9723

| .HOME | INDEX| SEARCH | eBUSINESS | CONTACT US | PRIVACY STATEMENT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| Package Concepts & Materials, Inc., | ) | Civil Action No.  6-05-1184-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **DEFENDANT'S RESPONSES TO** |
| | ) | **RULE 26.01 INTERROGATORIES** |
| JIF-PAK, | ) | |
| | ) | Jury Trial Requested |
| Defendant. | ) | |
| | ) | |

The Defendant, JIF-PAK, responds to Local Rule 26.01 Interrogatories as follows:

(A)    State the full name, address and telephone number of all persons or legal entities who may have a subrogation interest in each claim and state the basis and extent of said interest.

**RESPONSE:** Defendant is aware of none.

(B)    As to each claim, state whether it should be tried jury or nonjury and why.

**RESPONSE:** Jurisdiction in this court is being challenged at the present time.  If and when jurisdiction is established, Defendant will make a demand for jury trial.

(C)    State whether the party submitting these responses is a publicly owned company and separately identify:  (1) each publicly owned company of which it is a parent, subsidiary, partner, or affiliate; (2) each publicly owned company which owns ten percent or more of the outstanding shares or other indicia of ownership of the party; and (3) each publicly owned company in which the party owns ten percent or mote of the outstanding shares.

**RESPONSE:** The parties submitting these responses are not publicly owned companies.

(D)    State the basis for asserting the claim in the division in which it was filed (or the basis of any challenge to the appropriateness of the division).

**RESPONSE:** The Defendants challenge to jurisdiction is made on the basis of lack of subject matter jurisdiction, and is not a challenge to assignment of the case to this division *per se.*

(E)     Is this action related in whole or part to any other matter filed in this District whether civil or criminal? If so, provide (1) a short caption and the full case number of the related action; (2) an explanation of how the matters are related; and (3) a statement of the status of the related action. Counsel should disclose any cases which may be related regardless of whether they are still pending. Whether cases are related such that they should be assigned to a single judge will be determined by the Clerk of Court based on a determination of whether the cases arise from the same or identical transactions, happenings or events; involve the identical parties; or for any other reason would entail substantial duplication of labor if heard by different judges.

**RESPONSE:** This matter is not related to any other matter in this District.

> s/Neil C. Jones
> Neil C. Jones, Esq. (Fed. Bar No. 5470)
> neil.jones@nelsonmullins.com
> Rivers S. Stilwell (Fed. Bar No. 6271)
> rivers.stilwell@nelsonmullins.com
> NELSON MULLINS RILEY & SCARBOROUGH LLP
> 104 South Main Street
> Suite 900
> P. O. Box 10084
> Greenville, SC 29603-0084
> 864-250-2300
> -and-
> John L. Haller, Esq. (CA State Bar No. 61,392)
> (*pro hac vice* application pending)
> Susan B. Meyer, Esq. (CA State Bar No. 204931)
> (*pro hac vice* application pending)
> GORDON & REES LLP
> 101 West Broadway
> Suite 1600
> San Diego, CA 92101
> 619-696-6700
>
> Attorneys for Defendant, JIF-PAK

July 28, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Package Concepts & Materials, Inc., | Civil Action No. 6-05-1184-RBH |
| Plaintiff, | |
| | **PLAINTIFF'S MEMORANDUM OF** |
| vs. | **LAW IN OPPOSITION TO** |
| | **DEFENDANT'S MOTION TO DISMISS** |
| JIF-PAK, | |
| Defendant. | |

The Plaintiff, Package Concepts & Materials, Inc. ("Package Concepts") respectfully submits the following Memorandum of Law in Opposition to Defendant JIF-PAK's Motion to Dismiss in the above-captioned matter. For the reasons that follow, the Motion should be denied.

## BACKGROUND

Package Concepts and JIF-PAK are competitors in the manufacture and sale of food packaging products. On April 20, 2005, Package Concepts filed the above-captioned action seeking a declaration that the patent in dispute, U.S. Patent No. 5,413,148 ("the '148 Patent") is not infringed by Package Concepts and asserts a tortuous interference claim against JIF-PAK. Prior to filing suit, JIF-PAK, through its lawyers, contacted at least one of Package Concepts' customers, SFG, Inc., to demand that SFG immediately cease purchasing allegedly infringing product from Package Concepts.[1] In that letter, JIF-PAK represented that it was the owner of the Patent in question: "As indicated in my August 2, 2004 letter, JIF-PAK Manufacturing, Inc. is the owner of the '148 Patent and the '148 Patent is good and valid under the law." (emphasis added).

---

[1] A copy of that letter is attached hereto and made a part hereof as Exhibit A.

On July 22, 2005 JIF-PAK, Neil Mintz and Marcus Mintz[2] filed an infringement action against Package Concepts (along with another Defendant) in the United States District Court for the Southern District of California alleging that Package Concepts is infringing upon the very patent issue in this lawsuit.[3]  It is important to note that both in the case at bar and in the California action, JIF-PAK is represented by the same California counsel.  Moreover, the issues in both lawsuits are essentially the same, *i.e.*, the '148 Patent and the alleged infringement of same.

JIF-PAK moved to dismiss the Complaint in this South Carolina case on the ground that JIF-PAK is not the owner of the '148 Patent but instead only a non-exclusive licensee, maintaining that Neil Mintz and Marcus Mintz are the owners of the Patent.  JIF-PAK argues that both gentlemen must be joined as indispensable parties under Rule 19 of the Federal Rules of Civil Procedure.  JIF-PAK further asserts that amendment of the Complaint to add the owners of the Patent would be futile as this Court would not have personal jurisdiction over them in any event.

Based upon patent ownership as now represented by attorneys for JIF-PAK, Package Concepts acknowledges that the '148 Patent owners should be joined in this lawsuit if the owners wish to joined.  To that end, an Amended Complaint naming Neil and Marcus Mintz as Defendants is being filed contemporaneously with this Memorandum of Law.[4]  The Mintz's California counsel are being duly served with the Amended Complaint.  Accordingly, the sole issue remaining before this Court is whether the case can go forward assuming for the sake of argument that this Court does not have personal jurisdiction over them.[5]

---

[2]    The Mintz apparently own the '148 Patent.
[3]    A copy of that pleading is attached hereto and made a part hereof as Exhibit B.
[4]    A copy of the Amended Complaint is attached hereto and made a part hereof as Exhibit C.
[5]    At this time, Package Concepts is not in a position to refute the facts set forth in the Mintz' Affidavits

## LAW AND ANALYSIS

Rule 19 of the Federal Rules of Civil Procedure provides, in pertinent part:

> **(a) Persons to Be Joined if Feasible.** A person who is subject to
> service of process and whose joinder will not deprive the court of
> jurisdiction over the subject matter of the action shall be joined as
> a party in the action if (1) in the person's absence complete relief
> cannot e accorded among those already parties, or (2) the person
> claims an interest relating to the subject of the action and is so
> situated that the disposition of the action in the person's absence
> may (i) as a practical matter impair or impede the person's ability
> to protect that interest or (ii) leave any of the persons already
> parties subject to a substantial risk of incurring double, multiple, or
> otherwise inconsistent obligations by reason of the claimed
> interest. If the person has not been so joined, the court shall order
> that the person be made a party. If the person should join as a
> plaintiff but refuses to do so, the person may be made a defendant,
> or, in a proper case, an involuntary plaintiff. If the joined party
> objects to venue and joinder of that party would render the venue
> of the action improper, that party shall be dismissed from the
> action.
>
> **(b) Determination by Court Whenever Joinder Not Feasible.**
> If a person as described in subdivision (a)(1)-(2) hereof cannot be
> made a party, the court shall determine whether in equity and good
> conscience the action should proceed among the parties before it,
> or should be dismissed, the absent person being thus regarded as
> indispensable. The factors to be considered by the court include:
> first, to what extent a judgment rendered in the person's absence
> might be prejudicial to the person or those already parties; second,
> the extent to which, by protective provisions in the judgment, by
> the shaping of relief, or other measures, the prejudice can be
> lessened or avoided; third, whether a judgment rendered in the
> person's absence will be adequate; fourth, whether the plaintiff
> will have an adequate remedy if the action is dismissed for
> nonjoinder.

Rule 19(a) determines whether the '148 Patent owners are necessary parties for Rule 19(a).

However, the inquiry does not end there. They must also be indispensable parties for purposes

of Rule 19(b) for the instant motion to be granted. They are not.

---

pertaining to the personal jurisdiction issue. However, Package Concepts should be allowed to conduct limited
discovery on this issue.

NPGVL1:235558.1-DOC-(MSP) 017700-00017

In *Clarkson Corp. v. Andritz Sprout-Bauer, Inc.*, 866 F. Supp. 773, 775 (S.D.N.Y. 1994), the court recognized that federal case law has developed two approaches when determining whether a patent owner is an indispensable party where a licensee is already a party to litigation involving patent validity and/or infringement. One line of cases follows the Second Circuit's opinion in *Capri Jewelry, Inc. v. Hattie Carnegie Jewelry Enter., Ltd.*, 539 F.2d 846, 847 (2d Cir. 1976). The second line of cases is based upon United States Supreme Court precedent and addressed more fully below.

The *Capri Jewelry* case involved a declaration of patent invalidity brought by two costume jewelry distributors against a licensee of the owner of the patent for "Mood Rings." The defendant licensee argued that the case should be dismissed in the absence of the patent owner. The Second Circuit disagreed that the patent owner was a necessary and indispensable party for Rule 19 purposes, particularly in light of the fact that the patent owner was involved in separate litigation involving validity of the same patent and, further, was represented by the same counsel in both lawsuits. *Capri Jewelry*, 539 F.2d at 853. Accordingly, the patent owner's counsel had ample opportunity and motive to protect the owner's interests. *Id.*

Similarly, in *Micro-Acoustics Corp. v. Bose Corp.*, 493 F. Supp. 356 (S.D.N.Y. 1980), a stereo speaker manufacturer sued Bose seeking a declaration that one of Bose's patents was invalid or, alternatively, a declaration of non-infringement. Bose moved to dismiss the action, taking the position that one of its wholly-owned subsidiaries was the owner of the patent and, therefore, was an indispensable party under Rule 19. *Id.* at 358-59. Just like the Second Circuit in *Capri Jewelry*, the district court in the *Bose* case found significant the fact that there was a separate action pending where Bose was suing Micro-Acoustics for infringement of the same patent. *Id.* at 36-61. The court also found the following factors to be determinative based upon

4

the facts of the case: (1) Bose had held itself out as the owner of the patent in question; (2) Bose had total control over the patent owner as its parent corporation; and (3) the same attorney represented Bose in both lawsuits. *Id.* at 361.

The instant case presents the same situation set forth in both the *Capri Jewelry* and *Bose* cases. Specifically, there is a separate infringement action pending in California federal court where JIF-PAK is suing Package Concepts for infringement of the same patent at issue in the instant declaratory judgment action. (Exhibit B). Significantly, JIF-PAK has held itself out as the owner of the Patent in question. (Exhibit A). In a March 9, 2005 letter penned by its lawyers, JIF-PAK wrote a letter to one of Package Concepts customers informing it of Package Concepts' alleged patent infringement, and further, requesting it immediately cease and desist from purchasing further product from Package Concepts. In that letter, JIF-PAK's counsel stated: "As indicated in my August 2, 2004 letter, JIF-PAK Manufacturing, Inc. is the owner of the '148 patent' and the '148 patent' is good and valid under the law." (Exhibit A). Moreover, the patent co-owner presumably has total control over its licensee, JIF-PAK. According to the Affidavit of Neil Mintz, he is the co-inventor and co-owner of the patent in question. (Mintz Aff. at ¶¶ 2-3). Mr. Mintz is also president of JIF-PAK. (Mintz Aff. at ¶ 8). As president of JIF-PAK, Mr. Mintz presumably has control over the actions of the licensee. Last, JIF-PAK is represented by the same lawyers both in this action and in the California litigation it filed against Package Concepts alleging infringement of the very '148 Patent at issue in this lawsuit. (Exhibit B; Plaintiff's Memo. of Law at p. 6).

Further bolstering the Plaintiff's position is the second line of federal case law based upon the venerable but valid United States Supreme Court case of *Independent Wireless Telephone Co. v. Radio Corp. of America*, 269 U.S. 459 (1926). In that case, the Supreme Court

NPGVL1:235558.1-DOC-(MSP) 017700-00017

held that where the patent owner is beyond the reach of process, he can nevertheless be joined as an involuntary party bound by the court's decision as long as he is given notice of the pending litigation and an opportunity to join voluntarily. Id. at 473. While the *Independent Wireless* case was decided before the promulgation of Rule 19 and its subsequent amendment, a federal court in *Parkson Corp. v. Fruit of the Loom, Inc.*, No. LR-C-91-853, 1992 WL 541570 (E.D.Ark. Dec. 10, 1992) (copy attached), nevertheless acknowledged the case's continued validity when a federal court conducts its Rule 19(b) analysis. The court in *Parkson* determined the patent owner was not an indispensable party for purposes of Rule 19(b) because he had made the conscious decision not to join his exclusive licensee in litigation involving the validity of his patent. Accordingly, the court's lack of personal jurisdiction over him was not a bar to the case going forward. *Id.* at ** 5-6. In so holding, the court stated: "The Court finds no prejudice to any of the parties in this action if the patent owner is not joined as a party, and that '[t]here is therefore no conceivable reason for exalting formalizing over substance in dismissing the action in view of the non-joiner [the] patent owner.'" *Id.* at * 6 (quoting *Bose Corp.*, 493 F. Supp. 356, 361)).

As the foregoing authorities make clear, Neil and Marcus Mintz are not indispensable parties for purposes of Rule 19(b). Accordingly, this lawsuit may go forward in their absence notwithstanding any alleged lack of personal jurisdiction.

In the event that the Court finds that the '148 Patent owners must be joined as parties to this litigation and that this Court must have personal jurisdiction, Package Concepts seeks leave to conduct limited discovery concerning the Mintz' contacts with the forum state. *See Trintec Indus., Inc. v. Pedre Promotional Products, Inc.*, 395 F.3d 1275, 1283 (Feb. Cir. 2005) (recognizing in a patent case that a party resisting a motion to dismiss on grounds of lack of personal jurisdiction may be entitled to conduct discovery on that issue).

NPGVL1:235558.1-DOC-(MSP) 017700-00017

## CONCLUSION

For the reasons that follow, the instant Motion should be denied and this case should go forward.   Alternatively, Package Concepts requests that this Court allow it to conduct limited discovery on the personal jurisdiction issue if the Court is inclined to rule that the Mintz are indispensable parties for purposes of Rule 19.

Respectfully submitted,

s/ John B. Hardaway III
John B. Hardaway III (Fed I.D. No. 1710)
NEXSEN PRUET, LLC
201 W. McBee Avenue, Suite 400 (29601)
Post Office Drawer 10648
Greenville, South Carolina  29603-0648
864.370.2211

Attorneys for Plaintiff
Package Concepts & Materials, Inc.

August 15, 2005
Greenville, South Carolina

NPGVL1:235558.1-DOC-(MSP) 017700-00017

# Exhibit A

○                                          ○

JOHN L. HALLER
JHALLER@GORDONREES.COM
DIRECT DIAL: (619) 230-7451

ATTORNEYS AT LAW
101 WEST BROADWAY
SUITE 1600
SAN DIEGO, CA 92101
PHONE: (619) 696-6700
FAX: (619) 696-7124
WWW.GORDONREES.COM

March 9, 2005

Mr. Mark Gray
Vice President of Operations
SFG, Inc.
603 Pilot House Drive, 4th Floor
Newport News, Virginia 23606

Re:   Jif-Pak Manufacturing, Inc. vs. SFG, Inc.
      Patent Infringement
      U.S. Patent No. 5, 413,148
      Our Ref. No. BJPMI 1027086  (7211-IN05)

Dear Mr. Gray:

This is further to my letter to dated August 2, 2004, notifying you of the existence of U.S. Patent No. 5,413,148 (the '148 Patent) and offering you the opportunity to discuss with Jif-Pak Manufacturing, Inc. various options for SFG, Inc. to avoid infringement of the '148 Patent.  I have enclosed a copy of my August 2, 2004 letter for your reference.

SFG has had more than adequate time to evaluate the validity and enforceability of the '148 patent and to confirm their infringement.  Notwithstanding the extended lapse of time, we have had no response from SFG regarding these options.

As indicated in my August 2, 2004 letter, Jif-Pak Manufacturing, Inc. is the owner of the '148 Patent and the '148 Patent is good and valid under the law.  SFG's meat encased net includes a stockinette that includes a tubular net structure having a given stretch capacity and a first set of longitudinal strands and a second set of lateral strands where the longitudinal strands intersect the lateral strands in locking engagement to form a four sided grid like pattern and where the strands having less stretch capacity are knit into the threads of the stockinette member so that the checkerboard pattern is impressed upon meat product stuffed into the casing.

In view of the above, SFG's meat encased net product infringes at least claim 1 of the '148 Patent.

Mr. Mark Gray
SFG, Inc.
March 9, 2005
Page 2

My client Jif-Pak Manufacturing, Inc. presumes that SFG takes such steps as are reasonably necessary to avoid improper and unauthorized use of another's patented technology. In order to avoid the expense and the time required to litigate this infringement, please provide, by return mail, your agreement to immediately cease and desist the use of Jif-Pak Manufacturing, Inc.'s technology embodied in claim 1 of the '148 patent. Please understand that my client is anxious for an immediate resolution of this matter.

In view of SFG's failure to respond to our initial inquiry, Jif-Pak Manufacturing, Inc. will only consider an immediate resolution and if SFG and its affiliates immediately cease all use of the patented technology, Jif-Pak Manufacturing, Inc. will waive past damages.

This proposal remains valid for two weeks from the date of this letter and your immediate reply will assist in forming an amicable resolution.

Very truly yours,

GORDON & REES LLP

John L. Haller

JLH:laf
Enclosure

BJP4/910270062/5447.1

# Exhibit B

JS 44
(Rev. 07/89)

● **CIVIL COVER SHEET** ●   **ORIGINAL**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

## I. (a) PLAINTIFFS

NEIL MINTZ, MARCUS MINTZ, and JIF-PAK
MANUFACTURING, INC.

## DEFENDANTS

DIETZ & WATSON, INC., and PACKAGE
CONCEPTS & MATERIALS, INC.

05 JUL 22 PH 4: 23

CLERK. U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **SAN DIEGO**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

DEPUTY

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
GORDON & REES LLP
101 W. BROADWAY
SUITE 1600
SAN DIEGO, CA   92101
619-696-6700

ATTORNEYS (IF KNOWN)

**05 CV 1470 L   (AJB)**

John B. Hardaway, III, Esq.
NEXSEN PRUET
201 W. McBee Avenue, Suite 400
P. O. Drawer 10648, Greenville, SC  29603
864-282-1172

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)   AND ONE BOX FOR DEFENDANT)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Patent Infringent (direct, contributory, inducement); Declaratory Judgment (Non-Interference with Business Relationship)

## V. NATURE OF SUIT (PLACE AN 'X' IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Medical Malpractice | ☐ 625 Drug Related | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | Seizure of | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | Property 21 USC 881 | ☐ 820 Copyrights | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 630 Liquor Laws | ☒ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | | ☐ 650 Airline Regs. | | ☐ 810 Selective Service |
| Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| ☐ 153 Recovery of Overpayment | ☐ 345 Marine Product | ☐ 370 Other Fraud | Safety/Health | ☐ 861 HIA (1395ff) | Exchange |
| of Veteran's Benefits | Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 863 DIWC/DIWW | 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor | (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | Product Liability | ☐ 385 Property Damage | Standards Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization |
| | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate | Reporting & | ☐ 870 Taxes (U.S. Plaintiff | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | Disclosure Act | or Defendant) | ☐ 895 Freedom of |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 871 IRS - Third Party | Information Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | 26 USC 7609 | ☐ 900 Appeal of Fee |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | | Determination Under |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | Security Act | | Equal Access to Justice |
| | | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of |
| | | ☐ 555 Prison Conditions | | | State Statutes |
| | | | | | ☐ 890 Other Statutory Actions |

## VI. ORIGIN (PLACE AN 'X' IN ONE BOX ONLY)

| | |
|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removal from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $ in excess of
$75,000 and declaratory relief

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S)
IF ANY   (See Instructions):

JUDGE Hon. Robert B Harwell   Docket Number District of South Carolina
(Greenville) Case No. 05-CV-1184

DATE
July 22, 2005

SIGNATURE OF ATTORNEY OF RECORD

John L. Haller, Esq. ,GORDON & REES LLP

::ODMA\PCDOCS\WORDPERFECT\228161\1 January 24, 2000 (3:10pm)

1156662  $250.00   7/22/05

ORIGINAL

FILE□

05 JUL 22 PH 4: 23

CLERK. U.S. D.STRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

1  JOHN L. HALLER (SBN: 61392)
   CHARLES V. BERWANGER (SBN: 47,282)
2  SUSAN B. MEYER (SBN: 204931)
   GORDON & REES LLP
3  101 West Broadway
   Suite 1600
4  San Diego, CA 92101
   Telephone: (619) 696-6700
5  Facsimile: (619) 696-7124

6  Attorneys For: Plaintiffs
   NEIL MINTZ, MARCUS MINTZ AND
7  JIF-PAK MANUFACTURING, INC.

8                  UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11  NEIL MINTZ, an individual; and MARCUS      CASE NO. 05CV 1470 L    (AJB)
    MINTZ, an individual; and JIF-PAK
12  MANUFACTURING, INC., a California          COMPLAINT FOR PRELIMINARY
    corporation,                               AND PERMANENT INJUNCTION AND
13                                             FOR DAMAGES FOR PATENT
                          Plaintiffs,          INFRINGEMENT, CONTRIBUTORY
14                                             INFRINGEMENT AND INDUCMENT
                  v.                           TO INFRINGE, AND FOR
15                                             DECLARATORY RELIEF
    DIETZ & WATSON, INC., a Pennsylvania       REGARDING NON-INTERFERENCE
16  corporation and PACKAGE CONCEPTS &         WITH BUSINESS RELATIONSHIP
    MATERIALS, INC., a South Carolina
17  corporation,                              *Demand for Jury Trial*

18                         Defendants.

19

20

21      Plaintiffs, NEIL MINTZ, MARCUS MINTZ, and JIF-PAK MANUFACTURING, INC.

22  (collectively "Plaintiffs") for their complaint against Defendant, DIETZ & WATSON, INC.,

23  (hereinafter called "D&W") and PACKAGE CONCEPTS & MATERIALS (hereinafter "PCM")

24  hereby alleges as follows:

25                               I.

26                          JURISDICTION

27      1.      This is a civil action for patent infringement, contributory infringement and

28  inducement to infringe which arises under the Patent Laws of the United States namely Title 35

-1-
COMPLAINT

of the United States Code and this Court has jurisdiction under 28 U.S.C. §§ 1331, 1332 and 1338(a). In addition, this is an action for declaratory judgment (28 U.S.C. § § 2201, 2202) regarding the non-interference with a business relationship and this Court has jurisdiction under 28 U.S.C. § 1367.

## II.

## VENUE

2.     Plaintiffs are informed and believe that this Court is the proper venue under 28 U.S.C. §§ 1391(b), (c) and § 1400 because Defendant D&W is subject to personal jurisdiction in this judicial district, the products of the infringing activities, as alleged herein below, are advertised and sold within this judicial district and D&W is doing business in this judicial district.

3.     Plaintiffs are informed and believe that this Court is the proper venue under 28 U.S.C. §1391(b), (c) and § 1440 because Defendant PCM, is subject to personal jurisdiction in this judicial district, the products of the infringing activities, as alleged herein below, are advertised and sold within this judicial district and PCM is doing business in this Judicial District. Plaintiffs are further informed and believe that Defendant PCM will admit to the jurisdiction of this court.

## III.

## THE PARTIES

4.     Plaintiff Neil Mintz is an individual, residing in the county of San Diego.

5.     Plaintiff Marcus Mintz is an individual, residing in the county of San Diego.

6.     Jif-Pak Manufacturing, Inc. is a California corporation with its principal place of business in the County of San Diego ("Jif-Pak").

7.     Upon information and belief, Defendant D&W is a Pennsylvania corporation, with a principal place of business in Philadelphia, Pennsylvania.

8.     Upon information and belief, Defendant PCM is a South Carolina corporation, with a principal place of business in Greenville, South Carolina.

/////

**IV.**

**COUNT 1**

**PATENT INFRINGEMENT**

**(Against All Defendants)**

9.      Plaintiffs, Neil Mintz and Marcus Mintz, reallege the allegations of the foregoing Paragraphs 1 through 6, and incorporates allegations herein by reference as though fully set forth.

10.     On May 9, 1995, United States Letters Patent No. 5,413,148 (the '148 patent) entitled Casing Structure for Encasing Meat Products (hereinafter the Patented Invention) issued to co-inventors Neil Mintz and Marcus Mintz. Plaintiffs are the owners/licensees of the '148 patent and enjoy all rights, title and interest in and to said '148 patent.

11.     Plaintiffs Neil Mintz and Marcus Mintz, have informally licensed the right to make have made use sell and advertise the invention claimed in the '148 patent to Plaintiff Jif-Pak.

12.     The '148 patent relates to a tubular casing for meat products having a stockinette member with a knit tubular member formed of threads and a netting arrangement which is intricately formed with the stockinette member. The netting arrangement may either be knit in with the stockinette member or the strands of the knitting arrangement may be laid in.

13.     Plaintiffs are informed and believe and on that basis alleged that Defendants have been and continue to directly infringe, contributory infringement and/or induced others to infringe the '148 patent by practicing the patent invention, selling components which have no substantial non-infringing use and/or knowingly teaching others to practice the patented invention.

14.     Plaintiffs are informed and believe that Defendants infringement is willful, malicious and without regard to the rights of Plaintiffs.

15.     Plaintiffs are further informed and believe that such practice will continue unless enjoined by this Court.

/////

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

## V.

## COUNT TWO

### DECLARATORY JUDGMENT:  NON-INTERFERENCE WITH BUSINESS RELATIONSHIP

**(Against All Defendants)**

16.     Plaintiff Jif-Pak reallege all the allegations in the foregoing paragraphs 1 through 15 and incorporates said allegations herein by reference as though fully set forth.

17.     Plaintiff Jif-Pak is the licensee of the '148 patent and has notified Defendant D&W and other customers including Specialty Food Group, Inc. of Virginia of the existence of the '148 patent and that their activities may be infringing said patent.

18.     Plaintiff Jif-Pak's notice was in the form of a communication to Plaintiff Jif-Pak's current customers to identify the benefits of continuing to do business with Jif-Pak.

19.     Defendant PCM has asserted that Jif-Pak's communication with its customers regarding the existence of the '148 patent and encouraging its customers to maintain its business with Jif-Pak constitutes an interference with PCM's relationship with said customers.

20.     Jif-Pak has notified PCM that it has the right to advise others, specifically Plaintiffs own customers as to the existence of the '148 patent and of its belief that the activities of such customers may constitute infringement and that Jif-Pak would like to maintain their business.

21.     There is a present actual and continuing controversy between Plaintiff Jif-Pak and Defendant PCM as to Jif-Pak's right to notify its customers including Dietz &Watson, Inc. of the existence of the '148 patent and to indicate that its customers including Dietz & Watson, Inc. may be infringing such patent..

## VI.

## PRAYER

WHEREFORE, Plaintiffs pray the Court for the following relief:

1.     That Defendants, their subsidiaries, affiliates, parents, successors, assigns, officers, agents, servants, employees, attorneys, and all persons acting in concert or in

participation with them, or any of them, be preliminarily enjoined during the pendency of this

action, and permanently enjoined thereafter from infringing, contributing to the infringement of,

and inducing infringement of the '148 patent and specifically from directly or indirectly making,

using, marketing, advertising, offering for sale, or selling and distributing devices embodying the

invention of the '148 patent during the life of the '148 patent without express written authority of

Plaintiffs. That Defendants be ordered to deliver to Plaintiffs for destruction at Plaintiffs' option,

their entire inventory of products that infringe the '148 patent.

2.      That Defendants and each of them, be directed to fully compensate Plaintiffs for

all damages attributable to Defendants' infringement of '148 patent in an amount according to

proof at trial.

3.      That Plaintiffs' notification to Dietz & Watson, Inc. and other customers and

potential customers regarding the existence of the '148 patent is lawful and does not constitute

an interference with any business relationship of Defendant PCM.

4.      For an accounting of such damages.

5.      That such damages be trebled.

6.      An award of attorneys' fees, interest and costs against Defendants and each of

them.

Dated: July 22, 2005                            GORDON & REES LLP


                                                By_____
                                                   John L. Haller
                                                Attorneys For Plaintiffs
                                                NEIL MINTZ and MARCUS MINTZ

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

-5-
COMPLAINT

1    DEMAND FOR JURY TRIAL

2        Plaintiffs hereby demand trial by jury of every issue that is triable by jury.

3

Dated:  July 22, 2005                        GORDON & REES LLP

4

5

6                                          By: _____
                                              John L. Haller
7                                          Attorneys For Plaintiffs
                                           NEIL MINTZ and MARCUS MINTZ

8

9

10

11

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-6-
COMPLAINT

AO 120 (Rev.3/04)

| TO: Mail Stop 8<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR TRADEMARK |
|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised
that a court action has been filed in the U.S. District Court San Diego on the following Patents or Trademarks:

| DOCKET NO.<br>05CV1470 | DATE FILED<br>7/22/05 | U.S. DISTRICT COURT<br>United States District Court, Southern District of California |
|---|---|---|
| PLAINTIFF<br><br>Mintz | | DEFENDANT<br><br>Dietz and Watson Inc |

| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1 5,413,148 | 5/9/95 | Mintz |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following patent(s)/trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment ☐ Answer ☐ Cross Bill ☐ Other Pleading |  |
|---|---|---|
| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following decision has been rendered or judgment issued:

| DECISION/JUDGMENT |
|---|
| |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| | | |

Copy 1 - Upon initiation of action, mail this copy to Director        Copy 3 - Upon termination of action, mail this copy to Director
Copy 2 - Upon filing document adding patent(s), mail this copy to Director        Copy 4 - Case file copy

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## GREENVILLE DIVISION

| | |
|---|---|
| Package Concepts & Materials, Inc., | Civil Action No. 6-05-1184-RBH |
| Plaintiff, | |
| vs. | |
| JIF-PAK, | |
| Defendant. | |

### CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing PLAINTIFF'S MEMORANDUM OF LAW

IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS has been served upon the

following counsel of record by placing the same in the United States mail, first class postage

prepaid, addressed to the following as shown below this 15th day of August, 2005.

John L. Haller, Esquire
Susan B. Meyer, Esquire
GORDON & REES, LLP
101 West B roadway, Suite 1600
San Diego, California  92101


s/ John B. Hardaway
John B. Hardaway, III
NEXSEN PRUET, LLC
201 W. McBee Avenue, Suite 400 (29601)
Post Office Drawer 10648
Greenville, South Carolina  29603-0648
Telephone:  864.370.2211

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## GREENVILLE DIVISION

| | |
|---|---|
| PACKAGE CONCEPTS & MATERIALS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>JIF-PAK., Neil Mintz, and Marcus Mintz,<br><br>Defendants. | Civil Action No.  6-05-1184-RBH<br><br>**COMPLAINT**<br><br>Jury Trial Requested |

### FIRST AMENDED COMPLAINT

#### Parties

1.      Plaintiff, PACKAGE CONCEPTS & MATERIALS (hereinafter "Plaintiff" or "PCM"),

is a corporation organized under the laws of the State of South Carolina, and maintains its

principal place of business at 1023 Thousand Oaks Blvd., Greenville, South Carolina 29607.

2.      Defendant, JIF-PAK, is upon information and belief a corporation organized under the

laws of the State of California, and maintains its principal place of business at 1451 Engineer

Street, Vista, California 92083.

3.      Defendant Neil Mintz is an individual, residing in the county of San Diego.

4.      Defendant Marcus Mintz is an individual, residing in the county of San Diego.

#### Jurisdiction and Venue

5.      This is an action for declaratory judgment of invalidity and non-infringement of U.S.

Patent No. 5,413,148 (the "'148 patent). Jurisdiction of this Court arises under the Declaratory

Judgment Act, Title 28, United States Code Sections 2201-2202, and under the laws of the

United States concerning actions related to patents, Title 28, United States Code, Sections 1331 and 1338(a).

6.     This court has personal jurisdiction over the Jif-Pak Defendant under the provisions of South Carolina Code §§ 36-2-802, 36-2-803 and 36-2-805.

7.     Venue lies in this Judicial District under Title 28, United States Code, Section 1391(b)-(c) on the grounds that a substantial part of the events or omissions giving rise to the claim occurred in this District.

**COUNT ONE**
**(Declaratory Judgment – Noninfringement - U.S. Patent No. 5,413,148)**

8.     On May 9, 1995, U.S. Patent No. 5,413,148 issued for a "Casing structure for encasing meat products" (Attachment A) to Defendants Neil and Marcus Mintz.

9.     Defendants Neil and Marcus Mintz, on information and believe, have exclusively licensed Defendant Jif-Pak under the above U.S. Patent No. 5,413,148.

10.     Defendant Jif-Pak originally have asserted itself to be the owner of the `148 patent, but has now withdrawn that assertion.

11.     Plaintiff has made, offered for sale and/or sold certain stockinette devices in the United States since the issuance of the '148 patent.

12.     Defendant Jif-Pak has made written assertions that Plaintiff's customer, Specialty Foods Group, Inc., is infringing the '148 patent because Specialty Foods Group is using an infringing product manufactured by Plaintiff. Based on Defendant's assertions, Plaintiff has a reasonable apprehension of being sued for infringement of the '148 patent. Accordingly, there is a present and continuing justiciable controversy between Plaintiff and Defendants as to Defendants' right

NPGVL1:227308.1-SC-(SJS) 017700-00017

to threaten or maintain suit for infringement of the '148 patent, and as to the validity and scope thereof, and as to whether any of Plaintiff's products infringe any valid claim thereof.

13.    No valid claim of the '148 patent is infringed by any of Plaintiff's products.

## COUNT TWO
### (Tortious Interference with Contract)

14.    Plaintiff incorporates by reference paragraphs 1-13 of this Complaint as if fully set forth herein.

15.    Plaintiff has contracts with Specialty Foods Group, who in turn has contracts with customers for products incorporating Plaintiff's stockinette devices.

16.    Defendants have knowledge of the aforementioned contracts.

17.    Upon information and belief, Defendant Jif-Pak is notifying Plaintiff's customers that Plaintiff is infringing upon Defendants' patent. Upon information and belief, this has directly caused breaches of contract. Upon information and belief, Defendant Jif-Pak by its actions, is intentionally procuring the aforementioned breaches of contract.

18.    Defendants have no justification for its intentional interference with contract.

3.    Plaintiff has been damaged as a result of Defendant Jif-Paks intentional acts.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

A.    For entry of judgment that United States Patent No. 5,413,148 is invalid; that the manufacture, use, sale, offer for sale and/or importation of Plaintiff's stockinette devices do not infringe; and have not at any time infringed, the '148 patent; and that Defendant Jif-Pak is without any right or authority to threaten or to maintain suit against Plaintiff or its customers for alleged infringement of the '148 patent.

NPGVL1:227308.1-SC-(SJS) 017700-00017

B.      For entry of an injunction enjoining Defendants, its agents, employees, assignees and attorneys, and those persons in active concert or participation with Defendant, from initiating infringement litigation and from threatening Plaintiff, any of its related companies, any of its prospective or present customers, dealers, agents, employees, vendors, suppliers, or owners or users of Plaintiff's stockinette devices with infringement litigation, and from charging any of them wither verbally or in writing with infringement of the '148 patent because of the manufacture, use, offer for sale, sale, or importation of Plaintiff's stockinette devices.

C.      For entry of judgment for Plaintiff on the count of Tortious Interference with Contract.

D.      For entry of judgment for costs and reasonable attorneys' fees incurred by Plaintiff

E.      Grant Plaintiff such other and further relief as is just and proper.


s/ John B. Hardaway III
John B. Hardaway III (Fed. Bar No. 1710)
NEXSEN PRUET, LLC
201 West McBee Avenue, Suite 400
Post Office Drawer 10648
Greenville, South Carolina  29603
864-370-2211

Attorneys for Plaintiff

August 15, 2005
Greenville, South Carolina

4

# EXHIBIT A

US005413148A

# United States Patent [19]

## Mintz et al.

[11]    Patent Number:    **5,413,148**

[45]    Date of Patent:    **May 9, 1995**

[54]  **CASING STRUCTURE FOR ENCASING MEAT PRODUCTS**

[76]  Inventors:  Marcus Mintz, 5040 Hampton Ave., Montreal, Quebec, Canada, H3X 3P7; Neil Mintz, 3101 Del Rey Ave., Carlsbad, Calif. 92009

[21]  Appl. No.:  **177,800**

[22]  Filed:  **Jan. 6, 1994**

### Related U.S. Application Data

[63]  Continuation of Ser. No. 886,280, May 20, 1992, abandoned, which is a continuation-in-part of Ser. No. 838,355, Feb. 19, 1992, abandoned.

[51]  Int. Cl.[6] ..................... F16L 11/00; A22C 13/00
[52]  U.S. Cl. .................... 138/118.1; 428/34.8; 428/36.1
[58]  Field of Search .............. 138/118.1, 123, 124; 428/36, 158, 159, 34.1, 34.3, 34.8; 426/105; 66/178 R, 180, 181, 201, 202

[56]  **References Cited**

### U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 698,499 | 4/1902 | Hirner | 66/180 |
| 1,505,218 | 8/1924 | Sartori | 452/35 |
| 1,981,057 | 11/1934 | Lombardi | 66/180 |
| 2,289,302 | 7/1942 | Bradshaw | 66/195 |
| 2,366,710 | 1/1945 | Dimond | 138/118.1 |
| 2,375,474 | 5/1945 | Holmes et al. | 66/180 |
| 2,500,759 | 3/1950 | Largman | 66/180 |
| 2,977,782 | 4/1961 | Sbock | 66/178 R |
| 3,159,990 | 12/1964 | Monday | 66/180 |
| 3,448,595 | 6/1969 | Baltzer et al. | 66/195 |
| 3,639,130 | 2/1972 | Eichin et al. | 138/118.1 |
| 4,621,482 | 11/1986 | Crevasse et al. | 53/439 |
| 4,690,843 | 9/1987 | Inagaki | 138/118.1 |
| 4,967,758 | 11/1990 | Hammer et al. | 426/105 X |
| 5,043,194 | 8/1991 | Sietrecht et al. | 428/34.8 |

### FOREIGN PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 726424 | 1/1966 | Canada | 53/439 |
| 0303328 | 2/1989 | European Pat. Off. | |
| 106965 | 5/1984 | Germany | 138/118.1 |
| 7614318 | 7/1977 | Netherlands | |
| 9001395 | 1/1992 | Netherlands | |
| 594359 | 9/1977 | Switzerland | |
| WO9010376 | 9/1990 | WIPO | |

Primary Examiner—David A. Scherbel
Assistant Examiner—Patrick F. Brinson
Attorney, Agent, or Firm—Fishman, Dionne & Cantor

[57]  **ABSTRACT**

A stockinette member is formed of closely knit or woven threads. A netting arrangement is integrally formed with the stockinette member. The netting arrangement may either be knit in with the stockinette member or the strands of the netting arrangement may be laid in.

**8 Claims, 3 Drawing Sheets**



**U.S. Patent** May 9, 1995 Sheet 1 of 3 5,413,148



*Fig. 5*



*Fig. 1*

**U.S. Patent**       May 9, 1995       Sheet 2 of 3       **5,413,148**



*Fig.2*

**U.S. Patent**    May 9, 1995    Sheet 3 of 3    **5,413,148**



Fig. 3

Fig. 4

5,413,148

**1**

### CASING STRUCTURE FOR ENCASING MEAT PRODUCTS

#### CROSS-REFERENCE TO RELATED APPLICATION

This is a continuation of application Ser. No. 07/886,280 file on May 20, 1992, now abandoned, which is a continuation-in-part of application Ser. No. 07/838,355 filed on Feb. 19, 1992 now abandoned.

#### BACKGROUND OF INVENTION

1. Field of the Invention .

The invention relates to a casing structure for encasing meat products. More specifically, the invention relates to such a casing structure which comprises a stockinette with an integrally formed netting arrangement.

2. Description of Prior Art

It is known in the meat encasing art to encase meat and poultry products, especially during the cooking and/or smoking process, such as hams, poultry and the like, in netting arrangements. Such netting arrangements typically comprise a plurality of equally sized squares made of cotton or poly, and an elasticized strand material in the tubular form. The meat products are stuffed into the tubes such that the elasticized material is under tension, and the two ends of the tube of netting are then closed.

Because the meat product is stuffed into the tube with the elasticized material under tension, the strands tend to push back into the meat product to form squared indentations on the outer surface of the meat product. The meat product bulges out between the strands on either side of the indentations giving a desirable "checkerboard" pattern on the surface.

One of the problems in the art is that the product which bulges out between the strands can also bulge laterally whereby they will overlap, and cover, at least some of the strands. This makes it difficult to peel the netting off the meat product, especially when the bulges on either side of the strand bulge towards each other.

In the latter case, and taking into account the fact that the meat product contains binding materials, when the bulges on either side of a strand, bulging towards each other, physically contact each other, they can bind together so that it will be necessary to break the surface of the meat product at the binding point to peel the netting off the surface of the meat product.

One solution to these problems is to use a collagen film in association with the netting arrangement. The collagen film underlies the netting and overlies the outer surface of the meat product. The collagen film provides some restrictions on the bulging meat as it will permit the underlying meat product to bulge only upwardly, but it will substantially prevent the meat product from bulging laterally, so that the elasticized strands forming the netting will not be covered by laterally spreading bulges, thereby preventing the binding of the meat product to the netting. The binding of the meat is to the collagen. The meat product is sold to the consumer with the collagen covering. In addition, the intervention of the collagen film will prevent the bulges from binding to each other.

While the collagen film overcomes the above problems, it presents a different problem, namely, high costs. Collagen film, on a per unit basis, costs approximately four times as much as the netting arrangement so that

**2**

the cost of casing meat products using a collagen film and netting arrangement combination is seriously increased.

In addition, when the collagen film is used, air bubbles can form between the outer surface of the meat product and the collagen film. This causes an unattractive appearance in the meat product, especially when the meat product is cooked.

To overcome the above problems, a stockinette has been devised which takes the place of a collagen film in the above-described combination. The stockinette is a closely knit or closely woven tubular member knit or woven of threads comprising, for example, cotton, polyester, nylon or other suitable materials. Because the stockinette is knit or woven, it is stretchable and has openings. As it is closely knit or woven, the openings are very small. This finely knit stockinette acts to restrict the meat particles from penetrating through, thereby resisting the stockinette to be stuck to the meat product. However, the stockinette is porous enough to have the benefit of allowing easy smoke penetration into the meat product. Additionally, the stockinette can be treated with various solutions (for example, liquid smoke, oils, acid solutions, etc.), or coated with a film (for example, cellulose), to further enhance the peelability, if required. Also with the stockinettes, air bubbles between the outer surface of the meat product and the stockinette are substantially eliminated. In addition, the cost of the stockinette per unit is substantially less than the cost of the collagen film.

However, the stockinette and netting arrangement combination is still relatively expensive, and it also requires a two-step stuffing process, i.e., the meat product is first stuffed in the stockinette and then the meat product and stockinette are stuffed into the netting arrangement.

#### SUMMARY OF INVENTION

It is therefore an object of the invention to provide a casing structure for encasing meat products which overcomes the disadvantages of prior art casing structures.

It is a more specific object of the invention to provide such a casing structure which incorporates both the netting arrangement function for appearance and the ability to be easily removed from the meat after cooking.

In accordance with the invention, the casing structure comprises a stockinette member with an integrally formed netting arrangement.

The stockinette member is produced in tubular form.

The netting arrangement may be formed of elasticized strands or knitted or woven strands.

In accordance with the invention there is provided an elongated tubular casing structure for encasing meat products, the elongated structure having a longitudinal direction and a transverse lateral direction. The casing structure of the invention comprises:

a stockinette member comprising a closely knit tubular member formed of closely knit threads and having a first stretch capacity

a limited netting arrangement having a second stretch capacity and comprising a first plurality of spaced strands extending in the longitudinal direction and a second plurality of spaced strands extending in the lateral direction;

5,413,148

**3**

the longitudinal and lateral strands of the netting arrangement each intersecting in locking engagement with one another to form a grid-like pattern comprising a plurality of four-sided shapes;

the remainder of the netting arrangement being knit into the threads of the stockinette member, whereby the netting arrangement and the stockinette member are integrally formed so that the casing structure comprises an integrally formed structure;

the first stretch capacity being greater than the second stretch capacity;

whereby, when a meat product is stuffed into the casing structure under pressure, the meat product forms a bulge within each of the four-sided shapes to thereby define a checker-board pattern on the surface thereof, the stockinette member forming a shield to prevent the adherence of adjacent meat product bulges over the strands of the netting arrangement.

BRIEF DESCRIPTION OF DRAWINGS

The invention will be better understood by an examination of the following description, together with the accompanying drawings in which:

FIG. 1 illustrates one embodiment of a casing structure in accordance with the invention;

FIG. 2 is a blow-up of a portion of FIG. 1 illustrating a second embodiment of the invention;

FIG. 3 is a blown-up view of a portion of FIG. 1 showing the lateral strand in its rest position;

FIG. 4 is the same view as FIG. 3 but showing the lateral strand in its "stretched" position; and

FIG. 5 illustrates how the casing structure looks when stuffed with the meat product.

DESCRIPTION OF PREFERRED EMBODIMENTS

Referring to the single drawing, a casing structure in accordance with the invention, illustrated generally at 1, comprises a stockinette 3 formed of closely knit or woven threads. The threads may comprise cotton, polyester, nylon or other suitable materials. As can be seen, the stockinette is tubular in shape.

Formed integrally with the stockinette are equally spaced longitudinal strands 5 and equally spaced lateral strands 7. The strands may comprise elasticized material laid into the stockinette. In a particular embodiment, the elasticized material comprises rubber which is laid in under tension. The longitudinal strands may be laid in every twelve stitches while the lateral strands may be laid in every 12 courses. Thus, the netting arrangement consisting of the strands 5 and 7 is integrally formed with the stockinette to form the inventive casing structure.

In an alternate embodiment, the strands of the netting arrangement are knit into the stockinette of the same threads which form the stockinette. To form the lateral strands 7 of the netting arrangement in the latter embodiment, twelve loose courses are first knit and then two tighter courses. The twelve loose courses comprise the stockinette while the two tighter courses comprise a lateral strand of the netting arrangement. By making the courses tighter, the strand thus formed is less elastic than the strands of the looser courses.

The above is repeated over fourteen course cycles so that each lateral strand of the netting arrangement is separated from adjacent strands by fourteen courses. As shown, the longitudinal strands 5 and lateral strands 7 cross each other to form square or four-sided shapes.

**4**

To form the longitudinal strands, the machine is set so that it knits three courses on high butt only and a fourth course on both low butt and high butt. One way of doing this is, of course, to have four cams, three of which are set on high butt and one of which is set on both low butt and high butt. The needles are then arranged so that a predetermined number are set on high butt and a smaller predetermined number are set on low butt. For example, twenty needles could be set on high butt and two on low butt. This cycle is repeated all around each course.

With this arrangement, the two needles set on low butt will cast off only every fourth course so that, in each cycle of twenty-two stitches, twenty will be knit on every course and two will be knit on every fourth course only. The two latter stitches will form the longitudinal strands of the netting arrangements which will accordingly be separated from each other by twenty of the former stitches.

As will be obvious, the spacing between both longitudinal and lateral strands would be varied according to need. The spacing given in the examples above was only to provide a clearer description, and the invention is not restricted to the above spacing.

Turning now to FIG. 2, in accordance with a further embodiment of the invention, each of the lateral strands 7 includes a plurality of loops 9 extending in the longitudinal direction. As can also be seen, each loop is interlaced with an adjacent preceding loop and an adjacent following loop, and the interlaced aligned loops form the longitudinal strands 5. The material for forming the strands in the FIG. 2 embodiment can be made of either elasticized or non-elasticized yarn.

As the same yarns are creating both the lateral and longitudinal strands, when the netting arrangement is pulled in the lateral direction (i.e., at the larger diameter portion of the meat product), then the loops 9 will shorten (shown generally at 11 in FIG. 5) and the remainder of the lateral lengths will lengthen, so that a certain amount of stretch is provided even if non-elastic material is used in the formation of the netting arrangement. As seen in FIG. 5, this versatility allows for a naturally shaped product to be formed, in which the center of the meat product has a larger diameter than the ends.

The finely knit stockinette is knit so that it stretches more than the integrally formed netting arrangement so that the meat will be forced to bulge outwardly between the lateral and longitudinal strands, when the casing structure is applied with pressure onto the meat product.

The following is an example of how to construct the casing structure as illustrated in FIG. 2 using arbitrary variables:

Example

Using a 24 feed, 3 track jersey single knit machine consisting of 400 needles.

Feed #1 feeds the heavy yarn (from which the square netting pattern will be formed).

Feeds #2-24 feed the fine yarns (from which the tightly knit stockinette will be formed).

A set of needles are selected at the positions that a longitudinal strand is desired. For example, if 25 evenly spaced longitudinal strands are desired, every 16th needle will be selected (440/25=16). We will call this needle set "A".(needle #1, 16, 32, 48 . . . 384).

5,413,148

5

Needle set "A" will knit only on Feed #1. Needle set "A" will not knit on Feeds 2-24; i.e., welt stitch. However, all needles but set "A" will knit on Feeds 2-24.

At Feed #1, in addition to needle set "A", additional needles can be selected to knit (alternatively can be laid in) the heavy yarn into stockinette 3, forming the lateral strands 7. This is done to draw in more of the heavy yarn as is required depending on the size of the product required. This same heavy yarn is, of course, acting as both the longitudinal and lateral strands 5 and 7.

This additional set of needles can, for example, consist of every third needle; i.e., needle #4, 7, 10, 13 . . . ). Even though these needles are creating stitch loops 10 as seen in diagram #3, it is essential that when the meat product is stuffed firmly into the netting, the heavy yarn will be pulled tight causing these little loops to disappear (see diagram #4) so that the heavy yarn will be firmly pressed against the product.

The finely knit stockinette 3 is intentionally sized larger (i.e., can be stretched more) than the integrally formed netting pattern to allow the meat to bulge through the large square openings while the net pattern actually restricts the product, thereby being the determining factor of the product size.

The stockinette 3 would also be intentionally a size larger than the integrally formed netting pattern in the FIG. 1 embodiment for the same reasons.

The casing structure may be coated with a liquid such as liquid smoke a non-toxic, acid solution (e.g., vinegar) or oils etc. The casing structure may also be coated with a smoke permeable film, for example, cellulose.

Although particular embodiments have been described, this was for the purpose of illustrating, but not limiting, the invention. Various modifications, which will come readily to the mind of one skilled in the art, are within the scope of the invention as defined in the appended claims.

We claim:

1. An elongated tubular casing structure for encasing meat products, said elongated structure having a longitudinal direction and a transverse lateral direction, said casing structure comprising:

a stockinette member comprising a closely knit tubular member formed of closely knit threads and having a first stretch capacity;

a knitted netting arrangement having a second stretch capacity and comprising a first plurality of spaced strands extending in said longitudinal direction and a second plurality of spaced strands extending in said lateral direction;

the longitudinal and lateral strands of said netting arrangement each intersecting in locking engage-

6

ment with one another to form a grid-like pattern comprising a plurality of four-sided shapes;

said strands of said netting arrangement being knit into the threads of said stockinette member, whereby said netting arrangement and said stockinette member are integrally formed so that said casing structure comprises an integrally formed structure;

said first stretch capacity being greater than said second stretch capacity;

whereby, when a meat product is stuffed into said casing structure under pressure, said meat product forms a bulge within each of said four-sided shapes to thereby define a checker-board pattern on the surface thereof, said stockinette member forming a shield to prevent the adherence of adjacent meat product bulges over said strands of said netting arrangement.

2. A casing structure as defined in claim 1 wherein said longitudinal and lateral strands comprise elasticized material.

3. A casing structure as defined in claim 1 wherein each said lateral strand comprises a plurality of loops, each of said loops extending in said longitudinal direction.

4. A casing structure as defined in claim 3 wherein each loop is interlaced with an adjacent preceding loop and an adjacent following loop;

whereby to form a plurality of aligned interlaced loops;

each longitudinal strand comprising one of said aligned interlaced loops.

5. A casing structure as defined in claim 2 wherein the threads of said stockinette member and the strands of said netting arrangement are coated with a liquid selected from the group consisting of liquid smoke, non-toxic acid solutions and oils.

6. A casing structure as defined in claim 4 wherein the threads of said stockinette member and the strands of said netting arrangement are coated with a liquid selected from the group consisting of liquid smoke, non-toxic acid solutions and oils.

7. A casing structure as defined in claim 2 wherein the threads of said stockinette member and the strands of said netting arrangement are coated with a smoke permeable film.

8. A casing structure as defined in claim 4, wherein the threads of said stockinette member and the strands of said netting arrangement are coated with a smoke permeable film.

* * * * *

UNITED STATES PATENT AND TRADEMARK OFFICE
## CERTIFICATE OF CORRECTION

PATENT NO. : 5,413,148

DATED      : May 9, 1995

INVENTOR(S) : Marcus Mintz et al

It is certified that error appears in the above-identified patent and that said Letters Patent is hereby corrected as shown below:

Col. 6, line 23, Delete "claim 2" and insert therefor --claim 1--.

Col. 6, line 23, Delete "claim 2" and insert therefor --claim 1--.

Col. 6, line 44, Delete "claim 2" and insert therefor --claim 1--.

Signed and Sealed this

Twentieth Day of February, 1996

*Attest:*

*Bruce Lehman*

**BRUCE LEHMAN**

*Commissioner of Patents and Trademarks*

*Attesting Officer*

## UNITED STATES PATENT AND TRADEMARK OFFICE
## CERTIFICATE OF CORRECTION

PATENT NO.  : 5,413,148

DATED       : May 9, 1995

INVENTOR(S) : Marcus Mintz et al

It is certified that error appears in the above-identified patent and that said Letters Patent is hereby corrected as shown below:

Col. 6, Line 23   Delete "claim 2" and insert therefor —claim 1—.

Col. 6, Line 34   Delete "claim 2" and insert therefor —claim 1—.

Col. 6, Line 44   Delete "claim 2" and insert therefor —claim 1—.

This certificate supersedes Certificate of Correction issued February 20, 1996.

Signed and Sealed this

Twenty-third Day of July, 1996

Attest:

*Bruce Lehman*

**BRUCE LEHMAN**

Attesting Officer          *Commissioner of Patents and Trademarks*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| Package Concepts & Materials, Inc., | Civil Action No. 6-05-1184-RBH |
| Plaintiff, | |
| vs. | |
| JIF-PAK, Neil Mintz, and Marcus Mintz, | |
| Defendants. | |

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing AMENDED COMPLAINT has been served

upon the following counsel of record by placing the same in the United States mail, first class

postage prepaid, addressed to the following as shown below this 15th day of August, 2005.

John L. Haller, Esquire
Susan B. Meyer, Esquire
GORDON & REES, LLP
101 West B roadway, Suite 1600
San Diego, California  92101

s/ John B. Hardaway
John B. Hardaway, III
NEXSEN PRUET, LLC
201 W. McBee Avenue, Suite 400 (29601)
Post Office Drawer 10648
Greenville, South Carolina  29603-0648
Telephone:  864.370.2211

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| PACKAGE CONCEPTS & MATERIALS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>JIF-PAK, NEIL MINTZ, and MARCUS MINTZ,<br><br>Defendants. | Case No. 6-05-1184-HMH<br><br>**DEFENDANT JIF-PAK'S NOTICE OF WITHDRAWAL AND WITHDRAWAL OF DEFENDANT JIF-PAK'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

**NOTICE IS HEREBY GIVEN** that Defendant JIF-PAK's motion to dismiss Plaintiff's Complaint was made moot by Plaintiff's filing of its first Amended Complaint, as it is now the averments of the first *Amended Complaint* to which all the named Defendants must now respond. Accordingly, Defendant JIF-PAK hereby withdraws its first motion to dismiss so that the Court need not use its resources in the determination of that motion. Further, given the filing of Plaintiff's first *Amended Complaint*, Defendants JIF-PAK, Neil Mintz and Marcus Mintz are filing concurrently herewith their motion to dismiss Plaintiff's first *Amended Complaint*.

Respectfully submitted,


    s/Rivers S. Stilwell
Neil C. Jones, Esq. (Fed. Bar No. 5470)
Rivers S. Stilwell (Fed. Bar No. 6271)
NELSON MULLINS RILEY & SCARBOROUGH LLP
Poinsett Plaza
104 South Main Street, Suite 900
P. O. Box 10084
Greenville, SC 29603-0084
864-250-2300

-and-

**OF COUNSEL:**

John L. Haller, Esq. (CA State Bar No. 61,392
Susan B. Meyer, Esq. (CA State Bar No. 204931)
GORDON & REES LLP
101 West Broadway, Suite 1600
San Diego, CA  92101
619-696-6700

> Attorneys for Defendants,
> JIF-PAK, Neil Mintz and Marcus Mintz

August 25, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| PACKAGE CONCEPTS & MATERIALS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>JIF-PAK, NEIL MINTZ, and MARCUS MINTZ,<br><br>Defendants. | Case No. 6-05-1184-HMH<br><br>**DEFENDANTS JIF-PAK, NEIL MINTZ AND MARCUS MINTZ' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION, FAILURE TO JOIN AN INDISPENSABLE PARTY, AND LACK OF SUBJECT MATTER JURISDICTION** |

**NOTICE IS HEREBY GIVEN** that Defendants JIF-PAK, Neil Mintz and Marcus Mintz ("Defendants") will and hereby do move this Court for an order dismissing Plaintiff's first Amended Complaint in its entirety.

Defendants' motion to dismiss Plaintiff's first Amended Complaint is based on the ground that Plaintiff's attempt to cure the jurisdiction deficiencies of its initial complaint by adding the two patent owners as indispensable parties is futile because the two patent owners are not subject to personal jurisdiction in South Carolina, general or specific.

Defendants' motion to dismiss is further based on the ground that because the indispensable parties cannot be joined as for Plaintiff's declaratory relief count to survive, the declaratory relief count is defective for lack of an actual case and controversy between Plaintiff and the remaining defendant, Jif-Pak. There are no facts by which Plaintiff can allege the existence of the required case and controversy; therefore Plaintiff cannot cure this defect, and the declaratory relief count must be dismissed.

Defendants' motion to dismiss Plaintiff's first Amended Complaint is further based on the ground that since its attempt to join the two individual defendants is futile and its declaratory relief action cannot survive this motion to dismiss, the Court does not have independent subject matter jurisdiction over the remaining state law claim of interference with contract; therefore, that claim should also be dismissed as this Court has no particular interest in hearing that claim alone.

Defendants' motion to dismiss Plaintiff's first Amended Complaint is further based on all the papers on file herein, on the accompanying memorandum of points and authorities in support of the motion, on supporting declarations and appendix of case law, and on such other and further evidence and argument as may be presented at the hearing on this motion.

Respectfully submitted,

  s/ Rivers S. Stilwell
Neil C. Jones, Esq. (Fed. Bar No. 5470)
Rivers S. Stilwell (Fed. Bar No. 6271)
NELSON MULLINS RILEY & SCARBOROUGH LLP
Poinsett Plaza
104 South Main Street, Suite 900
P. O. Box 10084
Greenville, SC 29603-0084
864-250-2300

-and-

OF COUNSEL:

John L. Haller, Esq. (CA State Bar No. 61,392
Susan B. Meyer, Esq. (CA State Bar No. 204931)
GORDON & REES LLP
101 West Broadway, Suite 1600
San Diego, CA  92101
619-696-6700

Attorneys for Defendants,
JIF-PAK, Neil Mintz and Marcus Mintz

August 25, 2005

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| PACKAGE CONCEPTS & MATERIALS, INC.,<br><br>            Plaintiff,<br><br>    vs.<br><br>JIF-PAK, NEIL MINTZ, and MARCUS MINTZ,<br><br>            Defendants. | Case No. 6-05-1184-HMH<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION, FAILURE TO JOIN AN INDISPENSABLE PARTY, AND LACK OF SUBJECT MATTER JURISDICTION** |

# TABLE OF CONTENTS

I.   BACKGROUND AND PROCEDURAL HISTORY ........................................................... i

II.  SUMMARY OF ARGUMENT ....................................................................................... iii

III. ARGUMENT .................................................................................................................. iv

    A.   THIS COURT LACKS PERSONAL JURISDICTION OVER NEIL AND
        MARCUS MINTZ ..................................................................................................... iv

        1.   Under the Due Process Test Employed by the Federal Circuit,
            Defendants Must be Subject to Either Specific or General Personal
            Jurisdiction. ................................................................................................ v

        2.   The Patent Owners are not Subject to General Personal
            Jurisdiction. ................................................................................................ v

        3.   The Patent Owners are not Subject to Specific Personal
            Jurisdiction. ............................................................................................... vi

    B.   PLAINTIFF'S CLAIM FOR DECLARATORY JUDGMENT OF NON-
        INFRINGEMENT SHOULD BE DISMISSED FOR FAILURE TO JOIN
        AN INDISPENSABLE PARTY ............................................................................ vii

        1.   The Patent Owner is an Indispensable Party in a Patent
            Infringement Action. ................................................................................ vii

        2.   Neil Mintz and Marcus Mintz are Indispensable Parties in
            Plaintiff's Declaratory Relief Action But Cannot be Joined Therein ...... viii

        3.   Because Neil and Marcus Mintz are necessary parties who are not
            subject to personal jurisdiction in South Carolina, the next
            determination is whether they are "indispensable" such that the
            action must be dismissed under Fed. R. Civ. Proc. 19(b) ......................... ix

        4.   Plaintiff's Reliance on Case Law is Misplaced and Distinguishable
            on the Facts. .............................................................................................. xi

    C.   PLAINTIFF'S CLAIM FOR DECLARATORY JUDGMENT OF NON-
        INFRINGEMENT SHOULD BE DISMISSED FOR LACK OF SUBJECT
        MATTER JURISDICTION ..................................................................................... xiii

        1.   Defendant Jif-Pak Is Not The Patent Owner Or Exclusive Licensee
            Of The Patent At Issue ............................................................................ xiii

        2.   Because Defendant Does Not Have A Sufficient Legal Interest In
            The Patent, There Is No Actual Controversy Between The Parties
            As Required By 28 U.S.C. Sec. 2201 ...................................................... xiv

    D.   THERE IS NO SUBJECT MATTER JURISDICTION OVER THE STATE LAW
        INTERFERENCE WITH CONTRACT CLAIM .................................................... xv

CONCLUSION ........................................................................................................................ xv

# TABLE OF AUTHORITIES

*Cases*

*3D Sys., Inc. v. Aarotech Labs, Inc.,*
    160 F.3d 1373, 1377 (Fed. Cir. 1998)..................................................................... v

*Abbot Labs v. Diamedix Corp.*, 47 F.3d 1128, 1132-33 (Fed. Cir. 1995) .......................viii, ix, xiv

*Agrashell, Inc. v. Hammons Prods. Co.,*
    352 F.2d 443, 446-47 (8th Cir. 1965) ................................................................ viii

*American Elec. Power Service Corp. v. EC&C Tech., Inc.,*
    2002 U.S. Dist. LEXIS 21994 (D. Ohio 2002)........................................................ x

*Blonder-Tongue Laboratories v. University of Illinois Foundation,*
    402 U.S. 313, 91 S. Ct. 1434, 28 L. Ed.2d 788 (1971)............................................. x

*Capri Jewelry, Inc. v. Hattie Carnegie Enterprises, Ltd.,*
    539 F.2d 846 (2nd Cir. 1976)............................................................................ xi

*Central Tools, Inc. v. Mitutoyo Corp.,*
    2005 U.S. Dist. LEXIS 16996 (D. R.I. 2005)......................................................... ix

*ESAB Group, Inv. v. Centricut, LLC,*
    34 F. Supp. 2d 323, 328 n.3 (D. S.C. 1999).......................................................... v

*Fina Research, S.A. v. Baroid Ltd.,*
    141 F.3d 1479, 1481 (Fed. Cir. 1998)................................................................ xiv

*Genetic Implant Sys., Inc. v. Core-Vent Corp.,*
    123 F.3d 1455 (Fed. Cir. 1997)......................................................................... vi

*Hanson v. Deckla,*
    357 U.S. 235, 253 (1958)................................................................................ v

*Helicopteros Nacionales de Colombia,*
    *S.A. v. Hall,* 466 U.S. 408, 414 (1984) ............................................................... v

*Independent Wireless Telegraph Co. v. Radio Corp. of America,*
    269 U.S. 459, 70 L. Ed. 357, 46 S. Ct. 166 (1926)................................................. vii

*International Shoe Co. v. Washington,*
    326 U.S. 310 (1945)...................................................................................... v

*Mallinckrodt Medical, Inc. v. Sonus Pharmaceutical, Inc.,*
    989 F. Supp. 265, 272 (D. D.C. 1998)................................................................ vii

*Messerschmitt-Boelkow-Blohm GmbH v. Hughes Aircraft Co.,*
    483 F. Supp. 49, 53 (S.D.N.Y. 1979).................................................................. ix

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
CASE NO. 6-05-1184 HMH

*Micro- Acoustics Corp. v. Bose* Corporation, 493 F. Supp. 356, 361 (S.D.N.Y. 1980) ............. xii

*Moore U.S.A., Inc. v. Standard Register Co.,*
60 F. Supp.2d 104, 110 (W.D. N.Y. 1999) ...................................................................... xii

*Ortho Pharm. Corp. v. Genetics Inst., Inc.,*
52 F.3d 1026 (Fed. Cir. 1995) ...................................................................................... xiv

*Parkson Corp. v. Fruit of the Loom, Inc.,* Not Reported in F. Supp., 1992 WL 541570, 28
U.S.P.Q.2d 1066 (E.D. Ark. 1992) ............................................................................ xii

*Prima Tek II, L.L.C. v. A-Roo Co.,*
222 F.3d 1372, 1377 (Fed. Cir. 2000) ........................................................................ viii

*Proctor & Gamble Co. v. Paragon Trade Brands, Inc.,*
917 F. Supp. 305, 308 n. 3 (D. Del. 195) ..................................................................... ix

*Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.,*
148 F.3d 1355, 1358 (Fed. Cir. 1998) .......................................................................... v

*Sonoco Prods, Co. v. Interplast Corp.,*
867 F. Supp. 352, 354 (D. S.C. 1994) ........................................................................... v

*Southern Plastics Co. v. Southern Commerce Bank,*
423 S.E.2d 128, 130-31 (S.C. 1992) ............................................................................. v

*Suprex Corp. v. Lee Scientific, Inc.,*
660 F. Supp. 89, 93 (W.D. Penn. 1987) ................................................................ vii, ix, x

*Textile Prods., Inc. v. Mead Corp.,*
134 F.3d 1481 (Fed. Cir. 1998) .................................................................................. xiv

*World-Wide Volkswagen Corp. v. Woodson,*
444 U.S. 286 (1980) .................................................................................................... v

*Zumbro, Inc. v. California Natural Prods.,*
861 F. Supp. 773, 783 (D. Minn. 1994) ........................................................................ x

**Statutes**

28 U.S.C. § 1332 .......................................................................................................... xv

**Other Authorities**

Declaratory Judgment Act, 28 U.S.C. Sec. 2201(1994) ........................................ xiii, xiv

**Rules**

Fed. R. Civ. P. 12(b)(1) ............................................................................................... xv

Fed. R. Civ. Proc. 19(b) ................................................................... vii, viii, ix, x, xi

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR LACK
OF PERSONAL JURISDICTION, FAILURE TO JOIN AN INDISPENSABLE PARTY,
AND LACK OF SUBJECT MATTER JURISDICTION**

Defendants Jif-Pak, Inc., Neil Mintz and Marcus Mintz hereby submit this memorandum

of points and authorities in support of their motions to dismiss for lack of personal jurisdiction,

as to Defendants Neil Mintz and Marcus Mintz, and failure to join an indispensable party, and

lack of subject matter jurisdiction as to JIF-PAK.

## I.

### BACKGROUND AND PROCEDURAL HISTORY

*Background.* Neil Mintz and Marcus Mintz are the owners of U.S. Patent No.

5,413,148.("the subject patent") This has been established by their sworn declarations submitted

in evidence in support of Defendant Jif-Pak's original motion to dismiss. Neil and Marcus Mintz

have granted a non-exclusive license to practice the subject patent. This has also been

established by the sworn declarations of the patent owners. The license is informal, unwritten.

The subject patent relates to a tubular casing for meat products having a stockinette

member with a knit tubular member formed of threads and a netting arrangement which is

intricately formed with the stockinette member. The netting arrangement may either be knit in

with the stockinette member or the strands of the knitting arrangement may be laid in.



Under its non-exclusive license, Jif-Pak produces and sells a product for use in encasing meat.

Both Dietz & Watson, Inc. and Specialty Food Group, Inc. are customers of Jif-Pak, and both have purchased Jif-Pak's product. Jif-Pak maintains its customer relationships through certain promotional contacts, as it did by its letter to its customers, including both Dietz & Watson, Inc. and Specialty Food Group, Inc., in which it mentioned the patent license under which its product is produced,[1] and also mentioned that their use of the competing product offered by Package Concepts & Materials, Inc. may result in their infringement of the patent under which Jif-Pak produces and sells its product.

Notwithstanding Jif-Pak's attempts to maintain its customer relationship with its customers, including both Dietz & Watson, Inc. and Specialty Food Group, Inc., at least Dietz & Watson, Inc. has purchased and used the *competing* meat encasement product from Package Concepts and Materials, Inc. which *use* has resulted in the infringement of the patent under which Jif-Pak produces and sells its *licensed* product.

Apparently, from the allegations in Plaintiff's complaint, both Dietz & Watson, Inc. and Specialty Food Group, Inc. have contacted their alternative supplier, Package Concepts and Materials, Inc. and communicated to this supplier the contents of Jif-Pak's promotional notification letter. Package Concepts and Materials, Inc. then interpreted this letter not as the promotional letter that it was, but as an accusation of infringement demanding the customer to cease the infringing use instead of a marketing notice to licensee. Package Concepts and Materials, Inc., placing itself in the position of a declaratory relief plaintiff, has attempted, in this action, to claim that it, Package Concepts and Materials, has a reasonable apprehension of being sued by reason of the letter received by its customer, Specialty Foods Group. In addition to its attempt to state a declaratory relief claim against Jif-Pak, Package Concepts and Materials, Inc. also includes in its complaint a state law claim of interference with contract.

---

[1] Jif-Pak's notification to Specialty Food Group erroneously indicated that Jif-Pak was the owner of the patent [Haller Decl., ¶ 4.] This error was corrected by defendant Jif-Pak by letter of July 22, 2005 to Specialty Food Group's counsel (attorney Stephen Story, Haller Decl., Ex. 2) advising Specialty Food Group that Jif-Pak was not the owner of the patent, but rather was the owner of a license under the patent.

*Procedural History*. Defendant JIF-PAK has previously filed a motion to dismiss for lack of subject matter jurisdiction, to which Plaintiff has filed an opposition.

Based on Jif-Pak's understanding that this Court lacks subject matter jurisdiction, Jif-Pak, together with Neil Mintz and Marcus Mintz, the owners of the subject patent, filed a complaint in the Southern District of California, against Plaintiff and Plaintiff's customer, Dietz & Watson, Inc., where jurisdiction and venue are proper. [Haller Decl. ¶ 3, Ex. 1.]

When Plaintiff was served with Jif-Pak's motion to dismiss, Plaintiff filed its opposition to the motion to dismiss and contemporaneously filed its First Amended Complaint. In this Amended Complaint, Plaintiff added Neil and Marcus Mintz, the patent owners, as Defendants, presumably to address Defendant Jif-Pak's argument that the Court lacked subject matter jurisdiction because the patent owners (necessary parties) were not named defendants.

In view of Plaintiff's filing of its First Amended Complaint adding the two individual patent owners as defendants, Defendant Jif-Pak's initial motion to dismiss the original Complaint is moot, and Defendant Jif-Pak is filing contemporaneously herewith a Notice of Withdrawal of its initial Motion to Dismiss.

However, because the issue of subject matter jurisdiction still remains to be addressed, and because Plaintiff has added the patent owners as defendants, this new motion to dismiss, adding a claim of lack of personal jurisdiction is being filed. The issue of personal jurisdiction over the patent owners, along with the issues of failure to join an indispensable party and subject matter jurisdiction are all inter-related.

## II.

## SUMMARY OF ARGUMENT

Plaintiff's attempt to resolve the subject matter jurisdiction problem addressed in Jif-Pak's original motion is futile. *Adding the patent owner does not resolve the problem* because Neil and Marcus Mintz are not subject to personal jurisdiction in South Carolina. The patent owners *are* necessary and indispensable because, despite having granted non-exclusive licenses to Jif-Pak, they have retained substantial rights to the patent. Prejudice to both Plaintiff and the

patent owners could occur if the case went forward without them. If the patent owners could be collectively estopped by a decision in this case, then they would be greatly prejudiced by not being parties to the case. On the other hand, if the patent owners would not be collectively estopped by a decision in this case, then the plaintiff could not without them obtain a decision which would give it the protection from an infringement suit which it seeks. Therefore, the patent owners *are* indispensable parties; but they are not subject to the personal jurisdiction of this Court, and so may not be joined.

*Even if* the patent owners were to be considered *not* indispensable, the absence of subject matter jurisdiction issue remains – there is no actual case or controversy between Plaintiff and Jif-Pak, the non-exclusive licensee. Therefore, Plaintiff's declaratory relief claim against Jif-Pak fails to qualify for subject matter jurisdiction and must be dismissed.

Without the declaratory relief count (Plaintiff's patent action), this Court should exercise its discretion and also dismiss the pendant state law claim over which this Court has no independent jurisdiction.

### III.

### ARGUMENT

**A. THIS COURT LACKS PERSONAL JURISDICTION OVER NEIL AND MARCUS MINTZ**

Jif-Pak's original motion to dismiss for lack of subject matter jurisdiction was brought on the ground that there is no actual case or controversy between Plaintiff and Jif-Pak with respect to Plaintiff's declaratory relief count. There could not be any such actual case or controversy as alleged by Plaintiff – because Jif-Pak does not hold rights in the subject patent which *could* give Jif-Pak the capacity to bring a case against Plaintiff. Apparently in recognition and tacit admission of this defect in its Complaint, Plaintiff amended its Complaint to add the patent owners, and Plaintiff claimed an actual case or controversy against the patent owners. However, Plaintiff's amendment as an attempt to add the indispensable parties was an exercise in futility because the patent owners, Neil Mintz and Marcus Mintz, are not subject to personal jurisdiction

in South Carolina.

South Carolina courts have determined that the South Carolina long arm statute runs to the constitutional limits of the Due Process Clause. *See Southern Plastics Co. v. Southern Commerce Bank*, 423 S.E.2d 128, 130-31 (S.C. 1992). Evaluating the propriety of asserting personal jurisdiction over a nonresident defendant is generally a two-step process, but it compresses into one: whether the due process requirements are met. *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1358 (Fed. Cir. 1998), *Sonoco Prods, Co. v. Interplast Corp.*, 867 F. Supp. 352, 354 (D. S.C. 1994). Because this Court's subject matter jurisdiction arises under the patent laws, Federal Circuit law controls the analysis of the Due Process Clause. *See 3D Sys., Inc. v. Aarotech Labs, Inc.*, 160 F.3d 1373, 1377 (Fed. Cir. 1998), *ESAB Group, Inv. v. Centricut, LLC*, 34 F. Supp. 2d 323, 328 n.3 (D. S.C. 1999).

1.    **Under the Due Process Test Employed by the Federal Circuit, Defendants Must be Subject to Either Specific or General Personal Jurisdiction**.

The due process test for personal jurisdiction has two related components, the minimum contacts and fairness inquiries. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980). Due process requires that a nonresident defendant have certain minimum contacts with the forum such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310 (1945). Due process is satisfied if "the defendant purposefully avails himself of the privilege of conducting activities within the forum State." *Hanson v. Deckla*, 357 U.S. 235, 253 (1958).

Specific jurisdiction applies when a cause of action arises out of or is related to defendant's activities within the forum state. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). But if the suit is unrelated to the defendant's contacts with the forum state, the court exercises general jurisdiction. *See Helicopteros Nacionales*, 466 U.S. at 414.

2.    **The Patent Owners are not Subject to General Personal Jurisdiction**.

The patent owners are not subject to general personal jurisdiction in South Carolina because they do not have "continuous and systematic general business contacts" with the state.

*International Shoe*, 326 U.S. at 318. The patent owners, Neil Mintz and Marcus Mintz, do not have a residence in South Carolina, have no real property in South Carolina, have no bank account, no driver's license, no personal property, no mailing address, no telephone number in the State of Carolina, are not officers or directors of any business organized under the laws of the State of Carolina, and have no websites that reach South Carolina. [Neil Mintz Decl. ¶¶ 9-17[2], Marcus Mintz Decl. ¶¶ 7-15]. Further, a single visit by Neil Mintz to South Carolina as a representative of Jif-Pak at a trade show over 5 years ago is the only visit made by either Neil or Marcus to the state of South Carolina in the last 10 years. [Neil Mintz Decl., ¶ 17.]

### 3.     The Patent Owners are not Subject to Specific Personal Jurisdiction.

The patent owners are not subject to specific jurisdiction because the cause of action does not arise directly from any activity by Neil and Marcus Mintz in South Carolina. The cause of action seeks a declaration of non-infringement of the '148 patent and alleges that Jif-Pak "made written assertions that Plaintiff's customer, Specialty Foods Group, is infringing the '148 patent." [Amended Complaint, Para. 12]. Plaintiff makes no other factual allegation regarding contacts by Neil Mintz or Marcus Mintz with the state of South Carolina.

Plaintiff is factually correct that it was Jif-Pak, not Neil and Marcus Mintz, who contacted Specialty Food Group, Inc. However neither Jif-Pak nor Specialty Foods Group are located in South Carolina. Specialty Foods Group is located in Virginia. Therefore, Plaintiff has made no factual allegation of any personal activity by Neil and Marcus Mintz from which the cause of action arose.[3] Even if Specialty Foods was located in South Carolina and even if the letter was an infringement notice, merely sending infringement notices, without more activity in the forum state, is not sufficient to satisfy the requirements of due process. *Genetic Implant Sys., Inc. v. Core-Vent Corp.*, 123 F.3d 1455 (Fed. Cir. 1997). Notwithstanding Plaintiff's argument, no defendant has sent any notices or demands to Plaintiff Package Concepts and Materials.

---

[2] The Declarations of Neil Mintz, Marcus Mintz and John L. Haller are filed concurrently herewith in support of Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (hereinafter "Neil Mintz Decl.", "Marcus Mintz Decl." and "Haller Decl.")
[3] The letter sent to Specialty Foods Group, Inc. was a promotional letter to Specialty Foods Group as a current client of Jif-Pak, intended to preserve the business relationship with that client. [Neil Mintz Decl., ¶ 8.]

In the Amended Complaint, Plaintiff continues to allege that Neil Mintz and Marcus Mintz granted an *exclusive* license to Jif-Pak under the subject patent. [Plaintiff's Amended Complaint, ¶ 9.]   However, Plaintiff states in its opposition to Defendant Jif-Pak's original motion to dismiss that Plaintiff itself *has no information* which is inconsistent with the facts stated in the Neil Mintz declaration. [4]   The previously served sworn declaration of Neil Mintz confirms that Jif-Pak enjoys a *non*-exclusive license.  The allegation of exclusivity is therefore wholly support.

Because Neil and Marcus Mintz have not participated in any activity in South Carolina from which the cause of action arose they are not subject to specific personal jurisdiction in South Carolina.  Therefore, although Plaintiff has attempted to join the patent owners because they are indispensable parties, these indispensable parties are not subject to either general or personal jurisdiction in South Carolina.

**B.   PLAINTIFF'S CLAIM FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT SHOULD BE DISMISSED FOR FAILURE TO JOIN AN INDISPENSABLE PARTY**

**1.   The Patent Owner is an Indispensable Party in a Patent Infringement Action**.

A patent owner has long been held to be an indispensable party in an action by and against a patent licensee.  *See, Independent Wireless Telegraph Co. v. Radio Corp. of America*, 269 U.S. 459, 70 L. Ed. 357, 46 S. Ct. 166 (1926); *Suprex Corp. v. Lee Scientific, Inc.*, 660 F. Supp. 89, 93 (W.D. Penn. 1987) (finding patent owner indispensable in declaratory judgment action brought against owner's licensee when owner was not subject to personal jurisdiction); *Mallinckrodt Medical, Inc. v. Sonus Pharmaceutical, Inc.*, 989 F. Supp. 265, 272 (D. D.C. 1998). But this Court does not have personal jurisdiction over patent owners, so these parties, although indispensable may not be joined.  Because Plaintiff is unable to join Neil and Marcus Mintz, Plaintiff's claim for declaratory judgment of patent non-infringement should be dismissed for failure to join an indispensable party, under Fed. R. Civ. Proc. 19(b).

As recounted by Plaintiff in its opposition to Defendant Jif-Pak's initial motion to

---

[4] Plaintiff's Opposition to the original motion to dismiss, page 2, fn 5.

dismiss, Rule 19 requires an analysis of whether a party is "necessary", under Rule 19(a), such that it should be joined, and if the necessary party cannot be joined, then an analysis of whether the party is "indispensable" is necessary, under Rule 19(b). *If the party is deemed indispensable, and cannot be joined, the action must be dismissed.*

> **2.      Neil Mintz and Marcus Mintz are Indispensable Parties in Plaintiff's Declaratory Relief Action But Cannot be Joined Therein.**

As explained above and as is established by the previously filed sworn declaration of Neil Mintz, Neil and Marcus Mintz are the owners of the '148 patent at issue in this case. [Neil Mintz Decl., ¶¶ 3, 4.] Jif-Pak is the non-exclusive licensee of the '148 patent, under an oral license. [Neil Mintz Decl., ¶¶ 5-6.] The license simply allows Jif-Pak to make, use, or sell products claimed under the '148 patent. [Neil Mintz Decl., ¶ 5.] It does not give Jif-Pak the exclusive right to engage in those activities and it does not give Jif-Pak any right to enforce the '148 patent against others. [Neil Mintz Decl., ¶ 6.] In order to determine whether a licensee is an effective patentee who could enforce patent rights, a court must "pay particular attention to whether the agreement conveys in full the right to exclude others from making, using, and selling the patented invention in the exclusive territory." *Prima Tek II, L.L.C. v. A-Roo Co.*, 222 F.3d 1372, 1377 (Fed. Cir. 2000), *citing Abbot Labs v. Diamedix Corp.*, 47 F.3d 1128, 1132-33 (Fed. Cir. 1995) (licensee lacked independent standing to sue where patent owner retained limited right to make, use and sell patented products) and *Agrashell, Inc. v. Hammons Prods. Co.*, 352 F.2d 443, 446-47 (8th Cir. 1965)(same). The Mintz patent owners have retained substantial rights in the patent and therefore Jif- Pak could not be deemed the effective patentee to have standing to maintain an infringement suit in its own name.

Neil and Marcus Mintz have not conveyed in full the right for Jif-Pak to exclude others from making, using, and selling the patented invention. Indeed, the patent owners are free to license the patent and allow as many third parties as they deem appropriate to practice the invention. [Neil Mintz Decl., ¶ 7.] Thus, the patent owners have retained all substantial rights under the patent.

Because Neil and Marcus Mintz have retained substantial rights under the patent, those

rights could be at risk if this Court deemed the '148 patent non-infringed or invalid. [5]*See Central Tools, Inc. v. Mitutoyo Corp.*, 2005 U.S. Dist. LEXIS 16996 (D. R.I. 2005). The *Central Tools* court recognized that the case law is unclear as to whether collateral estoppel would apply to a non-present patent owner, but concluded that, regardless, at the very least, a negative judgment would have a prejudicial effect on the patent owner's interests even if not absolutely binding. *Id.*, at \*15-16, *citing Messerschmitt-Boelkow-Blohm GmbH v. Hughes Aircraft Co.*, 483 F. Supp. 49, 53 (S.D.N.Y. 1979).

        In this case, a decision of non-infringement would, even if not binding, have a prejudicial effect on the patent owner's interests in, for example, the co-pending case for patent infringement in the Southern District of California brought by Neil Mintz and Marcus Mintz against both Dietz and Watson for infringement and against Package Concepts and Materials, Inc. (the Plaintiff in this action) for contributory and inducement to infringe.[6] Moreover, although Plaintiff has not yet asserted patent invalidity, it is a very rare patent case where the alleged infringer does not seek a declaration that the asserted patent is invalid. When, and if, Plaintiff attempts to amend the complaint again to add a charge of invalidity, the patent owners' substantial retained rights are at much greater risk. *See Suprex Corp. v. Lee Scientific, Inc.*, 660 F. Supp. 89, 93 (W.D. Penn. 1987) (finding a patent owner necessary because "A determination by this court of invalidity of the patent, as a practical mater, impairs the [patent owner]'s ability to defend the patent in later litigation, due to collateral estoppel implications").

    **3.**    <u>Because Neil and Marcus Mintz are necessary parties who are not subject to personal jurisdiction in South Carolina, the next determination is whether they are "indispensable" such that the action must be dismissed under Fed. R. Civ. Proc. 19(b).</u>

        There is broad case support for the finding that a patent owner who has retained substantial rights in the patent is an indispensable party in an action regarding validity or infringement of the patent. *See, Abbot Laboratories*, 47 F.3d 1128, 1132-33 (Fed. Cir. 1995); *Mallinckrodt Medical, Inc.*, 989 F. Supp. 265, 272 (D.D.C. 1998); *Proctor & Gamble Co. v.*

---

[6] The San Diego action by Neil Mintz and Marcus Mintz pre-dates Plaintiff's amended complaint, newly naming Neil and Marcus Mintz. [Haller Decl., Ex. 1.]

*Paragon Trade Brands, Inc.*, 917 F. Supp. 305, 308 n. 3 (D. Del. 1995); *Suprex Corp.*, 660 F.

Supp. 89, 93-94 (N.D. Pa. 1987); *American Elec. Power Service Corp. v. EC&C Tech., Inc.*,

2002 U.S. Dist. LEXIS 21994 (D. Ohio 2002) (dismissing patent declaratory judgment action

against patent licensee because indispensable patent owner was not subject to personal

jurisdiction). One court even found that a declaratory judgment plaintiff could not pursue its

claim without both patent co-owners in the suit: "The Court agrees with decisions by courts in

this District and other districts that a patent holder – even one who holds a patent with another

party – is an indispensable party in a declaratory judgment action challenging a patent's validity

and enforcement." *Zumbro, Inc. v. California Natural Prods.*, 861 F. Supp. 773, 783 (D. Minn.

1994) (dismissing declaratory judgment patent claims against patent co-owner because other co-

owner was not subject to personal jurisdiction and was deemed indispensable).

The Rule 19(b) analysis turns on "whether in equity and good conscience the action

should proceed among the parties before it, or should be dismissed, the absent person being thus

regarded as indispensable." Fed. R. Civ. P. 19(b). The Rule sets out four factors the Court must

consider.

The first consideration is to what extent a judgment rendered in the person's absence

might be prejudicial to the person or those already parties. A judgment regarding claim

construction, non-infringement, or patent invalidity in the patent owner's absence would be

prejudicial. This is the case both with regard to the potential collateral estoppel and market

effects of such judgments. *See Suprex Corp.*, 660 F. Supp. at 93 (recognizing the potential

devaluing effect on the patented asset and negative effects on technology development).

Furthermore, to the extent that Neil and Marcus Mintz might not be bound by this Court's

determination under collateral estoppel principles, Plaintiff would not have realized its objective

in this suit of eliminating threats of infringement litigation. *See Messerschmit-Boelkow-Blohm*

*GmbH*, 483 F. Supp. at 53, discussing *Blonder-Tongue Laboratories v. University of Illinois*

*Foundation*, 402 U.S. 313, 91 S. Ct. 1434, 28 L. Ed.2d 788 (1971). Therefore, under the first

factor, both Plaintiff and the patent owners would be prejudiced.

The second Rule 19(b) factor is the extent to which, by protective provisions in the judgment, the shaping of relief, or other measures, the prejudice can be lessened or avoided. It does not appear that any protective provisions could lessen the prejudice to both the patent owners and Plaintiff.

The third consideration is whether a judgment rendered in the person's absence will be adequate. Here, a judgment against licensee Jif-Pak may not accomplish Plaintiff's goal to stop enforcement of the '148 patent and to free Plaintiff in its efforts to market its product. *See Suprex Corp.*, 550 F. Supp. at 93.

The fourth Rule 19(b) factor is whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. Plaintiff in this case could resort to a forum, such as the Southern District of California, having personal jurisdiction over both the patent owners and licensee Jif-Pak. *See Suprex Corp.*, 660 F. Supp at 94. Thus, Plaintiff would not be without a forum to seek a remedy.

Considering all of the Rule 19(b) "equity and good conscience" factors, patent owners Neil and Marcus Mintz are indispensable parties without whom this case must be dismissed.

### 4.  Plaintiff's Reliance on Case Law is Misplaced and Distinguishable on the Facts.

In its Memorandum in Opposition to Defendant's previous Motion to Dismiss, Plaintiff has cited several distinguishable cases for the proposition that the Mintz patent owners are not indispensable parties. The *Capri Jewelry* court allowed the action to proceed where "there is nothing in appellant's assertion that the district court lacked 'jurisdiction' to proceed in the absence of the patent-owner." *Capri Jewelry, Inc. v. Hattie Carnegie Enterprises, Ltd.*, 539 F.2d 846, 853 (2nd Cir. 1976). In this case, however, Jif-Pak has directly asserted that the Court lacks subject matter jurisdiction for a lack of actual controversy, as discussed below. In the *Capri Jewelry* case, the demand letters sent by the licensee claimed it would take action individually and with the patent owners, which it in fact did when it filed a suit two weeks after the demand letter for enforcement. *Id.* Similarly, in the *Bose* case in which the wholly owned Bose Corporation subsidiary which owned the patent was not deemed to be an indispensable party,

the exclusive licensee Bose Corporation issued the demand letters itself and wholly controlled both the subsidiary and the patent. *See Micro- Acoustics Corp. v. Bose* Corporation, 493 F. Supp. 356, 361 (S.D.N.Y. 1980). In this case, Defendant Jif-Pak made no such claims in its letter to its customers. Moreover, Jif-Pak has never made such a claim against Plaintiff.

The *Parkson* case cited by Plaintiff also involved a suit by an exclusive patent licensee seeking to . *See Parkson Corp. v. Fruit of the Loom, Inc.*, Not Reported in F. Supp., 1992 WL 541570, 28 U.S.P.Q.2d 1066 (E.D. Ark. 1992). That suit was procedurally different in that the defendant was asking for dismissal due to the absence of the patent owner. The license provided exclusive rights to make, use or sell the invention throughout the United States and, apparently, the only substantive right retained by the owner was the right to agree on what action to take in the event of an infringement. Moreover, the patent owner had filed a declaration whereby he stated that he had authorized the licensee to bring the action as the sole plaintiff, would be bound by the outcome of the action, and would bring no independent legal action against the defendants. Thus, the patent owner further granted the licensee the limited remaining rights it had in the patent.

Other cases have found such exclusive licensees to be the "effective patentee" for purposes of standing. *See Prima Tek II, L.L.C.*, 222 F.3d at 1377. The patent owner in *Parkson* had licensed substantially all of its rights and delegated authority to exercise the rest to the licensee. In marked contrast, the Mintz patent owners have retained the substantial rights in the patent. [Neil Mintz Decl., ¶ ¶ 5-6.] In this case, they remain indispensable parties. *See Moore U.S.A., Inc. v. Standard Register Co.*, 60 F. Supp.2d 104, 110 n.4 (W.D. N.Y. 1999)( granting motion to add patent owner as indispensable party where it had retained reversionary rights in the patent and distinguishing *Parkson* since patent owner had produced no assurances that it would not litigate the case after the license expired).

In marked contrast to *Parkson* and like *Moore U.S.A.*, there has been no promise by the patent owners in this case to refrain from bringing another action against Plaintiff. Nor have the patent owners in this case given licensee Jif-Pak authority to file an action as the sole plaintiff.

Rather, the patent owners in this case have retained those substantial rights in the patent for themselves. Indeed, the action filed in the Southern District of California names only Neil and Marcus Mintz as the plaintiffs on the patent causes of action. [Haller Decl., Ex. 1.] Thus, while in the *Parkson* case the court was assured that the case before it would resolve the dispute because all parties were either present or had waived their rights, the case at hand is markedly different.

Because Neil and Marcus Mintz are patent owners with substantial retained patent rights they are indispensable parties. Because Plaintiff cannot not join these indispensable parties (because of lack of personal jurisdiction over these parties), the declaratory relief/patent action must be dismissed.

## C. PLAINTIFF'S CLAIM FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

In addition, the claim for declaratory judgment of non-infringement should be dismissed for lack of subject matter jurisdiction. This issue was addressed in Jif-Pak's original motion to dismiss but was not substantively addressed by Plaintiff's opposition. Even if Plaintiff succeeds in its argument that Neil and Marcus Mintz are not indispensable, this Court would have before it only a non-exclusive licensee as a declaratory judgment defendant.

This Court lacks subject matter jurisdiction over the declaratory judgment cause of action, because there is no case or controversy between the parties. Plaintiff has sued Jif-Pak, Inc., who does not have ownership rights to the '148 patent. As such, Jif-Pak does not have standing to bring a patent infringement suit against Plaintiffs. Since Jif-Pak has no such standing, Plaintiff does not have a reasonable apprehension of suit by Jif-Pak. Therefore, there is no controversy between the parties, as required by the Declaratory Judgment Act.

### 1. Defendant Jif-Pak Is Not The Patent Owner Or Exclusive Licensee Of The Patent At Issue

Plaintiff makes no allegation about ownership of the '148 patent, although a quick search of the U.S. Patent Office website would have revealed it is currently owned by the inventors,

Neil and Marcus Mintz. (Neil Mintz Decl., ¶ 4; Marcus Mintz Decl., ¶¶ 3,4.)

The patent law provides that a "patentee" shall have a remedy by civil action for infringement of a patent. 35 U.S.C. 281. This law has been interpreted to require that a suit for infringement must ordinarily be brought by a party holding legal title to the patent. *Textile Prods., Inc. v. Mead Corp.*, 134 F.3d 1481 (Fed. Cir. 1998).

A "bare licensee", who enjoys only a non-exclusive license and has no right to exclude others, has no standing to bring a patent infringement action. *Abbott Labs v. Diamedix Corp.*, 47 F.3d 1128; *Ortho Pharm. Corp. v. Genetics Inst., Inc.*, 52 F.3d 1026 (Fed. Cir. 1995).

In this case, Jif-Pak, Inc. is a bare, non-exclusive licensee of the '148 patent. The license is informal and verbal. Jif-Pak has no rights to exclude anyone else from making, using or selling the claimed structure. (Neil Mintz Decl., ¶¶ 5, 6, 7; Marcus Mintz Decl., ¶¶ 5, 6.) Furthermore, patent owners Neil and Marcus Mintz separately have the right to license the patent to anyone else or to make and sell products under the patent. [Neil Mintz Decl., ¶ 7; Marcus Mintz Decl., ¶ 6.]

Therefore, Defendant Jif-Pak does not have sufficient legal interest in the '148 patent such that it could bring a patent infringement case.

### 2. Because Defendant Does Not Have A Sufficient Legal Interest In The Patent, There Is No Actual Controversy Between The Parties As Required By 28 U.S.C. Sec. 2201

If a Defendant does not have legal interest in the patent, and therefore could not bring suit for patent infringement, there is no actual controversy which would support jurisdiction under the Declaratory Judgment Act, 28 U.S.C. Sec. 2201(1994). *Fina Research, S.A. v. Baroid Ltd.*, 141 F.3d 1479, 1481 (Fed. Cir. 1998).

Like the case in *Fina*, Defendant here does not have the rights to enforce the patent, and thus could not have brought suit for patent infringement. As such, there is no "actual controversy" between the parties, as required by the Declaratory Judgment Act. Because Plaintiff fails to show such a controversy, this Court lacks subject matter jurisdiction.

Thus, even if Plaintiff succeeds in its argument that the patent owners are not

indispensable, and this Court determines that the case can proceed without Neil and Marcus

Mintz, Plaintiff can not resolve the absence of subject matter jurisdiction. Without subject

matter jurisdiction over the declaratory judgment action, Plaintiff's patent Count One must be

dismissed under Fed. R. Civ. P. 12(b)(1).

## D.   THERE IS NO SUBJECT MATTER JURISDICTION OVER THE STATE LAW INTERFERENCE WITH CONTRACT CLAIM

If this Court dismisses the only claim over which it has original jurisdiction, the

declaratory judgment patent claim, the remaining claim will be the entirely state-law based claim

of Tortious Interference with Contract. This Court may decline to exercise supplemental

jurisdiction over a claim if the district court has dismissed all claims over which it has original

jurisdiction. 28 U.S.C. 1367(c)(3). It is important to note that Plaintiff has failed to allege any

amount in dispute relevant to its interference with contract count, thereby failing to properly

allege and/or be able to qualify for diversity jurisdiction under 28 U.S.C. § 1332.

Jif-Pak requests the Court exercise its discretion in dismissing the remaining claim over

which it only has supplemental jurisdiction and for which no amount in controversy has been

alleged, thereby failing to meet the requirement for diversity jurisdiction.

### IV.

## CONCLUSION

Plaintiff's attempt to resolve the subject matter jurisdiction problem addressed in Jif-

Pak's original motion is futile. Adding the patent owner does not resolve the problem because

Neil and Marcus Mintz are not subject to personal jurisdiction in South Carolina. The patent

owners are necessary and indispensable because they have retained substantial rights to the

patent and prejudice to both Plaintiff and the patent owners could occur if the case went forward

without them. No case and controversy exists for Plaintiff without addition of the patent owners.

Existence of an actual case and controversy is an essential element of Plaintiff's claim for

declaratory judgment of non-infringement of patent. Therefore, the declaratory relief patent

action must be dismissed.

Without the patent action to provide federal question jurisdiction, this Court should exercise its discretion and also dismiss the pendant state law claim (interference with contract) over which this Court has no independent jurisdiction.

Respectfully submitted,


  s/Rivers S. Stilwell
Neil C. Jones, Esq. (Fed. Bar No. 5470)
Rivers S. Stilwell (Fed. Bar No. 6271)
NELSON MULLINS RILEY & SCARBOROUGH LLP
Poinsett Plaza
104 South Main Street
Suite 900
P. O. Box 10084
Greenville, SC 29603-0084
864-250-2300

-and-

**OF COUNSEL:**

John L. Haller, Esq. (CA State Bar No. 61,392
Susan B. Meyer, Esq. (CA State Bar No. 204931)
GORDON & REES LLP
101 West Broadway
Suite 1600
San Diego, CA 92101
619-696-6700

Attorneys for Defendants,
JIF-PAK, Neil Mintz and Marcus Mintz


August 25, 2005

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
CASE NO. 6-05-1184 HMH

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF SOUTH CAROLINA
### GREENVILLE DIVISION

| | |
|---|---|
| PACKAGE CONCEPTS & MATERIALS, INC., | Case No. 6-05-1184-HMH |
| Plaintiff, | **DECLARATION OF JOHN L. HALLER IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| vs. | |
| JIF-PAK, NEIL MINTZ and MARCUS MINTZ | |
| Defendant. | |

### DECLARATION OF JOHN L. HALLER IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

I, JOHN L. HALLER, declare:

1.     I am an attorney at law duly licensed to practice before all the Courts of California and am an active member of the state bar of California, in good standing. I am applying for admission *pro hac vice* to the bar of this Court.

2.     I am one of the attorneys for Defendant, JIF-PAK, and as such I am familiar with the facts of this case and therefore make this declaration of my own first-hand knowledge. The facts stated herein are true and correct to the best of my knowledge. As to any matters stated herein on the basis of information and belief, I believe them to be true.

3.     On July 22, 2005, JIF-PAK and its co-plaintiffs, Neil Mintz and Marcus Mintz, filed their complaint against Plaintiffs in the United States District Court, Southern District of

///

///

///

///

California, as civil action No. 05cv1470 assigned to Hon. M. James Lorenz. A true and correct copy of that complaint is attached hereto marked Exhibit 1, indicating that Neil Mintz and Marcus Mintz are Plaintiffs.

4.      On July 22, 2005, I sent a letter to Mr. Stephen E. Story, counsel for Specialty Food Group, Inc., in which I mentioned that my previous indication that Jif-Pak was the owner of U.S. Patent No. 5,413,148 was incorrect, and that in fact Jif-Pak is a licensee. I also indicated that Neil Mintz and Marcus Mintz are the owners of the patent  A true and correct copy of this letter notification is attached hereto marked Exhibit 2.

I declare on penalty of perjury under the laws of the Untied States of America that the foregoing is true and correct to the best of my knowledge. Executed this 22nd day of August, 2005 at San Diego, California.

John L. Haller

BJPM\\1017899\281370.1

DECLARATION OF JOHN L. HALLER IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
Case No. 6-05-1184 HMH

**EXHIBIT 1**

JOHN L. HALLER (SBN: 61392)
CHARLES V. BERWANGER (SBN: 47,282)
SUSAN B. MEYER (SBN: 204931)
GORDON & REES LLP
101 West Broadway
Suite 1600
San Diego, CA 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124

Attorneys For: Plaintiffs
NEIL MINTZ, MARCUS MINTZ AND
JIF-PAK MANUFACTURING, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEIL MINTZ, an individual; and MARCUS MINTZ, an individual; and JIF-PAK MANUFACTURING, INC., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>DIETZ & WATSON, INC., a Pennsylvania corporation and PACKAGE CONCEPTS & MATERIALS, INC., a South Carolina corporation,<br><br>Defendants. | CASE **05 CV 1470 L    (AJB)**<br><br>**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTION AND FOR DAMAGES FOR PATENT INFRINGEMENT, CONTRIBUTORY INFRINGEMENT AND INDUCMENT TO INFRINGE, AND FOR DECLARATORY RELIEF REGARDING NON-INTERFERENCE WITH BUSINESS RELATIONSHIP**<br><br>*Demand for Jury Trial* |

Plaintiffs, NEIL MINTZ, MARCUS MINTZ, and JIF-PAK MANUFACTURING, INC.

(collectively "Plaintiffs") for their complaint against Defendant, DIETZ & WATSON, INC.,

(hereinafter called "D&W") and PACKAGE CONCEPTS & MATERIALS (hereinafter "PCM")

hereby alleges as follows:

**I.**

**JURISDICTION**

1.     This is a civil action for patent infringement, contributory infringement and

inducement to infringe which arises under the Patent Laws of the United States namely Title 35

1    of the United States Code and this Court has jurisdiction under 28 U.S.C. §§ 1331, 1332 and

2    1338(a). In addition, this is an action for declaratory judgment (28 U.S.C. § § 2201, 2202)

3    regarding the non-interference with a business relationship and this Court has jurisdiction under

4    28 U.S.C. § 1367.

5                                              II.

6                                            VENUE

7        2.    Plaintiffs are informed and believe that this Court is the proper venue under 28

8    U.S.C. §§ 1391(b), (c) and § 1400 because Defendant D&W is subject to personal jurisdiction in

9    this judicial district, the products of the infringing activities, as alleged herein below, are

10   advertised and sold within this judicial district and D&W is doing business in this judicial

11   district.

12       3.    Plaintiffs are informed and believe that this Court is the proper venue under 28

13   U.S.C. §1391(b), (c) and § 1440 because Defendant PCM, is subject to personal jurisdiction in

14   this judicial district, the products of the infringing activities, as alleged herein below, are

15   advertised and sold within this judicial district and PCM is doing business in this Judicial

16   District. Plaintiffs are further informed and believe that Defendant PCM will admit to the

17   jurisdiction of this court.

18                                             III.

19                                        THE PARTIES

20       4.    Plaintiff Neil Mintz is an individual, residing in the county of San Diego.

21       5.    Plaintiff Marcus Mintz is an individual, residing in the county of San Diego.

22       6.    Jif-Pak Manufacturing, Inc. is a California corporation with its principal place of

23   business in the County of San Diego ("Jif-Pak").

24       7.    Upon information and belief, Defendant D&W is a Pennsylvania corporation,

25   with a principal place of business in Philadelphia, Pennsylvania.

26       8.    Upon information and belief, Defendant PCM is a South Carolina corporation,

27   with a principal place of business in Greenville, South Carolina.

28   / / / / /

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

-2-
COMPLAINT

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

IV.

## COUNT 1

### PATENT INFRINGEMENT

**(Against All Defendants)**

9. Plaintiffs, Neil Mintz and Marcus Mintz, reallege the allegations of the foregoing Paragraphs 1 through 6, and incorporates allegations herein by reference as though fully set forth.

10. On May 9, 1995, United States Letters Patent No. 5,413,148 (the '148 patent) entitled Casing Structure for Encasing Meat Products (hereinafter the Patented Invention) issued to co-inventors Neil Mintz and Marcus Mintz. Plaintiffs are the owners/licensees of the '148 patent and enjoy all rights, title and interest in and to said '148 patent.

11. Plaintiffs Neil Mintz and Marcus Mintz, have informally licensed the right to make have made use sell and advertise the invention claimed in the '148 patent to Plaintiff Jif-Pak.

12. The '148 patent relates to a tubular casing for meat products having a stockinette member with a knit tubular member formed of threads and a netting arrangement which is intricately formed with the stockinette member. The netting arrangement may either be knit in with the stockinette member or the strands of the knitting arrangement may be laid in.

13. Plaintiffs are informed and believe and on that basis alleged that Defendants have been and continue to directly infringe, contributory infringement and/or induced others to infringe the '148 patent by practicing the patent invention, selling components which have no substantial non-infringing use and/or knowingly teaching others to practice the patented invention.

14. Plaintiffs are informed and believe that Defendants infringement is willful, malicious and without regard to the rights of Plaintiffs.

15. Plaintiffs are further informed and believe that such practice will continue unless enjoined by this Court.

/////

-3-

## V.

## COUNT TWO

## DECLARATORY JUDGMENT: NON-INTERFERENCE WITH BUSINESS RELATIONSHIP

### (Against All Defendants)

16.     Plaintiff Jif-Pak reallege all the allegations in the foregoing paragraphs 1 through 15 and incorporates said allegations herein by reference as though fully set forth.

17.     Plaintiff Jif-Pak is the licensee of the '148 patent and has notified Defendant D&W and other customers including Specialty Food Group, Inc. of Virginia of the existence of the '148 patent and that their activities may be infringing said patent.

18.     Plaintiff Jif-Pak's notice was in the form of a communication to Plaintiff Jif-Pak's current customers to identify the benefits of continuing to do business with Jif-Pak.

19.     Defendant PCM has asserted that Jif-Pak's communication with its customers regarding the existence of the '148 patent and encouraging its customers to maintain its business with Jif-Pak constitutes an interference with PCM's relationship with said customers.

20.     Jif-Pak has notified PCM that it has the right to advise others, specifically Plaintiffs own customers as to the existence of the '148 patent and of its belief that the activities of such customers may constitute infringement and that Jif-Pak would like to maintain their business.

21.     There is a present actual and continuing controversy between Plaintiff Jif-Pak and Defendant PCM as to Jif-Pak's right to notify its customers including Dietz & Watson, Inc. of the existence of the '148 patent and to indicate that its customers including Dietz & Watson, Inc. may be infringing such patent..

## VI.

## PRAYER

WHEREFORE, Plaintiffs pray the Court for the following relief:

1.     That Defendants, their subsidiaries, affiliates, parents, successors, assigns, officers, agents, servants, employees, attorneys, and all persons acting in concert or in

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

1  participation with them, or any of them, be preliminarily enjoined during the pendency of this

2  action, and permanently enjoined thereafter from infringing, contributing to the infringement of,

3  and inducing infringement of the '148 patent and specifically from directly or indirectly making,

4  using, marketing, advertising, offering for sale, or selling and distributing devices embodying the

5  invention of the '148 patent during the life of the '148 patent without express written authority of

6  Plaintiffs. That Defendants be ordered to deliver to Plaintiffs for destruction at Plaintiffs' option,

7  their entire inventory of products that infringe the '148 patent.

8      2.    That Defendants and each of them, be directed to fully compensate Plaintiffs for

9  all damages attributable to Defendants' infringement of '148 patent in an amount according to

10  proof at trial.

11      3.    That Plaintiffs' notification to Dietz & Watson, Inc. and other customers and

12  potential customers regarding the existence of the '148 patent is lawful and does not constitute

13  an interference with any business relationship of Defendant PCM.

14      4.    For an accounting of such damages.

15      5.    That such damages be trebled.

16      6.    An award of attorneys' fees, interest and costs against Defendants and each of

17  them.

18  Dated: July 22, 2005               GORDON & REES LLP

19

20

21                            By: _____

22                            John L. Haller
                          Attorneys For Plaintiffs
                          NEIL MINTZ and MARCUS MINTZ

23

24

25

26

27

28

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial by jury of every issue that is triable by jury.

Dated: July 22, 2005                          GORDON & REES LLP

                                              By: _____
                                                  John L. Haller
                                              Attorneys For Plaintiffs
                                              NEIL MINTZ and MARCUS MINTZ

**EXHIBIT 2**

JOHN L. HALLER
JHALLER@GORDONREES.COM
DIRECT DIAL: (619) 230-7451

ATTORNEYS AT LAW
101 WEST BROADWAY
SUITE 1600
SAN DIEGO, CA  92101
PHONE: (619) 696-6700
FAX: (619) 696-7124
WWW.GORDONREES.COM

July 22, 2005

Via e-mail to:  sstory@kaufcan.com
Stephen E. Story, Esq.
KAUFMAN & CANOLES
150 West Main Street
Suite 2100
Norfolk, VA  23514

  Re: Jif-Pak Manufacturing, Inc. vs. SFG, Inc.
    Our Ref. No. BJPMI 1027086  (7211-IN05)
  Subject: Owner of the '148 Patent

Dear Mr. Story:

  This letter is further to my letter to Mr. Mark Gray, Vice President of Operations of Specialty Foods Group, Inc. on approximately February 28, 2005, in which I informed him of the existence of U.S. Patent No. 5,413,148 (the '148 Patent), on behalf of the exclusive licensee of the '148 Patent.  In that letter, I inadvertently indicated that Jif-Pak Manufacturing, Inc. is the owner of the '148 patent.  This is not a true statement and in actual fact, Jif-Pak Manufacturing, Inc. is only the owner of a license to the '148 patent.

  I write today to correct that mistake, and to inform you on behalf of your client, Specialty Foods Group, Inc., that the true owners of the '148 Patent are Neil Mintz and Marcus Mintz, and that their licensee is Jif-Pak Manufacturing, Inc.

  I apologize for any inconvenience my inadvertent misstatement as to ownership of the '148 Patent may have caused.

    Very truly yours,

    GORDON & REES LLP

    John L. Haller

JLH:wp
copy:  Jif-Pak Manufacturing, Inc.

BJPMI\1027086\275620.1

SAN FRANCISCO  ɔ  SAN DIEGO  ɔ  LOS ANGELES  ɔ  SACRAMENTO  ɔ  ORANGE COUNTY  ɔ  LAS VEGAS  ɔ  PORTLAND  ɔ  HOUSTON  ɔ  PHOENIX

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### GREENVILLE DIVISION

| | |
|---|---|
| PACKAGE CONCEPTS & MATERIALS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> JIF-PAK, NEIL MINTZ, and MARCUS MINTZ, <br><br> Defendant. | Case No. 6-05-1184-HMH <br><br> **DECLARATION OF MARCUS MINTZ IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | |
|---|---|
| PACKAGE CONCEPTS & MATERIALS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> JIF-PAK <br><br> Defendant. | Case No. 6-05-1184-RBH <br><br> **DECLARATION OF MARCUS MINTZ IN SUPPORT OF JIF-PAK'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** |

<u>**DECLARATION OF MARCUS MINTZ IN SUPPORT OF JIF-PAK'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**</u>

I, Marcus Mintz, declare:

1.    I am an individual resident of the county of San Diego state of California. I make this declaration of my own first hand knowledge. If called to testify to the facts stated herein, I could and would competently testify thereto. As to matters stated herein on the basis of information and belief, I believe them to be true.

2.    I am the co-inventor of the invention which is the subject matter of U.S. Patent No. 5,413,148. My son Neil Mintz is the other co-inventor.

3.    I am the co-owner of U.S. Patent No. 5,413,148. My son Neil Mintz is the other co-owner.

4.    I am informed and believe that my and my son's ownership of the '148 patent is reflected on the records of the United States Patent and Trademark Office website, uspto.gov.

5.    I have informally (verbally) licensed the right to make, have made, use, sale, and advertise the invention claimed in the '148 patent to Jif-Pak Manufacturing, Inc.

6.      As co-owner of '148 patent, I understand that I have the right to license others to rights under the '148 patent.

7.      I have no residence in South Carolina.

8.      I have no real property in South Carolina.

9.      I have no drivers license for the state of South Carolina.

10.     I have no personal property located in the state of South Carolina.

11.     I am not an officer or director of any business organized under the laws of the state of South Carolina.

12.     I have no mailing address in the state of South Carolina.

13.     I have no telephone number in the state of South Carolina

14.     I have not traveled to South Carolina for business.

15.     I have not traveled to South Carolina except for pleasure and that was over 15 years ago, before the '148 patent issued.

I declare under penalty of perjury under the laws of the Untied States of America that the foregoing is true and correct to the best of my knowledge. Executed this 25th day of July, 2005 at San Diego, California.

Marcus Mintz

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### GREENVILLE DIVISION

| | |
|---|---|
| PACKAGE CONCEPTS & MATERIALS, INC., | Case No. 6-05-1184-HMH |
| Plaintiff, | **DECLARATION OF NEIL MINTZ IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| vs. | |
| JIF-PAK, NEIL MINTZ, and MARCUS MINTZ, | |
| Defendant. | |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| PACKAGE CONCEPTS & MATERIALS, INC., | Case No. 6-05-1184-RBH |
| Plaintiff, | **DECLARATION OF NEIL MINTZ IN SUPPORT OF JIF-PAK'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** |
| vs. | |
| JIF-PAK | |
| Defendant. | |

## DECLARATION OF NEIL MINTZ IN SUPPORT OF JIF-PAK'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

I, Neil Mintz, declare:

1.    I am an individual resident of the county of San Diego state of California. I make this declaration of my own first hand knowledge. If called to testify to the facts stated herein, I could and would competently testify thereto. As to matters stated herein on the basis of information and belief, I believe them to be true.

2.    I am the co-inventor of the invention which is the subject matter of U.S. Patent No. 5,413,148. My father Marcus Mintz is the other co-inventor.

3.    I am the co-owner of U.S. Patent No. 5,413,148. My father Marcus Mintz is the other co-owner

4.    I am informed and believe that my and my father's ownership of the '148 patent is reflected on the records of the United States Patent and Trademark Office website, uspto.gov.. Attached hereto marked Exhibit A is a true and correct copy of the results of a query of the USPTO's Assignment database, which yielded the report that no assignment data is available with respect to the '148 patent. This negative report shows that there has been no assignment with respect to the '148 patent, independently confirming that my father and I still own the '148

Case 3:05-cv-02200-L -CAB   Document 1   Filed 12/01/05   Page 132 of 259
07/26/2005 13:29 7605972667   JIF PAK MFG
6:05-cv-01184-HMH   Date Filed 08/25/2005   Entry Number 13-5   Page 3 of 4

patent

5.    I have informally (verbally) licensed the right to make, have made, use, sale, and advertise the invention claimed in the '148 patent to Jif-Pak Manufacturing, Inc.

6.    As a licensor, I understand that licensee, Jif-Pak, does not have the right to initiate or maintain a patent or infringement lawsuit even though it can notify others of the existence of a patent and that it can indicate that another's practice may infringe the license patent.

7.    As co-owner of the '148 patent, I understand that I have the right to license others to rights under the '148 patent.

8.    As president of Jif-Pak, I understand that a notification was sent to Specialty Food Group that advised that Jif-Pack was the owner of the '148 patent when in fact it is not the owner of the '148 patent because Jif-Pak is only a licensee of the '148 patent. A corrective statement has been forwarded to Specialty Foods Group.

9.    I have no residence in South Carolina.

10.    I have no real property in South Carolina.

11.    I have no bank account in South Carolina.

12.    I have no drivers license for the state of South Carolina.

13.    I have no personal property located in the state of South Carolina.

14.    I am not an officer or director of any business organized under the laws of the state of South Carolina.

15.    I have no mailing address in the state of South Carolina.

16.    I have no telephone number in the state of South Carolina

17.    I have most recently visited South Carolina approximately 5 years ago briefly and on a single visit to attend a trade show as a representative of Jif-Pak.

I declare under penalty of perjury under the laws of the Untied States of America that the foregoing is true and correct to the best of my knowledge. Executed this 26 day of July, 2005 at San Diego, California.

Neil Mintz

JIPM50517290(307)63.1

1

 **United States Patent and Trademark Office**

Home | Site Index | Search | Guides | Contacts | eBusiness | eBiz alerts | News | Help



**Assignments on the Web > Patent Query**

## Assignment Data Not Available

### For Patent Number: 5413148

If you have any comments or questions concerning the data displayed, contact OPR / Assignments at 703-308-9723

| .HOME | INDEX | SEARCH | eBUSINESS | CONTACT US | PRIVACY STATEMENT

# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
### (     GREENVILLE DIVISION)

PACKAGE CONCEPTS & MATERIALS, INC.

|  |  |
|---|---|
| Plaintiff/Petitioner/USA, | ) |
| v. | ) |
| JIF-PAK | ) |
|  | ) |
| Defendant/Respondent. | ) |
|  | ) |

Case No. 6-05-1184 HMH

**Motion
in Support of
*Pro Hac Vice* Application**

The undersigned local counsel hereby moves, together with the attached Application and Affidavit, that John L. Haller and Susan B. Meyer be admitted *pro hac vice* in the above-captioned case as associate counsel. As local counsel, I understand that:

1.     I will personally sign and include my District of South Carolina federal bar attorney identification number on each pleading, motion, discovery procedure, or other document that I serve or file in this court; and

2.     All pleadings and other documents that I file in this case will contain my name, firm name, address, and phone number and those of my associate counsel admitted *pro hac vice*; and

3.     Service of all pleadings and notices as required shall be sufficient if served upon me, and it is my responsibility to serve my associate counsel admitted *pro hac vice*; and

4.     Unless excused by the court, I will be present at all pretrial conferences, hearings, and trials and may attend discovery proceedings. I will be prepared to actively participate if necessary.

5.     Certification of Consultation (Local Civil Rule 7.02).

☑     Prior to filing this Motion, I conferred with opposing counsel who has indicated the following position as to this Motion: ☐ will likely oppose; ☑ does not intend to oppose

☐     Prior to filing this Motion, I attempted to confer with opposing counsel but was unable to do so for the following reason(s):

☐     No duty of consultation is required because the opposing party is proceeding pro se.

| | |
|---|---|
| Nelson Mullins Riley & Scarborough, LLP | Rivers S. Stilwell |
| Firm Name | Name of Local Counsel |
| 104 South Main Street, Suite 900 | s/Rivers S. Stilwell |
| Street Address or Post Office Box | Signature of Local Counsel |
| Greenville, South Carolina 29601-2122 | Local Counsel for the Defendant Jif-Pak |
| City, State, Zip Code | |
| 864-250-2300 | District of South Carolina |
| Telephone Number | Federal Bar Number 6271 |

**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
( **GREENVILLE DIVISION**)

PACKAGE CONCEPTS & MATERIALS, INC.

|  |  |  |
|---|---|---|
| Plaintiff/Petitioner/USA, v. | ) ) ) | Case No. 6-05-1184 HMH |
| JIF-PAK | ) ) ) | **Application/Affidavit for** *Pro Hac Vice* **Admission** |
| Defendant/Respondent. | ) ) ) | **and Order** |

(1) <u>Name</u>.    JOHN       L.       HALLER
        First            Middle          Last

(2) <u>Residence</u>. I reside in the following state:   CALIFORNIA
If a South Carolina resident, indicate months/years of residence:

(3) <u>Business Address</u>. I am an attorney and practice law under the name of or as a member of the following firm:

     Firm name:      GORDON & REES LLP
     Mailing address:      101 WEST BROADWAY, SUITE 1600, SAN DIEGO, CA 92101
     Telephone number:   619-696-6700
     Facsimile number:   619-696-7124
     E-mail address:     jhaller@gordonrees.com
     (Application will not be considered without an e-mail address to receive electronic notification.)

(4) <u>Jurisdiction of this Court</u>. I, by execution of this Application and Affidavit, consent and agree to comply with the applicable statutes, laws, and rules of the State of South Carolina, with all applicable federal statutes, laws, and rules, including Local Rules of the United States District Court for the District of South Carolina (particularly, Local Civil Rule 83.I.08 and/or Local Criminal Rule 57.I.08). I consent to the jurisdiction of the United States District Court for the District of South Carolina in all matters of attorney conduct.[1]

(5) <u>Regular Practice of Law</u>. I am a member in good standing of the bar of the highest court of the District of Columbia or the State of   CALIFORNIA      where I regularly practice law. **Attached is my certificate of good standing.**

(6) <u>Additional Bar Membership</u>. I have been admitted to practice before the following courts: (List all of the courts Applicant has been admitted to practice before: United States District Courts; United States Circuit Courts of Appeals; the Supreme Court of the United States; and courts of other states or the District of Columbia.) By signing this Affidavit, I certify that I am a member in good standing of each of the listed bars unless otherwise noted.

---

[1] This District maintains a web site (www.scd.uscourts.gov) from which the federal and local rules of procedure and related materials may be obtained.

| Court | Date Admitted | Good Standing |
|---|---|---|
| USDC, Southern District of California | | ☑ Yes ☐ No |
| USDC, Central District of California | | ☑ Yes ☐ No |
| USDC, Northern District of California | | ☑ Yes ☐ No |

(7)  Pending Disciplinary Matters. Are you presently the subject of any formal suspension or disbarment proceedings, and have you been notified by any disciplinary agency of the initiation of formal procedures? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .☐ Yes ☑ No
(If "yes," give particulars, such as jurisdiction, court, date, grounds. Information to comply with this paragraph may be provided *in camera* but that fact shall be revealed below.)

(8)  Curtailment of Prior *Pro Hac Vice* Admissions. Have you ever had any application for admission *pro hac vice* in this or any other jurisdiction denied or any *pro hac vice* admission revoked?
☐ Yes ☑ No
(If "yes," give particulars, such as date, court, docket number, judge, circumstances; attach a copy of any order of denial or revocation.)

(9)  Sanctions. Have you ever had any certificate or privilege to appear and practice before any judicial or administrative body suspended or revoked, or received a public reprimand or greater sanction?
☐ Yes ☑ No
(If "yes," give particulars, e.g., judicial or administrative body, date of suspension, and reinstatement.)

(10) Criminal Sanctions. Have you ever been convicted of a felony under the laws of the District of Columbia or of any State or under the laws of the United States?
☐ Yes ☑ No
(If "yes," give particulars, such as date, court, judge, circumstances, and ultimate disposition.)

(11) Present and Previous *Pro Hac Vice* in this Court. Have you, within the last ten (10) years, filed an application to appear *pro hac vice* in the United States District Court for the District of South Carolina or another court in the state of South Carolina?
☐ Yes ☑ No
(If "yes," give court, case name, docket number, and status of litigation, year of application, local counsel of record in each case, and state whether application is pending or was granted.) Attach additional pages if necessary.

(12)    Designated Local Counsel. Local counsel of record associated with Applicant in this case is:

Attorney Name:  Rivers Stillwell, Esq.

Firm Name:  NELSON MULLINS RILEY & SCARBOROUGH

Street Address or Post Office Box:  104 SOUTH MAIN STREET, SUITE 900

City, State, and Zip Code:  GREENVILLE, SOUTH CAROLINA 29603-0084

Telephone Number:  864-250-2300

E-Mail Address:  rivers.stillwell@nelsonmullins.com

I understand that local counsel of record is required to: (1) personally sign each pleading, motion, discovery procedure, or other document served or filed in this Court; (2) accept service of all pleadings and notices as required on behalf of all counsel for the party represented; (3) be present at all pretrial conferences, hearings and trials, unless excused by the Court; (4) be prepared to participate actively as may be necessary; and (5) assure compliance with Local Civil Rules 83.I.04, 83.I.05, and 83.I.06 or Local Criminal Rules 57.I.04, 57.I.05, and 57.I.06 as appropriate. Local counsel of record may attend discovery proceedings.

(13)    Associated Counsel. In addition to local counsel designated above, the following counsel are also associated with the undersigned in this case.

NONE

(14)    Application Fee. I affirm that the application fee of one hundred and fifty dollars ($150) has been paid in accordance with Local Civil Rule 83.I.05 or Local Criminal Rule 57.I.05 or paid herewith.

(15)    Electronic Notification. By submitting this application, I consent to electronic notification.

(16)    Represented Party/Parties. I seek to represent the following party/parties:

DEFENDANT, JIF-PAK

_____
Signature of Applicant

Sworn to and subscribed before me
this __18__ day of AUGUST _____ 20_05_

_____
A Notary Public
of the State of _____

My Commission expires: _____

Please see attached
California All-Purpose
Acknowledgment.

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**

State of California

County of _San Diego_ } ss.

On _August 18, 2005_ before me, _Jose R. Lopez, JR_
Date                                    Name and Title of Officer (e.g., "Jane Doe, Notary Public")

personally appeared _John Laurence Haller_
                                    Name(s) of Signer(s)

☐ personally known to me
☒ proved to me on the basis of satisfactory evidence

to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_Jose R. Lopez, Jr._
Signature of Notary Public

[Notary Seal: JOSE R. LOPEZ JR.  Commission # 1520198  Notary Public - California  San Bernardino County  My Comm. Expires Oct 18, 2008]

━━━━━━━━━━ **OPTIONAL** ━━━━━━━━━━

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: _Application / Affidavit for Pro Hac Vice Admission_

Document Date: _August 18, 2005_                Number of Pages: _3_

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer**

Signer's Name: _____

☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney-in-Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer is Representing: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

© 1999 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.nationalnotary.org     Prod. No. 5907     Reorder: Call Toll-Free 1-800-876-6827

# CERTIFICATE OF GOOD STANDING

UNITED STATES OF AMERICA

SOUTHERN DISTRICT OF CALIFORNIA     } ss.

    I, W. Samuel Hamrick, Jr., Clerk of the United States District Court for the

Southern District of California,

    DO HEREBY CERTIFY That John L Haller was duly admitted to practice in said Court

on December 9, 1974, and is in good standing as a member of the bar of said Court

Dated at San Diego, CA

on August 26, 2005

        W. SAMUEL HAMRICK, JR.
                     Clerk

By M Stottlemyer

                    Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
( GREENVILLE DIVISION)

PACKAGE CONCEPTS & MATERIALS, INC.

|  |  |  |  |
|---|---|---|---|
| Plaintiff/Petitioner/USA, | v. | ) | Case No. **6-05-1184 HMH** |
| JIF-PAK | | ) | |
| | | ) | **Application/Affidavit for** |
| | | ) | ***Pro Hac Vice* Admission** |
| Defendant/Respondent. | | ) | **and Order** |
| | | ) | |

(1) <u>Name</u>. SUSAN     B.     MEYER
     First      Middle      Last

(2) <u>Residence</u>. I reside in the following state: SOUTH DAKOTA
If a South Carolina resident, indicate months/years of residence:

(3) <u>Business Address</u>. I am an attorney and practice law under the name of or as a member of the following firm:

     Firm name:      **GORDON & REES LLP**
     Mailing address:      **101 WEST BROADWAY, SUITE 1600, SAN DIEGO, CA 92101**
     Telephone number:      **619-696-6700**
     Facsimile number:      **619-696-7124**
     E-mail address:      jhaller@gordonrees.com
     (Application will not be considered without an e-mail address to receive electronic notification.)

(4) <u>Jurisdiction of this Court</u>. I, by execution of this Application and Affidavit, consent and agree to comply with the applicable statutes, laws, and rules of the State of South Carolina, with all applicable federal statutes, laws, and rules, including Local Rules of the United States District Court for the District of South Carolina (particularly, Local Civil Rule 83.I.08 and/or Local Criminal Rule 57.I.08). I consent to the jurisdiction of the United States District Court for the District of South Carolina in all matters of attorney conduct.[1]

(5) <u>Regular Practice of Law</u>. I am a member in good standing of the bar of the highest court of the District of Columbia or the State of CALIFORNIA where I regularly practice law. **Attached is my certificate of good standing.**

(6) <u>Additional Bar Membership</u>. I have been admitted to practice before the following courts: (List all of the courts Applicant has been admitted to practice before: United States District Courts; United States Circuit Courts of Appeals; the Supreme Court of the United States; and courts of other states or the District of Columbia.) By signing this Affidavit, I certify that I am a member in good standing of each of the listed bars unless otherwise noted.

---

[1] This District maintains a web site (www.scd.uscourts.gov) from which the federal and local rules of procedure and related materials may be obtained.

| Court | Date Admitted | Good Standing |
|---|---|---|
| USDC, Southern District of California | | ☑ Yes ☐ No |
| USDC, Central District of California | | ☑ Yes ☐ No |
| USDC, Northern District of California | | ☑ Yes ☐ No |

(7) <u>Pending Disciplinary Matters</u>. Are you presently the subject of any formal suspension or disbarment proceedings, and have you been notified by any disciplinary agency of the initiation of formal procedures? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes ☑ No
(If "yes," give particulars, such as jurisdiction, court, date, grounds. Information to comply with this paragraph may be provided *in camera* but that fact shall be revealed below.)

(8) <u>Curtailment of Prior *Pro Hac Vice* Admissions</u>. Have you ever had any application for admission *pro hac vice* in this or any other jurisdiction denied or any *pro hac vice* admission revoked?
☐ Yes ☑ No
(If "yes," give particulars, such as date, court, docket number, judge, circumstances; attach a copy of any order of denial or revocation.)

(9) <u>Sanctions</u>. Have you ever had any certificate or privilege to appear and practice before any judicial or administrative body suspended or revoked, or received a public reprimand or greater sanction?
☐ Yes ☑ No
(If "yes," give particulars, e.g., judicial or administrative body, date of suspension, and reinstatement.)

(10) <u>Criminal Sanctions</u>. Have you ever been convicted of a felony under the laws of the District of Columbia or of any State or under the laws of the United States?
☐ Yes ☑ No
(If "yes," give particulars, such as date, court, judge, circumstances, and ultimate disposition.)

(11) <u>Present and Previous *Pro Hac Vice* in this Court</u>. Have you, within the last ten (10) years, filed an application to appear *pro hac vice* in the United States District Court for the District of South Carolina or another court in the state of South Carolina?
☐ Yes ☑ No
(If "yes," give court, case name, docket number, and status of litigation, year of application, local counsel of record in each case, and state whether application is pending or was granted.) Attach additional pages if necessary.

(12)  Designated Local Counsel.  Local counsel of record associated with Applicant in this case is:

Attorney Name:  Rivers Stillwell, Esq.

Firm Name:  NELSON MULLINS RILEY & SCARBOROUGH

Street Address or Post Office Box:  104 SOUTH MAIN STREET, SUITE 900

City, State, and Zip Code:  GREENVILLE, SOUTH CAROLINA 29603-0084

Telephone Number:  864-250-2300

E-Mail Address:  rivers.stillwell@nelsonmullins.com

I understand that local counsel of record is required to: (1) personally sign each pleading, motion, discovery procedure, or other document served or filed in this Court; (2) accept service of all pleadings and notices as required on behalf of all counsel for the party represented; (3) be present at all pretrial conferences, hearings and trials, unless excused by the Court; (4) be prepared to participate actively as may be necessary; and (5) assure compliance with Local Civil Rules 83.I.04, 83.I.05, and 83.I.06 or Local Criminal Rules 57.I.04, 57.I.05, and 57.I.06 as appropriate.  Local counsel of record may attend discovery proceedings.

(13)  Associated Counsel.  In addition to local counsel designated above, the following counsel are also associated with the undersigned in this case.

NONE

(14)  Application Fee.  I affirm that the application fee of one hundred and fifty dollars ($150) has been paid in accordance with Local Civil Rule 83.I.05 or Local Criminal Rule 57.I.05 or paid herewith.

(15)  Electronic Notification.  By submitting this application, I consent to electronic notification.

(16)  Represented Party/Parties.  I seek to represent the following party/parties:

DEFENDANT, JIF-PAK

_____
Signature of Applicant

Sworn to and subscribed before me

this ___19___ day of _AUGUST_____ 20_05_.

_Cindy A. Wilson_____
A Notary Public
of the State of _South Dakota_____

My Commission expires: _2/7/09_____

# CERTIFICATE OF GOOD STANDING

UNITED STATES OF AMERICA

SOUTHERN DISTRICT OF CALIFORNIA     } ss.

    I, W. Samuel Hamrick, Jr., Clerk of the United States District Court for the

Southern District of California,

    DO HEREBY CERTIFY That Susan B. Meyer was duly admitted to practice in said

Court on December 8, 1999, and is in good standing as a member of the bar of said Court

Dated at  San Diego, CA

on August 26, 2005

W. SAMUEL HAMRICK, JR.

Clerk

By M Stottlemyer

Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Package Concepts & Materials, Inc., | Civil Action No. 6-05-1184-RBH |
| Plaintiff, | |
| vs. | **PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |
| JIF-PAK, Neil Mintz, and Marcus Mintz, | |
| Defendants. | |

The Plaintiff, Package Concepts & Materials, Inc. ("Package Concepts" or "Plaintiff") respectfully submits the following Memorandum of Law in Opposition to the Motion to Dismiss in the above-captioned matter. For the reasons that follow, the Motion should be denied.

## BACKGROUND

Plaintiff and JIF-PAK Manufacturing, Inc. (hereinafter "JIF-PAK") are competitors in the manufacture and sale of food packaging products. On April 20, 2005, Plaintiff filed the above-captioned action seeking a declaration that the patent in dispute, U.S. Patent No. 5,413,148 ("the '148 Patent"), is not infringed by Package Concepts and further asserts a tortuous interference claim against JIF-PAK. Prior to filing suit, JIF-PAK, through its lawyers and other representatives, contacted a number of Plaintiff's customers, including SFG, Inc., to demand it immediately cease purchasing allegedly infringing product from Package Concepts.[1] In that letter, JIF-PAK represented that it was the owner of the Patent in question: "As indicated in my August 2, 2004 letter, JIF-PAK Manufacturing, Inc. is the owner of the '148 Patent and the '148 Patent is good and valid under the law." (emphasis added). As that correspondence makes clear, SFG was advised on at least two (2) separate occasions that JIF-PAK was in fact the owner of

---

[1] A copy of the letter to SFG is attached hereto and made a part hereof as Exhibit A.

the patent in question.[2]  Other customers, including Publix Supermarkets and Gusto Packaging were also contacted. (Bylenga Aff. at ¶¶ 2-3).[3]

According to the Defendants' assertions, Neil Mintz and Marcus Mintz, father and son, are the co-owners and co-inventors of the '148 Patent.  Notably, Neil Mintz is the president of the corporate Defendant, JIF-PAK.[4]  (Mintz Aff. at ¶ 8).  As President of JIF-PAK, Neil Mintz presumably has control over the actions of the corporation, including the decision to transmit correspondence to Plaintiff's customers like SFG, Publix and Gusto.  As a direct result of those threats, Plaintiff lost business from both Publix and Gusto (Bylenga Aff. at ¶ 3).  Both are significant accounts.  While it is difficult to estimate the loss with precision at present, Plaintiff has incurred at least $100,000 in lost sales from Publix and Gusto  (Bylenga Aff. at ¶ 4).  That monetary injury has been incurred wholly within the State of South Carolina. (Bylenga Aff. at ¶ 5).

On July 22, 2005 JIF-PAK, Neil Mintz and Marcus Mintz filed an infringement action against Package Concepts (along with another Defendant) in the United States District Court for the Southern District of California alleging that Package Concepts is infringing the very patent issue in this lawsuit.[5]  It is important to note that both in the case at bar and in the California action, JIF-PAK and the Mintz are represented by the same California counsel.  Moreover, the

---

[2]      In its brief, the Mintz make much of the fact that JIF-PAK's lawyers subsequently wrote SFG in order to correct their mistake concerning ownership of the '148 Patent. Notably, that letter did not go out until after the instant lawsuit was filed and the Mintz apparently recognized the letter as problematic for their position on the personal jurisdiction issue.

[3]      The declaration of Andrew Bylenga is attached hereto and made a part hereof as Exhibit B.

[4]      Marcus Mintz is listed as the contact person for JIF-PAK Industrial Knitting on an Internet directory for the food service industry attached hereto and made a part hereof as Exhibit C. According to that directory, JIF-PAK Industrial Knitting makes product similar (if not identical) to that of the corporate Defendant in this lawsuit. Presumably, both entities are affiliated.

[5]      A copy of that pleading is attached hereto and made a part hereof as Exhibit D. It is undisputed that the South Carolina lawsuit was initiated first. Accordingly, the instant lawsuit enjoys primacy pursuant to the "first-filed rule." *See e.g. Pacesetter Systems v. Medtronic*, 678 F.2d 93, 95 (9th Cir. 1982).

issues in both lawsuits are essentially the same, *i.e.*, the alleged infringement and tortuous interference.

JIF-PAK initially moved to dismiss the Complaint in this case on the ground that JIF-PAK was not the owner of the '148 Patent but instead only a non-exclusive licensee, maintaining that Neil Mintz and Marcus Mintz were the owners of the Patent and, therefore, both gentlemen had to be joined as indispensable parties under Rule 19 of the Federal Rules of Civil Procedure. Plaintiff subsequently amended its Complaint to name Neil and Marcus Mintz as Defendants. The Mintz's now move to dismiss the action as to them individually, maintaining they are not subject to personal jurisdiction in South Carolina. JIF-PAK further asserts that the entire action must then be dismissed because the Mintz are necessary and indispensable parties under Rule 19 of the Federal Rules of Civil Procedure.

## LAW AND ANALYSIS

This Court has personal jurisdiction over the individual Defendants. Even assuming, *arguendo*, that personal jurisdiction is lacking as to the Mintz, this case may nevertheless go forward in their absence because they are not necessary and indispensable parties for the purposes of Rule 19.

## I. JURISDICTION

A federal court may exercise personal jurisdiction over a defendant if: (1) the applicable state long arm statute confers jurisdiction and (2) the exercise of jurisdiction is consistent with constitutional due process. It is well accepted the South Carolina Long-Arm Statute, S.C. Code Ann. § 36-2-803, has been interpreted to extend jurisdiction to the limits of due process. *Sonoco Prods. Co. v. Inteplast Corp.*, 867 F. Supp. 352, 354 (D.S.C. 1994). Accordingly, the two inquiries merge into one and jurisdiction may be exercised if the defendant has the requisite

NPGVL1:237428.1-DOC-(MSP) 017700-00017

"minimum contacts" with the forum state. *World-Wide Volkswagen Corp. v. Wilson*, 44 U.S.

286, 291 (1980); *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Stover v.*

*O'Connell Associates, Inc.*, 84 F.3d 132, 136 (4th Cir. 1986), *cert. denied*, 519 U.S. 983.  In his

federal civil practice treatise, Judge Horn succinctly stated the minimum contacts requirement as

follows:

> In defining the 'minimum contacts' necessary to establish personal
> jurisdiction, the Supreme Court has required that the defendant
> 'purposely avail[] itself of the privilege of conducting activities
> within the foreign state . . .' *Hanson*, 357 U.S. at 253.  In other
> words, the actions <u>initiated by the defendant</u> must be 'purposely
> directed' at the foreign state, creating a 'substantial connection'
> with that state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462,
> 475-76 (1985); *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770,
> 774 (1984); *World-Wide Volkswagen*, 444 U.S. at 297; *Lesnick*, 35
> F.3d at 945; and *Ellicott Machine Corp.*, 995 F.2d at 477.  Put
> another way, due process requires sufficient contacts with a foreign
> state that a defendant should 'reasonably anticipate being hauled
> into court there.' *World-Wide Volkswagen*, 444 U.S. at 297.

Carl Horn and Patrice P. Lewis, *Federal Civil Practice in the Fourth Circuit* § 41 (1997).

On at least four (4) separate occasions, JIF-PAK, acting through counsel or other

representatives, contacted Plaintiff's customers, SFG, Publix, Gusto, Tyson Foods, Dietz and

Watson and Cedar Hollow Foods.  JIF-PAK has held itself out as the owner of the '148 Patent.

In the March 9, 2005 correspondence from JIF-PAK's lawyers to SFG, JIF-PAK threatened SFG

with legal consequences if SFG did not immediately stop doing business with Plaintiff:

> SFG has had more than adequate time to evaluate the validity and
> enforceability of the '148 Patent and to confirm their infringement
> . . .  In view of the above, SFG's meat encased net product
> infringes at least claim 1 of the '148 Patent.
>
>                   \* \* \*
>
> My client JIF-PAK Manufacturing, Inc. presumes that SFG takes
> such steps as are reasonably necessary to avoid improper and
> unauthorized use of another's patented technology.  In order to
> avoid the expense and the time required to litigate this

4

infringement, please provide, by return mail, your agreement to immediately cease and desist the use of JIF-PAK Manufacturing, Inc.'s technology embodied in claim 1 of the '148 Patent. Please understand that my client is anxious for an immediate resolution of this matter.

In view of SFG's failure to respond to our initial inquiry, JIF-PAK Manufacturing, Inc. will only consider an immediate resolution and if SFG and its affiliates immediately cease all use of the patented technology, JIF-PAK Manufacturing, Inc. will waive past damages.

(Exhibit A)

The intent of JIF-PAK could not be more clear: JIF-PAK meant for Plaintiff's customers to stop doing business with Plaintiff. As a direct result of those threats, both Publix and Gusto have stopped doing business with Package Concepts. (Bylenga Aff. at ¶ 3). The loss of the Publix and Gusto business has resulted in substantial monetary losses for Package Concepts in excess of $100,000.00. (Bylenga Aff. at ¶ 4). This monetary loss has was incurred by Package Concepts in the State of South Carolina. (Bylenga Aff. at ¶ 5).

JIF-PAK has not raised a jurisdictional defense; it does sufficient business in the State to satisfy the minimum contacts test in any event. (See Bylenga Aff. at ¶ 5). Neil Mintz as President, has control over the actions of the corporate Defendant. The exercise of personal jurisdiction over at least Neil Mintz[6] is therefore proper.

In *Magic Toyota, Inc. v. Southeast Toyota Distributors, Inc.*, 784 F. Supp. 306 (S.C. 1992), a group of individual defendants acting as corporate officers sought the dismissal of a RICO action against them in their individual capacities. They argued their actions taken as officers of the corporation were for its benefit and, as such, they were not subject to personal jurisdiction in South Carolina in light of the fact they had little or no ties with the forum state.

---

[6]      As noted above, Marcus Mintz is with JIF-PAK Industrial Knitting, presumably an affiliate of JIF-PAK Manufacturing, Inc.    Discovery is needed concerning the relationship between the JIF-PAK entities and Marcus Mintz' role in each company.

NPGVL1:237428.1-DOC-(MSP) 017700-00017

Judge Norton disagreed and held that at least at the preliminary Rule 12 stage, dismissal was not warranted. *Id.* at 314-15. Relying on the Fourth Circuit's decision in *Columbia Briargate Co. v. First Nat'l Bank*, 713 F.2d 1052 (4th Cir. 1983), *cert. denied*, 465 U.S. 1007 (1984), the district court held an individual employee of a corporation may be subject to jurisdiction even though the allegedly tortuous acts are not committed within the foreign state; jurisdiction is proper where the employee has reason to believe that the acts committed outside the foreign state would nevertheless cause injury within the forum state. *Id.* at 315. In so holding, the court additionally noted that the Fourth Circuit in Columbia *Briargate* quoted with approval the following language from the First Circuit's decision in *Escude Cruz v. Ortho Pharmaceutical Corp*, 619 F.2d 902, 907 (1st Cir. 1980): "What is required [in order for a court to assert personal jurisdiction over an individual corporate officer] is some showing of direct, personal involvement by the corporate officer in some decision or action which is causally related to the plaintiff's injury." *Id.* The court went on to state that "such direct personal involvement typically exists 'where the defendant [agent is] the guiding spirit behind the wrongful conduct, or the central figure in the challenged corporate activity'." The district court also cited the United State Supreme Court's decision in *Calder v. Jones*, 465 U.S. 783, 789-90 (1984) where, in a liable action, the Court held that individual defendants were subject to personal jurisdiction where they knew the brunt of the injury caused by their defamatory statements would be borne by the plaintiff in the forum state. *Id.*

Judge Norton's reasoning in *Magic Toyota* was subsequently adopted by Judge Herlong in *Springs Indus., Inc. v. Gasson*, 923 F. Supp. 823 (D.S.C. 1996). In that case the court held that jurisdiction over a corporate officer in his individual capacity was appropriate due to allegations that "he was the guiding spirit behind the wrongful conduct." *Id.* at 827-28.

NPGVL1:237428.1-DOC-(MSP) 017700-00017

The Defendants will likely try to avoid application of *Magic Toyota* by citation to the Fourth Circuit's decision in *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617 (4th Cir. 1997). *ESAB Group* is distinguishable and stands for the proposition that personal jurisdiction cannot be supported based solely upon the fact that a defendant's conduct happens to ultimately cause injury within the forum state. *Id.* at 625. In that case, officers of the defendant corporation allegedly acted in concert with a former employee of the plaintiff to misappropriate a customer list and other trade secrets. Those sales leads were then used in order to call on the plaintiff's customers on a nationwide basis and in Canada. Notably, the Fourth Circuit recognized that there was no evidence on the record to support any activity directed toward the forum state. *Id.*

In the case at bar, JIF-PAK did not merely engage in a nationwide campaign to call on the Plaintiff's customers. JIF-PAK (and individual Defendant Neil Mintz as its President) have targeted specific customers of the Plaintiff and made threats of litigation in the event that they did not immediately stop doing business with the Plaintiff. Those threats worked in at least two instances as evidenced by the Plaintiff's loss of the Publix and Gusto accounts resulting in a monetary loss in excess of $100,000.00. The Defendants' conduct purposefully targeted a South Carolina corporation and was intended to cause harm inside South Carolina; it was not merely a nationwide course of conduct which coincidently resulted in injury in the forum state.

Neil Mintz, as President of JIF-PAK, upon information and belief directed or at least played an important role in JIF-PAK's decision to threaten Plaintiff's customers concerning the alleged infringement of the '148 Patent. This tortuous interference resulted in substantial economic loss by Plaintiff within the State of South Carolina. That loss within the State was foreseeable. Under the *Magic Toyota* case and at this early stage of the proceedings, Neil Mintz's actions as an officer of JIF-PAK, standing alone, is sufficient to support jurisdiction in

NPGVL1:237428.1-DOC-(MSP) 017700-00017

this State.[7] The Motion to Dismiss for lack of personal jurisdiction should therefore be denied.

## II. RULE 19

Assuming for the sake of argument only that this Court does not have personal jurisdiction over one or both of the Mintz, this case can still proceed in their absence as to JIF-PAK only. Rule 19 of the Federal Rules of Civil Procedure provides, in pertinent part:

> **(a) Persons to Be Joined if Feasible.** A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.
>
> **(b) Determination by Court Whenever Joinder Not Feasible.** If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

---

[7]      As stated above, Package Concepts needs to conduct limited discovery on the jurisdictional issue to determine Marcus Mintz' involvement with the JIF-PAK affiliated companies.

          NPGVL1:237428.1-DOC-(MSP) 017700-00017

Rule 19(a) determines whether the '148 Patent owners are necessary parties for Rule 19(a). However, the inquiry does not end there. They must also be indispensable parties for purposes of Rule 19(b) for the instant motion to be granted. They are not.

In *Clarkson Corp. v. Andritz Sprout-Bauer, Inc.*, 866 F. Supp. 773, 775 (S.D.N.Y. 1994), the court recognized that federal case law has developed two approaches when determining whether a patent owner is an indispensable party where a licensee is already a party to litigation involving patent validity and/or infringement. One line of cases follows the Second Circuit's opinion in *Capri Jewelry, Inc. v. Hattie Carnegie Jewelry Enter., Ltd.*, 539 F.2d 846, 847 (2d Cir. 1976). The second line of cases is based upon United States Supreme Court precedent and is addressed more fully below.

The *Capri Jewelry* case involved a declaration of patent invalidity brought by two costume jewelry distributors against a licensee of the owner of the patent for "Mood Rings." The defendant licensee argued that the case should be dismissed in the absence of the patent owner. The Second Circuit disagreed that the patent owner was a necessary and indispensable party for Rule 19 purposes, particularly in light of the fact that the patent owner was involved in separate litigation involving validity of the same patent and, further, was represented by the same counsel in both lawsuits. *Capri Jewelry*, 539 F.2d at 853. Accordingly, the patent owner's counsel had ample opportunity and motive to protect the owner's interests. *Id.*

Similarly, in *Micro-Acoustics Corp. v. Bose Corp.*, 493 F. Supp. 356 (S.D.N.Y. 1980), a stereo speaker manufacturer sued Bose seeking a declaration that one of Bose's patents was invalid or, alternatively, a declaration of non-infringement. Bose moved to dismiss the action, taking the position that one of its wholly-owned subsidiaries was the owner of the patent and, therefore, was an indispensable party under Rule 19. *Id.* at 358-59. Just like the Second Circuit

NPGVL1:237428.1-DOC-(MSP) 017700-00017

in *Capri Jewelry*, the district court in the *Bose* case found significant the fact that there was a

separate action pending where Bose was suing Micro-Acoustics for infringement of the same

patent. *Id.* at 36-61. The court also found the following factors to be determinative based upon

the facts of the case: (1) Bose had held itself out as the owner of the patent in question; (2) Bose

had total control over the patent owner as its parent corporation; and (3) the same attorney

represented Bose in both lawsuits. *Id.* at 361.

   The instant case presents the same situation set forth in both the *Capri Jewelry* and *Bose*

cases. Specifically, there is a separate infringement action pending in California federal court

where JIF-PAK is suing Package Concepts for infringement of the same patent at issue in the

instant declaratory judgment action. (Exhibit D). Significantly, JIF-PAK has held itself out as

the owner of the Patent in question. (Exhibit A). In a March 9, 2005 letter penned by its

lawyers, JIF-PAK wrote a letter to one of Package Concepts customers informing it of Package

Concepts' alleged patent infringement, and further, requesting it immediately cease and desist

from purchasing further product from Package Concepts. In that letter, JIF-PAK's counsel

stated: "As indicated in my August 2, 2004 letter, JIF-PAK Manufacturing, Inc. is the owner of

the '148 patent' and the '148 patent' is good and valid under the law." (Exhibit A). Moreover,

the patent co-owner presumably has total control over its licensee, JIF-PAK. According to the

Declaration of Neil Mintz, he is the co-inventor and co-owner of the patent in question. (Mintz

Aff. at ¶¶ 2-3). Mr. Mintz is also president of JIF-PAK. (Mintz Aff. at ¶ 8). As president of JIF-

PAK, Mr. Mintz presumably has control over the actions of the licensee. Last, JIF-PAK is

represented by the same lawyers both in this action and in the California litigation it filed against

Package Concepts alleging infringement of the very '148 Patent at issue in this lawsuit. (Exhibit

B; Plaintiff's Memo. of Law at p. 6).

NPGVL1:237428.1-DOC-(MSP) 017700-00017

Further bolstering the Plaintiff's position is the second line of federal case law based upon the venerable but valid United States Supreme Court case of *Independent Wireless Telephone Co. v. Radio Corp. of America*, 269 U.S. 459 (1926). In that case, the Supreme Court held that where the patent owner is beyond the reach of process, he can nevertheless be joined as an involuntary party bound by the court's decision as long as he is given notice of the pending litigation and an opportunity to join voluntarily. Id. at 473. While the *Independent Wireless* case was decided before the promulgation of Rule 19 and its subsequent amendment, a federal court in *Parkson Corp. v. Fruit of the Loom, Inc.*, No. LR-C-91-853, 1992 WL 541570 (E.D.Ark. Dec. 10, 1992) (copy attached), nevertheless acknowledged the case's continued validity when a federal court conducts its Rule 19(b) analysis. The court in *Parkson* determined the patent owner was not an indispensable party for purposes of Rule 19(b) because he had made the conscious decision not to join his exclusive licensee in litigation involving the validity of his patent. Accordingly, the court's lack of personal jurisdiction over him was not a bar to the case going forward. *Id.* at ** 5-6. In so holding, the court stated: "The Court finds no prejudice to any of the parties in this action if the patent owner is not joined as a party, and that '[t]here is therefore no conceivable reason for exalting formalizing over substance in dismissing the action in view of the non-joiner [the] patent owner.'" *Id.* at * 6 (quoting *Bose Corp.*, 493 F. Supp. 356, 361)).

The Defendants' unconvincingly try to distinguish the foregoing authorities. The Defendants attempt to distinguish *Capri Jewelry*, noting that there was nothing in that case to indicate that the district court lacked jurisdiction to proceed in the absence of patent owner. (Defendants' Memo. at p. xi.). Implicit in any analysis involving whether a patent owner was a necessary and indispensable party for Rule 19 purposes necessarily involves the situation where the addition of that party is not feasible due to a jurisdictional defect. Defendants distinguish the

11

*Bose* case on the grounds that the exclusive licensee issued demand letters and, moreover, controlled both the subsidiary and the patent. That is the exact situation presented in the case at bar: JIF-PAK is a licensee of the '148 Patent under substantial if not complete control by its president, Neil Mintz, who coincidently is also the co-owner and co-inventor of the patent at issue. Defendants seek to distinguish the *Parkson Corporation* case on procedural grounds, noting that in that case the defendant was seeking dismissal due to the absence of the patent owner. This case is procedurally identical to *Parkson Corporation* in that respect: Defendant JIF-PAK is seeking dismissal due to the failure to include the Mintz as individual Defendants. None of the aforementioned authorities on which the Plaintiff relies are distinguishable.

Neil and Marcus Mintz are not indispensable parties for purposes of Rule 19(b). Accordingly, this lawsuit may go forward in their absence notwithstanding any alleged lack of personal jurisdiction. In the event that the Court finds that a question remains as to the individual Defendants' amenability to suit in South Carolina, the '148 Patent owners must be joined as parties to this litigation and that this Court must have personal jurisdiction, Plaintiff seeks leave to conduct limited discovery concerning the Mintz' contacts with the forum state, as well as the relationship between the JIF-PAK companies. *See Trintec Indus., Inc. v. Pedre Promotional Products, Inc.*, 395 F.3d 1275, 1283 (Fed. Cir. 2005) (recognizing in a patent case that a party resisting a motion to dismiss on grounds of lack of personal jurisdiction may be entitled to conduct discovery on that issue).

## CONCLUSION

For the foregoing reasons, the instant Motion should be denied and this case should go forward. Alternatively, Plaintiff requests that this Court allow it to conduct limited discovery on

NPGVL1:237428.1-DOC-(MSP) 017700-00017

the personal jurisdiction issue if the Court is inclined to rule that the Mintz are indispensable

parties for purposes of Rule 19.

Respectfully submitted,


s/ John B. Hardaway III
John B. Hardaway III (Fed I.D. No. 1710)
NEXSEN PRUET, LLC
201 W. McBee Avenue, Suite 400 (29601)
Post Office Drawer 10648
Greenville, South Carolina  29603-0648
864.370.2211

Attorneys for Plaintiff
Package Concepts & Materials, Inc.

September 12, 2005
Greenville, South Carolina

NPGVL1:237428.1-DOC-(MSP) 017700-00017

# EXHIBIT A

JOHN L. HALLER
JHALLER@GORDONREES.COM
DIRECT DIAL: (619) 230-7451

ATTORNEYS AT LAW
101 WEST BROADWAY
SUITE 1600
SAN DIEGO, CA 92101
PHONE: (619) 696-6700
FAX: (619) 696-7124
WWW.GORDONREES.COM

March 9, 2005

Mr. Mark Gray
Vice President of Operations
SFG, Inc.
603 Pilot House Drive, 4th Floor
Newport News, Virginia 23606

Re:     Jif-Pak Manufacturing, Inc. vs. SFG, Inc.
        Patent Infringement
        U.S. Patent No. 5, 413,148
        Our Ref. No. BJPMI 1027086  (7211-IN05)

Dear Mr. Gray:

This is further to my letter to dated August 2, 2004, notifying you of the existence of U.S. Patent No. 5,413,148 (the '148 Patent) and offering you the opportunity to discuss with Jif-Pak Manufacturing, Inc. various options for SFG, Inc. to avoid infringement of the '148 Patent. I have enclosed a copy of my August 2, 2004 letter for your reference.

SFG has had more than adequate time to evaluate the validity and enforceability of the '148 patent and to confirm their infringement. Notwithstanding the extended lapse of time, we have had no response from SFG regarding these options.

As indicated in my August 2, 2004 letter, Jif-Pak Manufacturing, Inc. is the owner of the '148 Patent and the '148 Patent is good and valid under the law. SFG's meat encased net includes a stockinette that includes a tubular net structure having a given stretch capacity and a first set of longitudinal strands and a second set of lateral strands where the longitudinal strands intersect the lateral strands in locking engagement to form a four sided grid like pattern and where the strands having less stretch capacity are knit into the threads of the stockinette member so that the checkerboard pattern is impressed upon meat product stuffed into the casing.

In view of the above, SFG's meat encased net product infringes at least claim 1 of the '148 Patent.

Mr. Mark Gray
SFG, Inc.
March 9, 2005
Page 2

My client Jif-Pak Manufacturing, Inc. presumes that SFG takes such steps as are reasonably necessary to avoid improper and unauthorized use of another's patented technology. In order to avoid the expense and the time required to litigate this infringement, please provide, by return mail, your agreement to immediately cease and desist the use of Jif-Pak Manufacturing, Inc.'s technology embodied in claim 1 of the '148 patent. Please understand that my client is anxious for an immediate resolution of this matter.

In view of SFG's failure to respond to our initial inquiry, Jif-Pak Manufacturing, Inc. will only consider an immediate resolution and if SFG and its affiliates immediately cease all use of the patented technology, Jif-Pak Manufacturing, Inc. will waive past damages.

This proposal remains valid for two weeks from the date of this letter and your immediate reply will assist in forming an amicable resolution.

Very truly yours,

GORDON & REES LLP


John L. Haller

JLH:laf
Enclosure

LMW/4102700/245447.1

# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### GREENVILLE DIVISION

| | |
|---|---|
| PACKAGE CONCEPTS & MATERIALS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> JIF-PAK., Neil Mintz, and Marcus Mintz, <br><br> Defendants. | Case No. 6:05-1184 RBH <br><br> **DECLARATION** |

## DECLARATION of ANDREW EDWARD BYLENGA

I, Andrew Edward Bylenga, do state as follows:

1. THAT I am Vice President of Package Concepts and Materials, Inc. (PCM), the plaintiff in the above entitled action;

2. THAT I have been contacted by PCM customers who have been contacted by Jif-Pak, Inc., and advised of threats by Jif-Pak to initiate suit against PCM customers should they continue to buy netting product from PCM. Some of those customers have requested that PCM sign indemnification agreements as a condition of continued business; in particular, PCM has had to provide indemnification agreements to SFG, Inc., Publix Supermarkets, Inc., Cedar Hollow Foods, Inc., Tyson Foods, Dietz and Watson, and Fresh Mark, Inc.;

3. THAT some businesses have discontinued doing business with PCM because of these threats from Jif-Pak, Inc. In particular, Publix Supermarkets and Gusto Packing have discontinued business with PCM because of the Jif-Pak threats;

4. THAT while it is difficult to quantify the amount of business lost, I would estimate that loss to be large, at least as much as $100,000.00;

5. THAT PCM is a South Carolina corporation doing business at 1023 Thousand Oaks Boulevard, Greenville South Carolina, 29607. This loss of business has economic impact here in Greenville, South Carolina;

NPGVL1:237537.1-AF-(JBHIII) 017700-00023

6. That on information and belief, I believe that Jif-Pak is selling their netting product into the State of South Carolina to Louis Rich in Newberry, South Carolina and to Greenwood Packing in Greenwood, South Carolina.

I declare under penalty of perjury that the foregoing is true and correct (28 USC 1746) this 12th day of September, 2005.

Andrew Edward Bylenga:        _____

NPGVL1:237537.1-AF-(JBHIII) 017700-00023

# EXHIBIT C

FoodOnline buyer's guide provides products and services for food processing, nutraceut...    Page 1 of 1



# Food Online℠
### A VertMarkets Marketplace for Industry Professionals

THE ONE &
FOODSERVICE TECH...

| Home | Buy Online | Sell Online | Services | Jobs | News & Community | Sign-In | Tools |

**Search:**          Tips

[              ]

[ Categories      ▼]

( **Search** )

**Buyer's Guide**
List Suppliers

**Product Showcase**

**Market Research Reports**

**Bookstore**

**Tools**
Register
Free Newsletter
Help

▶ **Buyer's Guide**

**Buyer's Guide Home** | **List Suppliers**

**Company Contact And Product Information**

## Jif-Pak Industrial Knitting
2 Cedar St.
Champlain, New York 12919
UNITED STATES
**Phone:** 518-2988256
**Fax:** 518-298-8257
**Contact:** Marcus Mintz

**Products**

**Supplies and Accessories**
• Netting, Elastic
• Stockinettes For Beef; Ham; Etc.

**Keywords**

No Registered Keywords.

**Send This Page To An Associate**

Food Online | VertMarkets, Inc. | Contact Food Online
Legal | Help | Privacy Statement | Advertising

Copyright © 1996-2005, VertMarkets, Inc. All rights reserved.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| PACKAGE CONCEPTS & MATERIALS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> JIF-PAK, NEIL MINTZ, and MARCUS MINTZ, <br><br> Defendants. | Case No. 6-05-1184-HMH <br><br> **DEFENDANTS' MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |

## Table of Contents

Page

A.    This Court Does Not Have Personal Jurisdiction Over Neil Mintz.........................1

B.    Marcus Mintz is a Patent Co-Owner and Plaintiff Has Offered No
      Argument That This Court Has Jurisdiction Over Him...........................................4

C.    If This Court Does Not Have Personal Jurisdiction Over Neil and Marcus
      Mintz, It Cannot Proceed Because They Are Indispensable Parties........................4

D.    Plaintiff Fails to Address the Lack of Subject Matter Jurisdiction..........................8

E.    California is the Best Forum for this Action..........................................................9

F.    Conclusion ..........................................................................................................9

DEFENDANTS' MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
CASE NO. 6-05-1184 HMH

## DEFENDANTS' MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

The patent at issue is owned jointly by Neil Mintz and Marcus Mintz. The owners are indispensable parties to this litigation, therefore, this Court must have jurisdiction over them. Plaintiff attempts to find jurisdiction over Neil Mintz, the president of patent licensee Jif-Pak, alleging that Neil Mintz has the requisite minimum contacts in South Carolina because his actions through Jif-Pak caused Plaintiff harm in South Carolina. Fourth Circuit law plainly holds otherwise.

Furthermore, this Court does not have jurisdiction over the other co-owner, Marcus Mintz. In order for this case to continue, therefore, Plaintiff must show that neither patent owner is an indispensable party. Plaintiff simply cannot do so. To decide issues that could alter the scope, application, and validity of a patent without both the patent owners present would be fundamentally unfair.

Moreover, even if Plaintiff succeeds in its argument that Neil and Marcus Mintz are not indispensable, this Court would have before it only a non-exclusive licensee, Jif-Pak, as a declaratory judgment defendant. This Court would then lack subject matter jurisdiction because there is no case or controversy between Plaintiff and Jif-Pak. Jif-Pak does not have standing to bring a patent infringement suit against Plaintiff, thus Plaintiff does not have a reasonable apprehension of suit by Jif-Pak.

In sum, Plaintiff has too many hurdles to overcome in order to keep this case in South Carolina. The proper venue for this case is the Southern District of California, where a related case is pending, and where Plaintiff's action against Neil and Marcus Mintz would have no jurisdictional problems.

## A. THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER NEIL MINTZ

This personal jurisdiction issues in this case are controlled by the holding in *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617 (4th Cir. 1997). Plaintiff argues that patent owner Neil Mintz is subject to personal jurisdiction due to the effect of letters sent by Jif-Pak, Inc. Specifically, Plaintiff argues that the letters Jif-Pak sent to non-South Carolina customers caused

Plaintiff to lose sales, a monetary loss felt in South Carolina. This exact argument was made in *ESAB*, where the Court of Appeals found that a loss felt by a South Carolina plaintiff is not alone sufficient to confer personal jurisdiction over a defendant company and its officer personally. *Id.* at 1826.

Jif-Pak sent letters sent to Jif-Pak customers in a number of states, but sent none to South Carolina, and Jif-Pak has not done any business in South Carolina for years. [Neil Mintz Decl., ¶ 4]. In *ESAB,* the contacts by the defendant did not change the purchasing decisions of any South Carolina companies. *Id.* at 625. Likewise, in this case, the contacts made by Jif-Pak did not change the purchasing decisions of any South Carolina companies. Plaintiff names only two companies that have stopped doing business with it, Publix Supermarkets, Inc, a Florida company, and Gusto Packing, an Illinois company. [1]

The only "contact" Plaintiff can allege Neil Mintz has made with South Carolina was the lost sales felt by Plaintiff in South Carolina, which Plaintiff alleges were caused by the letters sent by Jif-Pak, under the direction of Neil Mintz.

These lost sales, "when unaccompanied by other contacts, it is ultimately too unfocused to justify personal jurisdiction." *ESAB*, 126 F.3d at 626-27. As the *ESAB* court recognized, if jurisdiction could be established solely on the fact that the plaintiff feels the injury there, "Such a theory would always make jurisdiction appropriate in a plaintiff's home state, for the plaintiff always feels the impact of the harm there." *Id.*

In order to establish jurisdiction in such a situation, the injury felt "must ultimately be accompanied by the defendant's own contacts with the state if jurisdiction over the defendant is to be upheld." *Id.* Plaintiff in this case has failed to prove Neil Mintz has any other contacts with South Carolina.

Plaintiff's attempt to distinguish the *ESAB* case only points to the similarities between the two cases. Plaintiff points that, in *ESAB*, there was no evidence to support any activity directed

---

[1] It is notable that Plaintiffs have not provided any admissible evidence that Publix and/or Gusto stopped doing business with Plaintiff due to the actions of Jif-Pak or Neil Mintz.

DEFENDANTS' MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
CASE NO. 6-05-1184 HMH

toward the forum state. The only activity alleged in *ESAB* was harm felt by a South Carolina company. The present case presents the exact same situation. Without more, there was no jurisdiction in *ESAB* and there can be no jurisdiction here.

The *ESAB* case, a Fourth Circuit Court of Appeals case, was decided after the *Magic Toyota* and *Columbia Briargate* cases relied on by Plaintiff. *Magic Toyota, Inc. v. Southeast Toyota Distributors, Inc.*, 784 F. Supp. 306 (D. S.C. 1992); *Columbia Briargate Co. v. First National Bank in Dallas*, 713 F.2d 1052 (4th Cir. 1983)(holding no application of fiduciary shield doctrine where corporate individual defendant had committed the alleged tort within the forum state).

Plaintiff fails to acknowledge that *Magic Toyota*, a district court case, specifically found that the Fourth Circuit in *Columbia Briargate* had not reached the question of whether an individual defendant who does not actually commit the wrongful action in the forum state may otherwise be amendable to suit there. *Magic Toyota*, 784 F. Supp. at 315. Thus, *Magic Toyota* relied on the "guiding spirit" reasoning of the First Circuit.

The later-decided *ESAB*, however, specifically answers that question in the exact factual context of the case at hand. No defendant, corporate or corporate officer, is subject to jurisdiction if the wrongful act is not committed in the state and the only "contact" is the harm felt by the plaintiff. *ESAB*, 126 F.3d at 625.

*Magic Toyota* is further distinguishable by the fact that the corporate individuals admitted they had the requisite minimum contacts with South Carolina and were seeking protection under the fiduciary shield doctrine. *Magic Toyota*, 784 F. Supp. at 314. Neil Mintz is not arguing protection under the fiduciary shield doctrine, rather, he is not subject to jurisdiction because he does not have the requisite minimum contacts. As discussed above, the actions Plaintiff alleges support jurisdiction would not, by themselves, confer jurisdiction on Jif-Pak or Neil Mintz. Thus, because Neil Mintz does not have minimum contacts under *ESAB*, there is no need to proceed with the *Columbia Briargate* and *Magic Toyota* fiduciary shield analysis at all.

/ / /

3

DEFENDANTS' MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
CASE NO. 6-05-1184 HMH

**B.     MARCUS MINTZ IS A CO-OWNER AND PLAINTIFF HAS OFFERED NO ARGUMENT THAT THIS COURT HAS JURISDICTION OVER HIM.**

Like Neil Mintz, patent co-owner and co-inventor Marcus Mintz has no general contacts with South Carolina. He has no real property, bank accounts, driver's license, mailing address, telephone number, etc. in South Carolina. [Marcus Mintz Decl., ¶¶ 4 -11]. He has not visited South Carolina in at least ten years. [Marcus Mintz Decl., ¶ 12].

Plaintiff has argued in favor of jurisdiction over Neil Mintz based on his control over Jif-Pak's letter campaign. Plaintiff cannot make a similar argument about the other co-owner of the patent, Marcus Mintz. Marcus, while still a 30% shareholder in Jif-Pak, Inc., is retired and has not been involved in the company for many years. [Marcus Mintz Decl. ¶¶ 13-14.]. The Jif-Pak Industrial Knitting Company no longer does business. [Marcus Mintz Decl., ¶ 15]. Importantly, Marcus was not at all involved in sending letters to or contacting any businesses regarding Plaintiff's infringement of the patent. [Marcus Mintz Decl., ¶ 16].

Thus, Plaintiff's argument that personal jurisdiction is proper over Neil Mintz does not apply to Marcus Mintz as he is not involved in Jif-Pak's business and could not have been "the guiding spirit behind the wrongful conduct." [Plaintiff's Opposition, at 6].

Plaintiff has informally requested discovery on Marcus Mintz's duties with Jif-Pak. Such discovery is not necessary given Marcus Mintz's declaration regarding this issue.

**C.     IF THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER NEIL AND MARCUS MINTZ, IT CANNOT PROCEED BECAUSE THEY ARE INDISPENSABLE PARTIES**

If this Court decides it does not have personal jurisdiction over Neil and Marcus Mintz, this case must be dismissed because, as owners of the patent at issue, they are indispensable parties. As previously explained, Jif-Pak's license is not exclusive and it does not provide any right to enforce the patent against others. [Neil Mintz Decl., ¶ 5-6].

/ / /

/ / /

/ / /

/ / /

4

DEFENDANTS' MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
CASE NO. 6-05-1184 HMH

Therefore, the patent owners have retained substantial rights in the patent and this is not a case where the licensee is deemed the effective "patentee" to have standing to maintain an infringement suit in its own name. *See Prima Tek II, L.L.C. v. A-Roo Co.*, 222 1372, 1377 (Fed. Cir. 2000), *Abbot Labs v. Diamedix Corp.*, 47 F.3d 1128, 1132-33 (Fed. Cir. 1995).

There is broad case support for finding a patent owner with retained substantial rights is indispensable. *See Mallinckrodt Medical, Inc. v. Sonus Pharmaceutical, Inc.*, 989 F. Supp. 265, 272 (D. D.C. 1998); *Abbot Labs v. Diamedix Corp.*, 47 F.3d 1128, 1132-33 (Fed. Cir. 1995); *Proctor & Gamble Co. v. Paragon Trade Brands, Inc.*, 917 F. Supp. 305, 308 n. 3 (D. Del. 1995). A finding of indispensability has been made in cases in the same declaratory judgment procedural posture as this case. *See, Suprex Corp. v. Lee Scientific, Inc.*, 660 F. Supp. 89, 93 (W.D. Penn. 1987); *American Elec. Power Service Corp. v. EC & C Tech, Inc.*, 2002 U.S. Dist. LEXIS 21994 (D. Ohio 2002) (dismissing patent declaratory judgment action against patent· licensee because indispensable patent owner was not subject to personal jurisdiction); *Zumbro, Inc. v. California Natural Prods.*, 861 F. Supp. 773, 783 (D. Minn. 1994)(dismissing declaratory judgment patent claims against patent co-owner because other co-owner was not subject to personal jurisdiction and was deemed indispensable).

The Rule 19(b) analysis turns on "equity and good conscience." Fed. R. Civ. P. 19(b). One of the significant factors is the prejudice to the present and non-present parties. In this case, the patent owners could be prejudiced, under collateral estoppel, by any decision related to the scope, application, or validity of the patent. [2] Although the case law on application of collateral estoppel in this situation is unclear, courts have recognized that a negative judgment would have a prejudicial effect on the patent owner's interests even if not absolutely binding. *See Suprex Corp.*, 660 F. Supp. at 93(recognizing the potential devaluing effect on the patented asset and negative effects on technology development); *see also Central Tools, Inc. v. Mitutoyo Corp.*, 2005 U.S. Dist. LEXIS 16996 (D. R.I. 2005)(even if collateral estoppel does not apply to a non-

---

[2] Although the complaint does not currently allege patent invalidity, Plaintiff did not deny that it would seek a declaration of invalidity in this case, even after the patent owners suggested the possibility in their moving papers.

present patent owner, at the very least, a negative judgment would have a prejudicial effect on the patent owner's interests).

Plaintiff should be concerned about proceeding with this case without the patent owners. If Neil and Marcus Mintz are not bound under collateral estoppel, Plaintiff would not have realized its objective in resolving the patent infringement issue. *See Messerschmit-Boelkow-Blohm GmbH v. Hughes Aircraft Co.*, 483 F. Supp. 49, 53 (S.D. N.Y. 1979).

It is important to note that this Court must have personal jurisdiction over both patent co-owners, Neil and Marcus Mintz. As explained above, even if Plaintiff succeeds in its argument that there is personal jurisdiction over Neil Mintz due to his direction of Jif-Pak in allegedly harming a South Carolina company, the argument does not apply to Marcus Mintz. Plaintiff has failed to forward any other argument that this Court has jurisdiction over Marcus. *See Zumbro, Inc. v. California Natural Prods.*, 861 F. Supp. 773, 783 (D. Minn. 1994) (dismissing declaratory judgment patent claims against patent co-owner because other co-owner was not subject to personal jurisdiction and was deemed indispensable).

That all patent co-owners are indispensable in a declaratory judgment action is consistent with substantive patent law. It is well-settled that "as a matter of substantive patent law, all co-owners must ordinarily consent to join as plaintiffs in an infringement suit." *Ethicon, Inc. v. United States Surgical Corp.*, 135 F.3d 1456, 1468 (Fed. Cir. 1998). Indeed, one co-owner has the right to impede the other co-owner's ability to sue infringers by refusing to voluntarily join such a suit. *Schering Corp. v. Roussel-UCLAF SA*, 104 F.3d 341, 345 (Fed. Cir. 1997).

Furthermore, a patent infringement counterclaim would be a compulsory counterclaim in this case under Fed. R. Civ. P. 13(a). *Polymer Indus. Prods. Co. v. Bridgestone/Firestone, Inc.*, 347 F.3d 935 (Fed. Cir. 2003); *see also Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931 (Fed. Cir. 1993). Thus, in order to avoid waiving the patent infringement claim, Marcus Mintz may be forced to voluntarily consent to jurisdiction in South Carolina, even where it is plainly obvious that he is not subject to personal jurisdiction. This result would allow Plaintiff to completely circumvent the Due Process requirements of personal jurisdiction and is fundamentally unfair.

Plaintiff completely fails to address the case law supporting Defendants' motion, instead relying on three distinguishable cases. For instance, in the Memorandum in Support of the Motion to Dismiss, Defendants distinguished the *Capri Jewelry* case based on the clear evidence in that case of an actual controversy with a licensee and the lack of any argument from that licensee that the court lacked jurisdiction to proceed in the absence of the patent owner. *Capri Jewelry, Inc. v. Hattie Carnegie Jewelry Enter., Ltd.*, 539 F.2d 846, 847 (2nd Cir. 1976). Plaintiff states that all cases involving Rule 19 necessarily involve the situation where the addition of a party is not feasible due to a jurisdictional defect. The point Defendants were making was that there was no subject matter jurisdiction issue in *Capri Jewelry* given the court's finding of an actual controversy and the lack of a subject matter jurisdiction argument by the defendant. In contrast, Defendants in this case make a strong subject matter jurisdiction argument that without the patent owners there is no actual controversy. *See infra* Part D.

The *Bose* and *Capri Jewelry* cases further relied on the representation of the licensee that it would take action individually and with the licensor, thus implying that the licensee and licensor were together making the infringement allegation. In this case, Jif-Pak never claimed it would take action with the patent owners.

Further distinguishing the *Bose* case is the crucial factor relied upon by the court that the licensee (Bose) dominated the patent owner/licensor (Bose Products). *Micro-Acoustics Corp. v. Bose Corp.*, 493 F. Supp. 356 (S.D.N.Y. 1980). There has been no proof or even an allegation in this case that licensee Jif-Pak dominates or controls Neil and Marcus Mintz. Indeed, to analogize *Bose* to this case, Neil and Marcus Mintz are the parties primarily in control of the patent, and thus they are the indispensable parties, rather than Jif-Pak.

Plaintiff failed to recognize the multiple points on which Defendants distinguished the *Parkson Corporation* case. *Parkson Corp. v. Fruit of the Loom, Inc.*, Not Reported in F. Supp., 1992 WL 541570, 28 U.S.P.Q.2d 1066 (E.D. Ark. 1992). In that case, the patentee had not retained any substantive rights to the patent, had expressly authorized the licensee to bring the action as the sole plaintiff, had stated he would be bound by the outcome of the action and would

bring no independent legal action against the defendants. *Id.* Other cases have found, under the circumstances, the licensee is the "effective patentee." *See Prima Tek II, L.L.C.*, 222 F.3d at 1377.

In contrast, and like the *Moore U.S.A.* case, there has been no promise by the patent owners in this case to refrain from bringing another action against Plaintiff, nor have the patent owners given Jif-Pak substantial rights in the patent. *See Moore U.S.A., Inc. v. Standard Register Co.*, 60 F. Supp.2d 104, 110 (W.D. N.Y. 1999).

Therefore, patent owners Neil and Marcus Mintz are indispensable parties under Rule 19(b) and without them this case must be dismissed.

## D. PLAINTIFF FAILS TO ADDRESS THE LACK OF SUBJECT MATTER JURISDICTION

Plaintiff argues that Neil and Marcus Mintz are not indispensable parties and "Accordingly, this lawsuit may go forward in their absence notwithstanding any alleged lack of personal jurisdiction." [Plaintiff's Opposition, at 12].

Even if Plaintiff succeeds in its argument that Neil and Marcus Mintz are not indispensable, this Court would have before it only Jif-Pak, a non-exclusive licensee, as a declaratory judgment defendant. Plaintiff failed to address this issue at all.

Jif-Pak does not have a sufficient legal interest in the patent for there to be a case or actual controversy. Jif-Pak is a bare licensee does not have the rights to enforce the patent, and thus could not have brought suit for patent infringement. *Abbott Labs*, 47 F.3d at 1132-33; *Ortho Pharm. Corp. v. Genetics Inst., Inc.*, 52 F.3d 1026 (Fed. Cir. 1995). Because Jif-Pak lacks the ability to bring suit for patent infringement, there is no actual controversy to support subject matter jurisdiction under the Declaratory Judgment Act. *Fina Research, S.A. v. Baroid Ltd.*, 141 F.3d 1479, 1481 (Fed. Cir. 1998).

Therefore, even if Plaintiff succeeds in its argument that the patent owners are not indispensable this Court would have before it only the bare licensee Jif-Pak.

/ / /

/ / /

Because Jif-Pak could not have brought a suit for patent infringement, there is no actual controversy to support subject matter jurisdiction. As such, Plaintiff's patent Count One must be dismissed under Fed. R. Civ. P. 12(b)(1).

**E.     CALIFORNIA IS THE BEST FORUM FOR THIS ACTION**

The Southern District of California is the best forum for this action, as there is no disagreement about personal jurisdiction over any of Neil or Marcus Mintz or Jif-Pak and no resulting problems with subject matter jurisdiction. Thus, Neil and Marcus Mintz request that the Court dismiss this case or use its discretion in transferring this case under 28 U.S.C. § 1404.

**F.     CONCLUSION**

Plaintiff has too many hurdles to overcome in order to keep this case in South Carolina. The patent owners are indispensable parties to this litigation, therefore, this Court must have jurisdiction over them. Plaintiff attempts to find jurisdiction over Neil Mintz under a theory in clear contradiction to binding Fourth Circuit precedent.

This Court does not have jurisdiction over the other co-owner, Marcus Mintz. In order for this case to continue, Plaintiff must show that neither patent owner is an indispensable party. Plaintiff simply cannot do so. To decide issues that could alter the scope, application, and validity of a patent without both the patent owners present would be fundamentally unfair.

Moreover, even if Plaintiff succeeds in its argument that Neil and Marcus Mintz are not indispensable, this Court would have before it only a non-exclusive licensee, Jif-Pak, as a declaratory judgment defendant. This Court would then lack subject matter jurisdiction because there is no case or controversy between Plaintiff and Jif-Pak. Jif-Pak does not have standing to bring a patent infringement suit against Plaintiff, thus Plaintiff does not have a reasonable apprehension of suit by Jif-Pak.

/ / /

/ / /

/ / /

Due to the multiple hurdles Plaintiff cannot overcome, the proper venue for this case

DEFENDANTS' MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
CASE NO. 6-05-1184 HMH

would have been the Southern District of California, where a related case is pending, and where there are no personal or subject matter jurisdiction problems.

Respectfully submitted,

s/ Rivers S. Stilwell
Neil C. Jones, Esq. (Fed. Bar No. 5470)
Rivers S. Stilwell (Fed. Bar No. 6271)
NELSON MULLINS RILEY & SCARBOROUGH LLP
Poinsett Plaza
104 South Main Street
Suite 900
P. O. Box 10084
Greenville, SC 29603-0084
864-250-2300

-and-

John L. Haller, Esq. (CA State Bar No. 61,392
(*pro hac vice* application pending)
Susan B. Meyer, Esq. (CA State Bar No. 204931)
(*pro hac vice* application pending)
GORDON & REES LLP
101 West Broadway
Suite 1600
San Diego, CA 92101
619-696-6700

Attorneys for Defendants,
JIF-PAK, Neil Mintz and Marcus Mintz

September 22, 2005

BJPMI\1017899\294585.1
DEFENDANTS' MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
CASE NO. 6-05-1184 HMH

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### GREENVILLE DIVISION

| | |
|---|---|
| PACKAGE CONCEPTS & MATERIALS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> JIF-PAK, NEIL MINTZ, and MARCUS MINTZ <br><br> Defendant. | Case No. 6-05-1184-RBH <br><br> **DECLARATION OF MARCUS MINTZ IN SUPPORT OF JIF-PAK'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** |

## DECLARATION OF MARCUS MINTZ IN SUPPORT OF JIF-PAK'S REPLY TO PLAINTIFF'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

I, Marcus Mintz, declare:

1.    I am an individual resident of the county of San Diego state of California. I make this declaration of my own first hand knowledge. If called to testify to the facts stated herein, I could and would competently testify thereto. As to matters stated herein on the basis of information and belief, I believe them to be true.

2.    I am the co-inventor of the invention which is the subject matter of U.S. Patent No. 5,413,148. My son Neil Mintz is the other co-inventor.

3.    I am the co-owner of U.S. Patent No. 5,413,148. My son Neil Mintz is the other co-owner

4.    I have no residence in South Carolina.

5.    I have no real property in South Carolina.

Case 3:05-cv-02200-L -CAB Document 1 Filed 12/01/05 Page 178 of 259
09/21/2005 13:09 7605972667 JIF PAK MFG PAGE 03
6.05-cv-01184-HMH Date Filed 09/22/2005 Entry Number 18-2 Page 2 of 2

6. I have no drivers license for the state of South Carolina.

7. I have no personal property located in the state of South Carolina.

8. I am not an officer or director of any business organized under the laws of the state of South Carolina.

9. I have no mailing address in the state of South Carolina.

10. I have no telephone number in the state of South Carolina

11. I have not traveled to South Carolina for business.

12. I have not traveled to South Carolina except for pleasure and that was over ten years ago.

13. I am a 30% shareholder of Jif-Pak Manufacturing, Inc.

14. I am retired from any work at Jif-Pak Manufacturing, Inc. and have not been involved in the company's business for over 5 years.

15. Jif-Pak Industrial Knitting Inc. was a wholly owned subsidiary of Industrial Knitting, Inc of Canada, which is 100% owned by my Canadian holding company. In July of 2002, most of the assets of Jif-Pak Industrial Knitting, Inc. were sold to Jif-Pak Manufacturing, Inc., and moved to San Diego County. In July of 2002, Jif Pak Industrial Knitting Inc. closed all operations and ceased doing business.

16. I was not at all involved in sending letters to or contacting any businesses regarding Plaintiff's infringement of the '148 patent.

I declare on penalty of perjury under the laws of the Untied States of America that the foregoing is true and correct to the best of my knowledge. Executed this 20th day of September, 2005 at San Diego, California.

Marcus Mintz

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### GREENVILLE DIVISION

| | |
|---|---|
| PACKAGE CONCEPTS & MATERIALS, INC.,<br><br>                              Plaintiff,<br><br>vs.<br><br>JIF-PAK, NEIL MINTZ, and MARCUS MINTZ<br><br>                              Defendants. | Case No. 6-05-1184-RBH<br><br><br>**DECLARATION OF NEIL MINTZ IN SUPPORT OF JIF-PAK'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** |

## DECLARATION OF NEIL MINTZ IN SUPPORT OF JIF-PAK'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

I, Neil Mintz, declare:

1.      I am an individual resident of the county of San Diego state of California. I make this declaration of my own first hand knowledge. If called to testify to the facts stated herein, I could and would competently testify thereto. As to matters stated herein on the basis of information and belief, I believe them to be true.

2.      I am the co-inventor of the invention which is the subject matter of U.S. Patent No. 5,413,148. My father Marcus Mintz is the other co-inventor.

3.      I am the co-owner of U.S. Patent No. 5,413,148. My father Marcus Mintz is the other co-owner.

4.      Earlier this year, Jif-Pak Manufacturing, Inc. sent promotional letters regarding the existence of the '148 patent to Jif-Pak customers, but sent no such letters to any business

Case 3:05-cv-02200-L -CAB   Document 1   Filed 12/01/05   Page 180 of 259
09/21/2005  13:12   7605972667       JIF PAK MFG           PAGE  02
6:05-cv-01184-HMH   Date Filed 09/22/2005   Entry Number 18-3   Page 2 of 2

or person in South Carolina as Jif-Pak has had no customers in South Carolina for over 2 years, well prior to the circumstances of this case.

I declare on penalty of perjury under the laws of the Untied States of America that the foregoing is true and correct to the best of my knowledge. Executed this 21st day of September, 2005 at San Diego, California.

Neil Mintz

BJPMR\1017899094413.1

# NEXSEN|PRUET

John B. Hardaway III
Member
Admitted in SC, TN

October 3, 2005

## *VIA ECF*

The Honorable Larry W. Propes
U.S. District Court
300 E. Washington Street
Greenville, SC 29601

Re:    *Package Concepts and Materials, Inc. v. Jif-Pak*
C.A. No.6:05-cv-01184-HMH

Dear Mr. Propes:

I wish to inform that court that Stephen J. Shaw is no longer with our firm and should be removed as counsel in the above-referenced case. Please let me know if any additional filings regarding this matter will be necessary, thank you.

Charleston

Charlotte

Columbia    Very truly yours,

Greensboro
            s/ John B. Hardaway, III
**Greenville**

Hilton Head    John B. Hardaway III
               JBH/bm
Myrtle Beach

201 W. McBee Avenue      **T** 864.282.1172
Suite 400 (29601)        **F** 864.282.1177
PO Drawer 10648          **E** jhardaway@nexsenpruet.com
Greenville, SC 29603-0648  Nexsen Pruet Adams Kleemeier, LLC
www.nexsenpruet.com      **Attorneys and Counselors at Law**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Package Concepts & Materials, Inc., | ) | |
| | ) | C.A. No. 6:05-1184-HMH |
| Plaintiff, | ) | |
| | ) | **OPINION & ORDER** |
| vs. | ) | |
| | ) | |
| JIF-PAK, Neil Mintz, and Marcus | ) | |
| Mintz, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Jif-Pak Manufacturing, Inc. ("Jif-Pak"), Neil Mintz,

and Marcus Mintz's (collectively "defendants") motion to dismiss for lack of personal

jurisdiction, failure to join an indispensable party, and lack of subject matter jurisdiction.

After Package Concepts & Materials, Inc. ("PCM") filed its response to the defendants'

motion on September 12, 2005, the defendants filed their reply on September 22, 2005, in

which they asserted, "The Southern District of California is the best forum for this action, as

there is no disagreement about personal jurisdiction over any of Neil or Marcus Mintz or Jif-

Pak and no resulting problems with subject matter jurisdiction." (Defs.' Reply Pl.'s Mem.

Opp'n Mot. Dismiss 9.) Accordingly, Neil and Marcus Mintz requested "that the Court

dismiss this case or use its discretion in transferring this case under 28 U.S.C. § 1404." (Id.)

A court need not rule on a pending motion to dismiss for lack of personal jurisdiction

if the court's decision to transfer the case renders the motion to dismiss moot. See, e.g.,

Johnson v. Ford Motor Co., No. 2:04-1311, 2005 WL 2353469, at *5 (S.D. W.Va. Sept. 26,

2005); Sassy, Inc. v. Berry, No. 04-C-7219, 2005 WL 1766376, at *2 (N.D. Ill. July 21,

2005). Moreover, a court may transfer a case sua sponte, but it must give the parties the opportunity to be heard before rendering its decision. <u>Feller v. Brock</u>, 802 F.2d 722, 729 n.7 (4th Cir. 1986).

Transferring this case pursuant to 28 U.S.C. § 1404(a) may be appropriate and may serve the interests of justice, be more convenient to the parties and witnesses, and provide easier access to the sources of proof. Although not raised by the parties, transfer pursuant to 28 U.S.C. § 1406 may also be appropriate. As the Mintzs' requested that the court transfer the case in their reply, PCM has not yet had the opportunity to respond. PCM is ordered to brief the court concerning its position regarding a transfer of this case to the Southern District of California under either 28 U.S.C. § 1404 or § 1406 within fifteen (15) days from the date of this order. The defendants are ordered to reply within ten (10) days of PCM's response.

**IT IS SO ORDERED**.

s/ Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
October 4, 2005

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Package Concepts & Materials, Inc., | C.A. No. 6:05-1184-HMH |
| Plaintiff, | |
| vs. | **PLAINTIFF'S RESPONSE TO DEFENDANTS' REQUEST FOR TRANSFER OF THE CASE** |
| JIF-PAK, Neil Mintz, and Marcus Mintz, | |
| Defendants. | |

The Plaintiff, Package Concepts & Materials, Inc. ("PCM") respectfully submits the following Response to Defendants' Request for Transfer of the Case.

## I.    INTRODUCTION.

This Response is being filed pursuant to the Order of the Court, issued on October 4, 2005, to submit a brief to the Court concerning its position regarding a transfer of this case to the Southern District Court of California under either 28 U.S.C. § 1404 or 28 U.S.C. § 1406. Plaintiff respectfully submits that this case is not appropriate for transfer under either of these two statutes. For the reasons that follow, Defendants' Request must be denied, and this declaratory judgment action should move forward in this Court.

## II.    LAW AND ANALYSIS.

As a preliminary matter, it should be recognized that identical issues of validity and enforcement of the '148 patent have been raised in this declaratory judgment action and the later filed patent infringement action that is pending in California. PCM filed the action before this Court seeking a declaration that the patent in dispute, U.S. Patent No. 5,413,148 ("the '148 patent") has not been infringed, and also asserted a tortious interference with contract claim against JIF-PAK. The Complaint filed in the District Court for the Southern District of California also raises allegations of infringement of the '148 patent.[1] Specifically, JIF-PAK and

---

[1] See, *Neil Mintz and Marcus Mintz, and JIF-PAK v. Dietz & Watson, Inc. and Package Concepts & Materials,*

the Mintzes have alleged that PCM is contributorily infringing the '148 patent by producing the meat packaging product it sells to its customers, and that Dietz & Watson ("DW"), one of PCM's customers, is directly infringing the '148 patent in purchasing and using PCM's product. See, Plaintiff's Complaint, Count Two. In short, the validity and enforcement of the '148 patent are the focus of this declaratory judgment action and the later filed patent infringement action currently pending in California. PCM has moved to dismiss the California case on this basis.[2]

**A.     28 U.S.C. § 1404 is the transfer provision that must be applied to determine whether venue of this case should be transferred.**

28 U.S.C. § 1404 and 28 U.S.C. § 1406 have been recognized as the two principal provisions applicable to transfer of venue. *Martin v. Stokes*, 623 F.2d 469, 471 (6th Cir. 1980); see also *Carefirst of Maryland, Inc. v. Carefirst Urgent Care Center, LLC*, 305 F.3d 253, 255-256 (4th Cir. 2002). Section 1404 allows for transfer of an action "for the convenience of parties and witnesses, in the interest of justice," further stating, "a district court may transfer any civil action to any other district or division where it might have been brought." Section 1406 states: "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

The purposes of the two provisions are significantly different. Section 1404(a) applies in general to those actions brought in a permissible but inconvenient forum. *Martin*, 623 F.2d at 471. A transfer under this provision has been held to represent only a change in courtroom for the convenience of the litigants and witnesses. Id. at 472. In contrast, section 1406(a) applies in general to those actions brought in an impermissible forum. Id. at 471. This section provides a district court the discretionary opportunity to transfer an action to a permissible forum when the issue is raised, instead of dismissing it. Id. The rule in this circuit has been interpreted as authorizing the transfer of a case where venue is proper but some impediment exists that would prevent the action from going forward in that district to any district where venue would have been proper. *Carefirst of Maryland, Inc. v. Carefirst Urgent Care Center, LLC*, 305 F.3d at 255, citing *Martin v. Stokes*, supra. A transfer under section 1406(a) is based not on the inconvenience of the transferor forum but on the impropriety of that forum. *Martin*, 623 F.2d at

---

*Inc.*, Case No. 05 CV 1470L (AJB), attached as Ex. A.

[2] See, Defendants' Motion to Dismiss and Memorandum of Law in Support, attached as Ex. B.

472. This declaratory action cannot be transferred under 28 U.S.C. § 1406 because there is no impropriety to serve as the basis for application of the rule.

### 1.    Venue of this declaratory judgment action is proper in South Carolina.

Section 1406 cannot apply to this case because there is no underlying impropriety with South Carolina serving as the forum. PCM has moved to dismiss the patent infringement action that was filed by JIF-PAK and the Mintzes after the commencement of this action. In the Memorandum of Law filed by PCM in support of its Motion to Dismiss, PCM demonstrated that a declaratory judgment action may be properly used to determine issues of patent infringement and invalidity. See, PCM's Memorandum of Law in Support of Motion to Dismiss, Section IIA, attached hereto as Ex. B. It has been long understood that a declaratory judgment action alleging invalidity and noninfringement of a patent is not an action for patent infringement and that, in such a case, venue jurisdiction is controlled by U.S.C. § 1391(c), and not by U.S.C. § 1400(b). *General Tire & Rubber Co. v. Watkins*, 326 F.2d 926, 929 (4th Cir. 1964), *cert. denied*, 377 U.S. 909, 84 S.Ct. 1166, 12 L.Ed.2d 179 (1964), citing *Barber-Greene Co. v. Blaw-Knox Co.*, 239 F.2d 774 (6th Cir. 1957); *Crosley Corp. v. Westinghouse Elec. & Mfg. Co.*, 130 F.2d 474 (3rd Cir. 1942); *E.I. Dupont de Nemours & Co. v. Burnes*, 101 F.2d 14 (2nd Cir. 1939).

PCM has demonstrated that South Carolina is an appropriate venue for this declaratory judgment action. See, Memorandum of Law in Support of Defendants' Motion to Dismiss filed by PCM in the California case, Section IIB, subsection 1, attached hereto as Ex. B. In further support of this position, PCM emphasizes that venue is appropriate in South Carolina because it is where the infringement claim arose. A declaratory judgment action regarding the validity of a patent arises "where the alleged infringer is located, receives the damaging charges of infringement, or suffers economic injury as a result of the charges." *Millipore Corp. v. University Patents, Inc.*, 682 F.Supp. 227, 234, (D.Del. 1987), citing *Pennwalt Corp. v. Hutton Co.*, 582 F.Supp. 438, 440 (E.D.Pa. 1984). The source of the charges of infringement is not a factor in determining where the claim arose. Id.

As PCM has already demonstrated to this Court, the alleged infringer, PCM, has its principle place of business in Greenville, South Carolina. See, Plaintiff PCM's Memorandum of Law in Opposition to Defendant's Motion to Dismiss, pp. 1-2 and 7-8. All of the allegedly infringing manufacturing occurred in South Carolina. Letters sent by JIF-PAK alleged that JIF-

PAK was the owner of the '148 patent, and that the patent was being infringed by the purchase and use of PCM's product, which is manufactured in South Carolina. Most importantly, JIF-PAK and its President, Neil Mintz, purposely directed activity at South Carolina by targeting specific customers of PCM's with letters threatening litigation if they did not stop doing business with PCM. PCM has already demonstrated the loss of two accounts worth over $100,000.00 due to these letters. See, Plaintiff PCM's Memorandum of Law in Opposition to Defendants' Motion to Dismiss, pp. 1-2 and 7-8. Hence, JIF-PAK's action ultimately caused injury within South Carolina in the form of over $100,000 worth of lost business to PCM.

## 2.      Defendants have failed to establish that the absence of Marcus Mintz must bar this declaratory judgment action.

JIF-PAK did not raise a jurisdictional defense in this declaratory judgment action. See, Plaintiff PCM's Memorandum of Law in Opposition to Defendants' Motion to Dismiss, pp. 4-5. The jurisdictional challenges that have been raised by Defendants concern the patent owners, Neil Mintz and Marcus Mintz. This Court can properly assert personal jurisdiction over Neil Mintz because he is President of JIF-PAK and undoubtedly was aware and in control of JIF-PAK's decision to send the "cease and desist" letters which held JIF-PAK out as the owner of the '148 patent. See, Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss, pp. 1-2 and attachments. It is Plaintiff's position that Marcus Mintz is not an indispensable party for purposes of Rule 19(b).[3]

In arguing their position that this case should be dismissed if personal jurisdiction cannot be asserted by this Court over Marcus Mintz, Defendants have repeatedly cited to case law indicating that patent co-owners should generally be joined in patent infringement suits. See, Defendants' Memorandum of Law in Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss, p 6. Recognizing that this general rule does not apply to actions brought against an exclusive licensee whose rights are equivalent to those of an assignee or who has been invested with sufficient incidents of patent ownership, Defendants have produced testimony from Neil Mintz and Marcus Mintz in an attempt to demonstrate that JIF-PAK should be construed as a "bare" or "non-exclusive" licensee. See, Defendants' Memorandum of Law in Reply to

---

[3] Plaintiff does not believe that Neil Mintz is an indispensable party but will not repeat the arguments already presented in previous briefs. Moreover, as Plaintiff has also previously demonstrated, this Court can assert personal jurisdiction over Neil Mintz as President of JIF-PAK.

NPCHAR1:288078.1-MM-(AMC) 017700-00017

Plaintiff's Opposition to Defendants' Motion to Dismiss, p 8. The production of this testimony is not surprising, and follows directly the pattern established by JIF-PAK's on-again-off-again ownership of the '148 patent.

In another non-surprising turn of events, Defendants have indicated that there is no written document memorializing the license agreement between JIF-PAK and the Mintzes regarding the '148 patent. Although JIF-PAK and its counsel have clearly represented otherwise, on several occasions, Neil Mintz and Marcus Mintz now come before this Court claiming that they have retained substantial rights in the patent to license it to anyone else and make or sell products (for themselves, it is assumed) under the patent. See, Defendants' Memorandum of Law in Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss, p 2. Yet, they have failed to come forward anything other than their own testimony to substantiate the rights they claim to have retained in the '148 patent.[4] Basically, by minimizing the written representations made regarding JIF-PAK's ownership of the '148 patent and JIF-PAK's rights and interests in the patent, the Mintzes have attempted to neutralize previous actions by their own counsel which they undoubtedly authorized. It would not be in the interest of justice for this Court to sanction this behavior by transferring this action to California. *Fina Research, S.A. v. Baroid Ltd.*, 141 F.3d 1479, 1483 (Fed. Cir. 1998).

The Mintzes' position that Neil Mintz and Marcus Mintz are the indispensable parties to this action, rather than JIF-PAK, defies logic. JIF-PAK, according to information provided on the company's website, is held out as "**the developer** of the innovative Casing-Net™ product line" and "the leader in the development of new technology for nettings, casings and related equipment for the meat processing industry." See, home page at http://www.jifpak.com, printed copy of screen attached as Ex. C, emphasis added. On a separate page presenting information about the Casing-Net™ Elastic Netting product offered for sale by JIF-PAK, the content of the website states "Our state-of-the-art **patented** knitting technology insures that the Jif-Pak elastic netting is the highest quality and most consistent elastic netting on the market today." See, http://www.jifpak.com/elasticnetting.shtml, printed copy of screen attached as Ex. D (emphasis added). JIF-PAK is also the listed Applicant and Owner of the Casing-Net trademark, which application has been submitted for federal registration with the United States Patent and

---

[4] Unlike this case, *Abbott Labs v. Diamedix* and the other cases cited in Defendants' Memorandum of Law involved written license agreements between wholly independent parties, i.e., companies and individuals not founded, owned and/or operated by the patent holders.

Trademark Office. See, TARR status pages for CASING-NET at www.uspto.gov, printouts of screens attached as Ex. E. These representations agree with the representations made by JIF-PAK in the original letters, and fly in the face of the current position of JIF-PAK, the Mintzes, and their counsel.

Neil Mintz is the current President of JIF-PAK. Marcus Mintz is a 30% shareholder in JIF-PAK, was formerly involved in the company's business and is now retired from the company. See, Affidavits of Neil Mintz and Marcus Mintz, attached to Defendants' Memorandum of Law in Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss. It is likely that Neil Mintz and Marcus Mintz are the majority shareholders in the company.

JIF-PAK must have the dominant interest at stake in defending the validity and alleged infringement of the '148 patent, since it manufactures, markets and sells the product that is protected by the '148 patent, provides Neil Mintz with employment, and Marcus Mintz with retirement income. The Mintzes cannot convincingly argue that they have retained their rights in the patent in order to license the technology elsewhere or to go into business for themselves, either case in direct competition with JIF-PAK and their own considerable interests. Marcus Mintz's rights cannot supersede either JIF-PAK's or Neil Mintz's. His interests will necessarily be protected by JIF-PAK and Neil Mintz. PCM reiterates that Marcus Mintz and Neil Mintz, are not indispensable parties to this declaratory judgment action, and that the case can move forward in the absence of Marcus Mintz.

**B.** **This case is not appropriate for transfer under 28 U.S.C. § 1404 because it is in the interest of convenience of the parties to permit the South Carolina action to proceed.**

The balance of convenience analysis under 28 U.S.C. § 1404 favors proceeding with the instant declaratory judgment action in South Carolina over the patent infringement action filed by Defendants in the District Court for the Southern District of California. In performing the analysis, the greatest weight is given to the first factor taken into consideration, the plaintiff's choice of forum. *Collins v. Straight, Inc.,* 748 F.2d 916, 921-922 (4th Cir. 1984); *Ellicott Machinery Corp. v. Modern Welding Co.,* 502 F.2d 178, 180 (4th Cir. 1974). Additional factors taken into consideration are:

> the relative ease of access to sources of proof; availability of
> compulsory process for attendance of unwilling, and the cost of
> obtaining attendance of willing, witnesses; possibility of view of
> premises, if view would be appropriate to the action; and all other

6

> practical problems that make trial of a case easy, expeditious and
> inexpensive. There may also be questions as to the enforceability
> of the judgment if one is obtained. The Court will weigh
> advantages and obstacles to [a] fair trial. *Gulf Oil Corp. v. Gilbert*,
> 330 U.S. 501, 508 (1947).

The parties have not engaged in any discovery thus far in this case. However, it is clear that the majority of the witnesses needed to appear at proceedings pertaining to the alleged infringement of the '148 patent by PCM will be located in or near South Carolina. PCM's own corporate officers and employees are located within South Carolina. Dietz & Watson, the customer of PCM's that has been named as a defendant in the California case and whose employees may serve as witnesses in this declaratory judgment action, is located in Pennsylvania, which is obviously closer to South Carolina. Other customers of PCM's who received letters from JIF-PAK regarding the alleged infringement of the '148 patent by PCM and whose employees may also be called as witnesses, including Specialty Food Group, Inc., a Virginia corporation, Publix Supermarkets, Inc., a Florida corporation, and Gusto Packing, an Illinois company, are obviously closer to South Carolina than California. All documents in the possession of PCM that may be germane to this action are located within South Carolina, and those in the possession of DW are located in Pennsylvania. Only JIF-PAK is located in California, or even in the western United States for that matter. Clearly, it would be more convenient and less costly overall to resolve the issues between the parties in South Carolina rather than in California.

**C.    It is within the discretion of this Court to proceed with the declaratory judgment action.**

District courts have been given substantial discretion regarding the decision to issue a declaratory judgment. "Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Fina Research, S.A. v. Baroid Ltd.*, 141 F.3d 1479, 1485-1486 (Fed. Cir. 1998), citing *Wilton v Seven Falls Co.*, 515 U.S. 277, 286 (1995). "The statute specifically entrusts courts with discretion to hear declaratory suits or not depending on the circumstances." *Fina Research*, supra at 1486, citing *Serco Servs. Co. v. Kelley Co.*, 51 F.3d 1037, 1039 (Fed. Cir. 1995). Where there is an "actual controversy" between the parties, and thus jurisdiction, the

7

exercise of that jurisdiction rests within the sound discretion of the court. *Fina Research,* 141 F.3d at 1481.

An "actual controversy" results from 1) an explicit threat or other action by the patentee which creates a reasonable apprehension on the part of the declaratory plaintiff that it will face an infringement suit, and 2) present activity which could constitute infringement. *Fina Research,* 141 F.3d at 1481. As established in *Fina Research,* letters alleging patent infringement by a manufacturer and suggesting the possibility of legal action or the imposition of liability can create the necessary apprehension to support the filing of a declaratory judgment action. *Fina Research,* 141 F.3d at 1482-1484. PCM received the letters alleging infringement from its customers who contemplated, and actually stopped, doing business with PCM after reading the letters. Ongoing production and sale of the meat packing product by PCM, along with its purchase and use by PCM's customers, is the "present activity which could constitute infringement" that is required to support pursuit of the declaratory judgment in this case. An "actual controversy" clearly exists, conferring the jurisdiction that may be exercised by this Court. Plaintiff respectfully submits that the circumstances of this case warrant a decision by this Court to exercise its discretion to move forward with the declaratory judgment action.

## III.   CONCLUSION.

Plaintiff in this case, Package Concepts & Materials, Inc., submits that 28 U.S.C. § 1404 is the applicable transfer provision to this declaratory judgment action. This provision applies because venue of the action is proper in South Carolina, where the alleged infringement claim arose and where PCM, the alleged infringer, resides, received the damaging charges of infringement, and suffered economic injury as a result of JIF-PAK's charges. In addition, because this Court has personal jurisdiction over JIF-PAK and Neil Mintz, and Marcus Mintz is not indispensable to the litigation, there is no impediment to prevent the action from moving forward in this Court. In short, 28 U.S.C. § 1404 applies because South Carolina is a permissible forum for the case.

Defendants' request to transfer this case to California must be denied. The balance of convenience analysis under 28 U.S.C. § 1404 favors proceeding with the action in South Carolina, where PCM and the documents germane to the case are located and which is closer to

NPCHAR1:288078.1-MM-(AMC) 017700-00017

all of PCM's customers who received letters from JIF-PAK alleging infringement of JIF-PAK's patent and who will likely serve as witnesses in the case.

For the foregoing reasons, Plaintiff Package Concepts & Materials, Inc., respectfully submits that this case is not appropriate for transfer to the District Court for the Southern District of California. PCM also renews its request that this Court deny Defendants' Motion to Dismiss, and proceed with the pending declaratory judgment action.

Respectfully submitted,

s/ John B. Hardaway, III
John B. Hardaway III (Fed. ID No. 1710)
NEXSEN PRUET, LLC
201 W. McBee Avenue, Suite 400 (29601)
PO Drawer 10648
Greenville, SC 29202
864.370.2211

Attorneys for Plaintiff,
Package Concepts & Materials, Inc.

October 13, 2005

Greenville, South Carolina

NPCHAR1:288078.1-MM-(AMC) 017700-00017

# EXHIBIT A

Summons in a Civil Action (Rev 11/97)

# United States District Court
## SOUTHERN DISTRICT OF CALIFORNIA

NEIL MINTZ, an individual; and MARCUS MINTZ,
an individual; and JIF-PAK MANUFACTURING,
INC., a California corporation

**SUMMONS IN  CIVIL ACTION**

Case No. 05 C  1470 L (AJB)

vs

DIETZ & WATSON, INC., a Pennsylvania
corporation and PACKAGE CONCEPTS &
MATERIALS, INC., a South Carolina
corporation

TO: (Name and Address of Defendant)

DIETZ & WATSON, INC.
c/o its Agent for Service of Process
115 Vine Street
Philadelphia, PA 19106

or   DIETZ & WATSON, INC.
c/o its Agent for Service of Process
5701 Tacony Street
Philadelphia, PA 191   ;

YOU ARE HEREBY SUMMONED and required to file with the Clerk  this Court and serve upon
PLAINTIFF'S ATTORNEY

JOHN L. HALLER, ESQ.
GORDON & REES LLP
101 West Broadway, Suite 1500
San Diego, CA  92101
Telephone:  619-696-6700          Facsimile:  6190-696-71  4

An answer to the complaint which i; herewith served upon you, within _twenty (20)_____ days after
service of this summons upon you, exclusive of the day of service. If you ail to do so, judgment by
default will be taken against you for the relief demanded in the complaint.

W. Samuel Hamrick, Jr.
CLERK

JUL 25 2005

By _____ , Deputy Clerk

DATE

Summons in a Civil Action

::ODMA\PCDOCS\WORDPERFECT\14443\1 May 5, 1999 (11:34am)                                        AO-440S

08/08/2005 16:26 FAX @002

JS 44
[Rev. 07:89]
# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of the Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

## I. (a) PLAINTIFFS
NEIL MINTZ, MARCUS MINTZ, and JIF-PAK MANUFACTURING, INC.

## DEFENDANTS
DIETZ & WATSON, INC., and PACKAGE CONCEPTS & MATERIALS, INC.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

'05 CV .470 L (AJB)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
GORDON & REES LLP
101 W. BROADWAY
SUITE 1600
SAN DIEGO, CA 92101
619-696-6700

ATTORNEYS (IF KNOWN)
John B. Hardaway, II, Esq.
NEXSEN PRUET
201 W. McBee Avenue, Suite 400
P. O. Drawer 10648  Greenville, SC 29603
864-282-1172

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

| | | |
|---|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government not a Party) | |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) | |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR
(For Diversity Cases Only)     PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)     Patent Infringement (direct, contributory,
inducement); Declaratory Judgment (Non-Interference with Business Relationship)

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 362 Personal Injury - Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & ☐ 365 Personal Injury - Product Liability | Property 21 USC 881 | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander   ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine   PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☒ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability   ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | SOCIAL SECURITY | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholder's Suits | ☐ 350 Motor Vehicle   ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability   ☐ 380 Other Personal Property Damage | LABOR | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury   ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS   PRISONER PETITIONS | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting   ☐ 510 Motion to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment   HABEAS CORPUS: | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations   ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare   ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights   ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☒ 290 All Other Real Property | ☐ 550 Civil Rights ☐ 555 Prison Conditions | | | |

## VI. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

| | | |
|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removal from State Court | ☐ 3 Remanded from Appellate Court |
| ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation     ☐ 7 Appeal to District Judge from Magistrate Judgment |

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ in excess of $75,000 and declaratory relief
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY   (See instructions):
JUDGE Hon. Robert B Harwell   Docket Number
District of South Carolina
(Greenville) Case No. 05-CV-1184

DATE
July 22, 2005

SIGNATURE OF ATTORNEY OF RECORD
John B. Hardaway, Esq., GORDON & REES LLP

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

COPY

1  JOHN L. HALLER (SBN: 61392)
   CHARLES V. BERWANGER (SBN: 47,282)
2  SUSAN B. MEYER (SBN: 204931)
   GORDON & REES LLP
3  101 West Broadway
   Suite 1600
4  San Diego, CA 92101
   Telephone: (619) 696 6700
5  Facsimile: (619) 696-7124

6  Attorneys For: Plaintiffs
   NEIL MINTZ, MARCUS MINTZ AND
7  JIF-PAK MANUFACTURING, INC.

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10

11  NEIL MINTZ, an individual; and MARCUS     CASE NO. 05 CV 1470 L (AJB)
    MINTZ, an individual and JIF-PAK
12  MANUFACTURING, INC., a California          COMPLAINT FOR PRELIMINARY
    corporation,                               AND PERMANENT INJUNCTION AND
13                                             FOR DAMAGES FOR PATENT
                                               INFRINGEMENT, CONTRIBUTORY
14                          Plaintiffs,        INFRINGEMENT AND INDUCEMENT
                                               TO INFRINGE AND FOR
15            v.                               DECLARATORY RELIEF
                                               REGARDING NON-INTERFERENCE
16  DIETZ & WATSON, INC., a Pennsylvania       WITH BUSINESS RELATIONSHIP
    corporation and PACKAGE CONCEPTS &
17  MATERIALS, INC., a South Carolina          *Demand for Jury Trial*
    corporation,
18
                            Defendants.
19

20

21      Plaintiffs, NEIL MINTZ, MARCUS MINTZ, and JIF-PAK MANUFACTURING, INC.

22  (collectively "Plaintiffs") for their complaint against Defendant, DIETZ & WATSON, INC.,

23  (hereinafter called "D&W") and PACKAGE CONCEPTS & MATERIALS (hereinafter "PCM")

24  hereby alleges as follows:

25                                  I.

26                            JURISDICTION

27      1.    This is a civil action for patent infringement, contributory infringement and

28  inducement to infringe which arises under the Patent Laws of the United States namely Title 35

                                 -1-
                               COMPLAINT

1   of the United States Code and this Court has jurisdiction under 28 U.S.C. §§ 1331, 1332 and

2   1338(a). In addition, his is an act on for declaratory judgment (28 U.S.C. § § 2201, 2202)

3   regarding the non-interference with a business relationship and this Court has jurisdiction under

4   28 U.S.C. § 1367.

## II.

## VENUE

7       2.    Plaintiffs are informed and believe that this Court is the proper venue under 28

8   U.S.C. §§ 1391(b), (c) and § 1400 because Defendant D&W is subject to personal jurisdiction in

9   this judicial district, the products of the infringing activities, as alleged herein below, are

10   advertised and sold within this judicial district and D&W is doing business in this judicial

11   district.

12       3.    Plaintiffs are informed and believe that this Court is the proper venue under 28

13   U.S.C. §1391(b), (c) and § 1440 because Defendant PCM, is subject to personal jurisdiction in

14   this judicial district, the products of the infringing activities, as alleged herein below, are

15   advertised and sold within this judicial district and PCM is doing business in this Judicial

16   District. Plaintiffs are further informed and believe that Defendant PCM will admit to the

17   jurisdiction of this court.

## III.

## THE PARTIES

20       4.    Plaintiff Neil Mintz is an individual, residing in the county of San Diego.

21       5.    Plaintiff Marcus Mintz is an individual, residing in the county of San Diego.

22       6.    Jif-Pak Manufacturing, Inc. is a California corporation with its principal place of

23   business in the County of San Diego ("Jif-Pak").

24       7.    Upon information and belief, Defendant D&W is a Pennsylvania corporation,

25   with a principal place of business in Philadelphia, Pennsylvania.

26       8.    Upon information and belief, Defendant PCM is a South Carolina corporation,

27   with a principal place of business in Greenville, South Carolina.

28   /////

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

-2-

IV.

## COUNT 1

### PATENT INFRINGEMENT

#### (Against All Defendants)

9.      Plaintiffs, Neil Mintz and Marcus Mintz, reallege the allegations of the foregoing Paragraphs 1 through 6, and incorporates allegations herein by reference as though fully set forth.

10.      On May 9, 1995, United States Letters Patent No. 5,413,148 (the '148 patent) entitled Casing Structure for Encasing Meat Products (hereinafter the Patented Invention) issued to co-inventors Neil Mintz and Marcus Mintz. Plaintiffs are the owners/licensees of the '148 patent and enjoy all rights, title and interest in and to said '148 patent.

11.      Plaintiffs Neil Mintz and Marcus Mintz, have informally licensed the right to make have made use sell and advertise the invention claimed in the '148 patent to Plaintiff Jif-Pak.

12.      The '148 patent relates to a tubular casing for meat products having a stockinette member with a knit tubular member formed of threads and a netting arrangement which is intricately formed with the stockinette member. The netting arrangement may either be knit in with the stockinette member or the strands of the knitting arrangement may be laid in.

13.      Plaintiffs are informed and believe and on that basis alleged that Defendants have been and continue to directly infringe, contributory infringement and or induced others to infringe the '148 patent by practicing the patent invention, selling components which have no substantial non-infringing use and/or knowingly teaching others to practice the patented invention.

14.      Plaintiffs are informed and believe that Defendants infringement is willful, malicious and without regard to the rights of Plaintiffs.

15.      Plaintiffs are further informed and believe that such practice will continue unless enjoined by this Court.

/////

-3-

COMPLAINT

Case 3:05-cv-02200-L  -CAB  Document 1  Filed 12/01/05  Page 199 of 259
08/08/2005 16:27 FAX                                                                 ☐008
6:05-cv-01184-HMH    Date Filed 10/13/2005    Entry Number 21-2    Page 7 of 9

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

V.

## COUNT TWO

### DECLARATORY JUDGMENT: NON-INTERFERENCE WITH BUSINESS RELATIONSHIP

(Against All Defendants)

16.    Plaintiff Jif-Pak reallege all the allegations in the foregoing paragraphs 1 through 15 and incorporates said allegations herein by reference as though fully set forth.

17.    Plaintiff Jif-Pak is the licensee of the '148 patent and has notified Defendant D&W and other customers including Specialty Food Group, Inc. of Virginia of the existence of the '148 patent and that their activities may be infringing said patent

18.    Plaintiff Jif-Pak's notice was in the form of a communication to Plaintiff Jif-Pak's current customers to identify the benefits of continuing to do business with Jif-Pak.

19.    Defendant PCM has asserted that Jif-Pak's communication with its customers regarding the existence of the '148 patent and encouraging its customers to maintain its business with Jif-Pak constitutes an interference with PCM's relationship with said customers.

20.    Jif-Pak has notified PCM that it has the right to advise others, specifically Plaintiffs own customers as to the existence of the '148 patent and of its belief that the activities of such customers may constitute infringement and that Jif-Pak would like to maintain their business.

21.    There is a present actual and continuing controversy between Plaintiff Jif-Pak and Defendant PCM as to Jif-Pak's right to notify its customers including Dietz & Watson, Inc. of the existence of the '148 patent and to indicate that its customers including Dietz & Watson, Inc. may be infringing such patent.

VI.

## PRAYER

WHEREFORE, Plaintiffs pray the Court for the following relief:

1.    That Defendants, their subsidiaries, affiliates, parents, successors, assigns, officers, agents, servants, employees, attorneys, and all persons acting in concert or in

Case 3:05-cv-02200-L -CAB   Document 1   Filed 12/01/05   Page 200 of 259
08/08/2005 18:27 FAX                                                    ☒007
6:05-cv-01184-HMH   Date Filed 10/13/2005   Entry Number 21-2   Page 8 of 9

1  participation with them  or any of them, be preliminarily enjoined during the pendency of this

2  action, and permanently enjoined thereafter from infringing, contributing to the infringement of,

3  and inducing infringement of the '148 patent and specifically from directly or indirectly making,

4  using, marketing, advertising, offering for sale, or selling and distributing devices embodying the

5  invention of the '148 patent during the life of the '148 patent without express written authority of

6  Plaintiffs. That Defendants be ordered to deliver to Plaintiffs for destruction at Plaintiffs' option,

7  their entire inventory of products that infringe the '148 patent.

8      2.      That Defendants and each of them, be directed to fully compensate Plaintiffs for

9  all damages attributable to Defendants' infringement of '148 patent in an amount according to

10  proof at trial.

11      3.      That Plaintiffs' notification to Dietz & Watson, Inc. and other customers and

12  potential customers regarding the existence of the '148 patent is lawful and does not constitute

13  an interference with any business relationship of Defendant PCM.

14      4.      For an accounting of such damages.

15      5.      That such damages be trebled.

16      6.      An award of attorneys' fees, interest and costs against Defendants and each of

17  them.

18

19  Dated: July 22, 2005                     GORDON & REES LLP

20

21  By:_____
                                             John L. Hidle
22                                           Attorneys For Plaintiffs
                                             NEIL MINTZ and MARCUS MINTZ
23

24

25

26

27

28

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

1      DEMAND FOR JURY TRIAL

2      Plaintiffs hereby demand trial by jury of every issue that is triable by jury.

3
       Dated: July 22, 2005                    GORDON & REE  LLP
4

5

6      By: _____
           John L. Haller
7      Attorneys For Plaintiffs
       NEIL MINTZ and MARCUS MINTZ
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

       Gordon & Rees LLP
       101 West Broadway
       Suite 1600
       San Diego, CA 92101

                                  -6-
                               COMPLAINT

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| Package Concepts & Materials, Inc., | ) | Civil Action No. 6-05-1184-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **DEFENDANT JIF-PAK'S NOTICE OF** |
| | ) | **MOTION AND MOTION TO DISMISS** |
| JIF-PAK, | ) | **PLAINTIFF'S COMPLAINT FOR** |
| | ) | **LACK OF SUBJECT MATTER** |
| Defendant. | ) | **JURISDICTION** |
| | ) | |
| | ) | |

PLEASE TAKE NOTICE that Defendant JIF-PAK will and hereby does move this Court for an order dismissing Plaintiff's Complaint for lack of subject matter jurisdiction.

Defendant JIF-PAK's motion to dismiss Plaintiff's Complaint is based on the ground that There can be no case or controversy between these parties on the facts alleged in the complaint because Defendant JIF-PAK does not own the patent at issue. Plaintiff could not have and had no reasonable apprehension that Defendant would sue Plaintiff. Plaintiff has named the wrong party. There therefore is no case or controversy existing between Plaintiff and Defendant. Since there is no case or controversy, this Court does not have subject matter jurisdiction over Plaintiff's declaratory relief count.

This motion to dismiss is further based on the ground that it would be futile to allow an amendment complaint naming the patent owners because this Court would not have personal jurisdiction over them. Therefore, an amended complaint naming the patent owners would ultimately have to be dismissed for lack of personal jurisdiction.

This motion to dismiss is further based on the ground that upon dismissal of Plaintiff's declaratory relief count, the only remaining cause of action for interference with contract is a

state cause of action over which this Court would not have even supplemental jurisdiction.

This motion to dismiss is further based on all the papers on file in this action and on such

further evidence and argument as may be presented at the hearing on this motion.

Respectfully submitted.

s/Neil C. Jones
Neil C. Jones, Esq. (Fed. Bar No. 5470)
Rivers S. Stilwell (Fed. Bar No. 6271)
NELSON MULLINS RILEY & SCARBOROUGH LLP
Poinsetta Plaza
104 South Main Street
Suite 900
P. O. Box 10084
Greenville, South Carolina  29603-0084
864-250-2300

-and-

John L. Haller, Esq. (CA State Bar No. 61,392)
(*pro hac vice* application pending)
Susan B. Meyer, Esq. (CA State Bar No. 204931)
(*pro hac vice* application pending)
GORDON & REES LLP
101 West Broadway
Suite 1600
San Diego, CA  92101
619-696-6700

Attorneys for Defendant, JIF-PAK

July 27, 2005

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| Package Concepts & Materials, Inc., | ) | Civil Action No.  6-05-1184-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **DEFENDANT JIF-PAK INC.'S** |
| | ) | **MEMORANDUM OF POINTS AND** |
| JIF-PAK, | ) | **AUTHORITIES IN SUPPORT OF** |
| | ) | **MOTION TO DISMISS FOR LACK OF** |
| Defendant. | ) | **SUBJECT MATTER JURISDICTION** |
| | ) | |
| | ) | Jury Trial Requested |
| | ) | |
| | ) | |

Defendant Jif-Pak, Inc. is not the owner or exclusive licensee of the patent at issue in this case. As such, there is no actual controversy between the parties as required by the Declaratory Judgment Act. Allowing Plaintiff to amend the complaint to join the patent owners will not solve the jurisdiction problem because this Court does not have personal jurisdiction over the patent owners. Furthermore, because the Court lacks jurisdiction over the federal question cause of action (declaratory judgment), the remaining state-law cause (interference with contract), brought under supplemental jurisdiction, should also be dismissed.

A.    **This Court lacks subject matter jurisdiction over the declaratory judgment cause of action**

This Court lacks subject matter jurisdiction over the declaratory judgment cause of action because there is no case or controversy between the parties. Plaintiff has sued Jif-Pak, Inc., who does not have ownership rights to U.S. Patent No. 5,413,148 ("the '148 patent"). As such, Jif-Pak does not have standing to bring a patent infringement suit against Plaintiffs. Since Jif-Pak has no such standing, Plaintiff does not have a reasonable apprehension of suit by Jif-Pak. Therefore, there is no controversy between the parties, as required by the Declaratory Judgment Act.

**1.      Defendant Jif-Pak is not the patent owner or exclusive licensee of the patent
at issue**

Plaintiff makes no allegation about ownership of the '148 patent, although a quick search

of the U.S. Patent Office website would have revealed it is currently owned by the inventors,

Neil and Marcus Mintz. (Neil Mintz Decl., ¶ 4[1]; Marcus Mintz Decl., ¶¶ .3,4.)

The patent law provides that a "patentee" shall have a remedy by civil action for

infringement of a patent. 35 U.S.C. 281. This law has been interpreted to require that a suit for

infringement must ordinarily be brought by a party holding legal title to the patent. *Textile*

*Prods., Inc. v. Mead Corp.*, 134 F.3d 1481 (Fed. Cir. 1998).

A "bare licensee", who enjoys only a non-exclusive license and has no right to exclude

others, has no standing to bring a patent infringement action. *Abbott Labs v. Diamedix Corp.*, 47

F.3d 1128 (Fed. Cir. 1995); *Ortho Pharm. Corp. v. Genetics Inst., Inc.*, 52 F.3d 1026 (Fed. Cir.

1995).

In this case, Jif-Pak, Inc. is a bare, non-exclusive licensee of the '148 patent. The license

is informal and verbal. Jif-Pak has no rights to exclude anyone else from making, using or

selling the claimed structure. (Neil Mintz Decl., ¶¶  5, 6, 7; Marcus Mintz Decl., ¶ ¶ 5, 6.)

Furthermore, patent owners Neil and Marcus Mintz separately have the right to license the patent

to anyone else or to make and sell products under the patent. Neil Mintz Decl., ¶ 7; Marcus

Mintz Decl., ¶ 6.

Therefore, Defendant Jif-Pak does not have sufficient legal interest in the '148 patent

such that it could bring a patent infringement case.

**2.      Because Defendant does not have a sufficient legal interest in the patent,
there is no actual controversy between the parties as required by 28 U.S.C.
Sec. 2201**

If a Defendant does not have legal interest in the patent, and therefore could not bring suit

for patent infringement, there is no actual controversy which would support jurisdiction under

the Declaratory Judgment Act, 28 U.S.C. Sec. 2201(1994). *Fina Research, S.A. v. Baroid Ltd.*,

---

[1] The declarations of Neil Mintz and Marcus Mintz are filed concurrently herewith in support of this motion to
dismiss. The Declaration of Neil Mintz is hereinafter referred to as "Neil Mintz Decl." The Declaration of Marcus
Mintz is hereinafter referred to as Marcus Mintz Decl.".

141 F.3d 1479, 1481 (Fed. Cir. 1998).

Like the case in *Fina*, Defendant here does not have the rights to enforce the patent, and thus could not have brought suit for patent infringement. As such, there is no "actual controversy" between the parties, as required by the Declaratory Judgment Act. Because Plaintiff fails to show such a controversy, this Court lacks subject matter jurisdiction.

**B.     Plaintiff Cannot Overcome the Jurisdiction Problem by Joining the Patent Owners Because This Court Lacks Personal Jurisdiction**

In *Fina*, discussed above, the plaintiffs were able to amend the complaint to join the patent owners. This solution will not work in this case because the Court lacks personal jurisdiction over Marcus Mintz and Neil Mintz.

South Carolina courts have determined that the South Carolina long arm statute runs to the constitutional limits of the Due Process Clause. *See Southern Plastics Co. v. Southern Commerce Bank*, 423 S.E.2d 128, 130-31 (S.C. 1992). Evaluating the propriety of asserting personal jurisdiction over a nonresident defendant is generally a two-step process, but it compresses into one: whether the due process requirements are met. *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1358 (Fed. Cir. 1998), *Sonoco Prods, Co. v. Interplast Corp.*, 867 F. Supp. 352, 354 (D. S.C. 1994). Because this Court's subject matter jurisdiction arises under the patent laws, Federal Circuit law controls the analysis of the Due Process Clause. *See 3D Sys., Inc. v. Aarotech Labs, Inc.*, 160 F.3d 1373, 1377 (Fed. Cir. 1998), *ESAB Group, Inv. v. Centricut, LLC*, 34 F. Supp. 2d 323, 328 n.3 (D. S.C. 1999).

The due process test for personal jurisdiction has two related components, the minimum contacts and fairness inquiries. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980). Due process requires that a nonresident defendant have certain minimum contacts with the forum such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310 (1945). Due process is satisfied if "the defendant purposefully avails himself of the privilege of conducting activities within the forum State." *Hanson v. Deckla*, 357 U.S. 235, 253 (1958).

Personal jurisdiction may be specific or general. In this case, neither type of jurisdiction

exists over Neil and Marcus Mintz, the patent owners.

Specific jurisdiction applies when a case of action arises out of or is related to defendant's activities within the forum state. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). But if the suit is unrelated to the defendant's contacts with the forum state, the court exercises general jurisdiction. *See Helicopteros Nacionales*, 466 U.S. at 414.

The patent owners are not subject to general personal jurisdiction in South Carolina because they do not have "continuous and systematic general business contacts" with the state. *International Shoe*, 326 U.S. at 318. The patent owners, Neil Mintz and Marcus Mintz, do not have a residence in South Carolina, have no real property in South Carolina, have no bank account, no driver's license, no personal property, no mailing address, no telephone number in the State of Carolina, are not officers or directors of any business organized under the laws of the State of Carolina, and have no websites that reach South Carolina. Further, a single visit by Neil Mintz to South Carolina as a representative of Jif-Pak at a trade show over 5 years ago is the only visit made by either Neil or Marcus to the state of South Carolina.

The patent owners are not subject to specific jurisdiction because the cause of action does not arise directly from any activity by Neil and Marcus Mintz in South Carolina. The cause of action seeks a declaration of non-infringement of the '148 patent and alleges that Jif-Pak "made written assertions that Plaintiff's customer, Specialty Foods Group, is infringing the '148 patent." [Complaint, Para. 8]. Plaintiff makes no other factual allegation.

Plaintiff is factually correct that it was Jif-Pak, not Neil and Marcus Mintz, who contacted Specialty Foods Group, Inc. Therefore, Plaintiff has made no factual allegation of any activity by Neil and Marcus Mintz, personally, from which the cause of action arose.

Regardless of who made the contact, however, it is important to note that Specialty Foods

4

Group, Inc. is not located in South Carolina. It is located in Virginia.[2] Even if Specialty Foods was located in South Carolina and even if the letter was an infringement notice, merely sending infringement notices, without more activity in the forum state, is not sufficient to satisfy the requirements of due process. *Genetic Implant Sys., Inc. v. Core-Vent Corp.*, 123 F.3d 1455 (Fed. Cir. 1997).

Because Neil and Marcus Mintz have not participated in any activity in South Carolina from which the cause of action arose they are not subject to specific personal jurisdiction in South Carolina. Therefore, although Plaintiff may attempt to join the patent owners as defendants, this would be an exercise in futility as they are not subject to personal jurisdiction in South Carolina.

**C.     If the Declaratory Judgment Claim is Dismissed, the State-Law Tortious Interference with Contract Claim Should Also be Dismissed**

If this Court dismisses the only claim over which it has original jurisdiction, the declaratory judgment patent claim, the remaining claim will be the entirely state-law based claim of Tortious Interference with Contract. This Court may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. 1367(c)(3). It is important to note that Plaintiff has failed to allege any amount in dispute relevant to its interference with contract count, thereby failing to properly allege and/or be able to qualify for diversity jurisdiction under 28 U.S.C. § 1332.

Jif-Pak requests the Court exercise its discretion in dismissing the remaining claim over which it only has supplemental jurisdiction and for which no amount in controversy has been alleged, thereby failing to meet the requirement for diversity jurisdiction.

**D.     Conclusion**

Plaintiff's declaratory judgment cause of action should be dismissed because there is a complete absence of a case or controversy between the parties. Plaintiff has simply sued the wrong party. But even if Plaintiff amends the complaint to join the patent owners, this Court

---

[2] The letter sent to Specialty Foods Group, Inc. was a promotional letter to Specialty Foods Group as a current client of Jif-Pak, intended to preserve the business relationship with that client.

does not have personal jurisdiction over them. As such, this claim must be dismissed. The

remaining pendant state-law claim should also be dismissed in the Court's discretion and for lack

of jurisdiction.

Respectfully submitted,

s/Neil C. Jones
Neil C. Jones, Esq. (Fed. Bar No. 5470)
Rivers S. Stilwell (Fed. Bar No. 6271)
NELSON MULLINS RILEY & SCARBOROUGH LLP
Poinsett Plaza
104 South Main Street
Suite 900
P. O. Box 10084
Greenville, SC 29603-0084
864-250-2300

-and-

John L. Haller, Esq. (CA State Bar No. 61,392)
(*pro hac vice* application pending)
Susan B. Meyer, Esq. (CA State Bar No. 204931)
(*pro hac vice* application pending)
GORDON & REES LLP
101 West Broadway
Suite 1600
San Diego, CA 92101
619-696-6700

Attorneys for Defendant, JIF-PAK

Dated: July 27, 2005

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF SOUTH CAROLINA
### GREENVILLE DIVISION

| | |
|---|---|
| PACKAGE CONCEPTS & MATERIALS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> JIF-PAK <br><br> Defendant. | Case No. 6-05-1184-RBH <br><br> **DECLARATION OF MARCUS MINTZ IN SUPPORT OF JIF-PAK'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** |

### DECLARATION OF MARCUS MINTZ IN SUPPORT OF JIF-PAK'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

I, Marcus Mintz, declare:

1.    I am an individual resident of the county of San Diego state of California. I make this declaration of my own first hand knowledge. If called to testify to the facts stated herein, I could and would competently testify thereto. As to matters stated herein on the basis of information and belief, I believe them to be true.

2.    I am the co-inventor of the invention which is the subject matter of U.S. Patent No. 5,413,148. My son Neil Mintz is the other co-inventor.

3.    I am the co-owner of U.S. Patent No. 5,413,148. My son Neil Mintz is the other co-owner

4.    I am informed and believe that my and my son's ownership of the '148 patent is reflected on the records of the United States Patent and Trademark Office website, uspto.gov.

5.    I have informally (verbally) licensed the right to make, have made, use, sale, and advertise the invention claimed in the '148 patent to Jif-Pak Manufacturing, Inc.

6. As co-owner of '148 patent, I understand that I have the right to license others to rights under the '148 patent.

7. I have no residence in South Carolina.

8. I have no real property in South Carolina.

9. I have no drivers license for the state of South Carolina.

10. I have no personal property located in the state of South Carolina.

11. I am not an officer or director of any business organized under the laws of the state of South Carolina.

12. I have no mailing address in the state of South Carolina.

13. I have no telephone number in the state of South Carolina

14. I have not traveled to South Carolina for business.

15. I have not traveled to South Carolina except for pleasure and that was over 15 years ago, before the '148 patent issued.

I declare under penalty of perjury under the laws of the Untied States of America that the foregoing is true and correct to the best of my knowledge. Executed this 25th day of July, 2005 at San Diego, California.

Marcus Mintz

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | |
|---|---|
| PACKAGE CONCEPTS & MATERIALS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> JIF-PAK <br><br> Defendant. | Case No. 6-05-1184-RBH <br><br> **DECLARATION OF NEIL MINTZ IN SUPPORT OF JIF-PAK'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** |

**DECLARATION OF NEIL MINTZ IN SUPPORT OF JIF-PAK'S MOTION TO**
**DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

I, Neil Mintz, declare:

1.      I am an individual resident of the county of San Diego state of California. I make this declaration of my own first hand knowledge. If called to testify to the facts stated herein, I could and would competently testify thereto. As to matters stated herein on the basis of information and belief, I believe them to be true.

2.      I am the co-inventor of the invention which is the subject matter of U.S. Patent No. 5,413,148. My father Marcus Mintz is the other co-inventor.

3.      I am the co-owner of U.S. Patent No. 5,413,148. My father Marcus Mintz is the other co-owner

4.      I am informed and believe that my and my father's ownership of the '148 patent is reflected on the records of the United States Patent and Trademark Office website, uspto.gov.. Attached hereto marked Exhibit A is a true and correct copy of the results of a query of the USPTO's Assignment database, which yielded the report that no assignment data is available with respect to the '148 patent. This negative report shows that there has been no assignment with respect to the '148 patent, independently confirming that my father and I still own the '148

patent

5.      I have informally (verbally) licensed the right to make, have made, use, sale, and advertise the invention claimed in the '148 patent to Jif-Pak Manufacturing, Inc.

6.      As a licensor, I understand that licensee, Jif-Pak, does not have the right to initiate or maintain a patent or infringement lawsuit even though it can notify others of the existence of a patent and that it can indicate that another's practice may infringe the license patent.

7.      As co-owner of the '148 patent, I understand that I have the right to license others to rights under the '148 patent.

8.      As president of Jif-Pak, I understand that a notification was sent to Specialty Food Group that advised that Jif-Pack was the owner of the '148 patent when in fact it is not the owner of the '148 patent because Jif-Pak is only a licensee of the '148 patent. A corrective statement has been forwarded to Specialty Foods Group.

9.      I have no residence in South Carolina.

10.      I have no real property in South Carolina.

11.      I have no bank account in South Carolina.

12.      I have no drivers license for the state of South Carolina.

13.      I have no personal property located in the state of South Carolina.

14.      I am not an officer or director of any business organized under the laws of the state of South Carolina.

15.      I have no mailing address in the state of South Carolina.

16.      I have no telephone number in the state of South Carolina

17.      I have most recently visited South Carolina approximately 5 years ago briefly and on a single visit to attend a trade show as a representative of Jif-Pak.

I declare under penalty of perjury under the laws of the Untied States of America that the foregoing is true and correct to the best of my knowledge. Executed this 26 day of July, 2005 at San Diego, California.

Neil Mintz

1

# EXHIBIT C

Jif-Pak Manufacturing, Inc., as the developer of the innovative Casing-Net product line, has proven to be the leader in the devel...    Page 1 of 1



## Shaping meat products for the future

**Jif-Pak Manufacturing, Inc. as the developer of the innovative Casing-Net™ product line has proven to be the leader in the development of new technology for netting, casings and related equipment for the meat processing industry.**

**Casing-Net materials will offer many benefits to any meat processing plant whether it be through improved product consistency, increased throughput, improved yields or reduced material costs.**

**Our goal as the leader in providing innovation and innovative products to the meat processing industry is to show the efficiency, savings and quality upgrades achieved using Casing-Net. Jif-Pak's highly trained technical staff is available to travel to your facility to demonstrate the Casing-Net process, equipment and technical advantages.**

**Contact Us**

Jif-Pak Manufacturing Inc.
1451 Engineer Street
Vista, CA 92083

Customer service: 1-800-777-6613
Telephone: 920-983-7964
Fax: 920-983-7969

Email: info@jifpak.com

http://www.jifpak.com/index.shtml

10/10/2005

# EXHIBIT D

Trademark Electronic Search System (TESS)



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System(Tess)

*TESS was last updated on Tue Oct 11 04:13:30 EDT 2005*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |

| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

[Logout] Please logout when you are done to release system resources allocated for you.

[Start] List At: [＿＿] OR [Jump] to record: [＿＿] **Record 1 out of 2**

| TARR Status | ASSIGN Status | TDR Status | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*

# CASING-NET

| | |
|---|---|
| **Word Mark** | **CASING-NET** |
| **Goods and Services** | IC 018. US 001 002 003 022 041. G & S: casings, for food prodcuts. FIRST USE: 19890415. FIRST USE IN COMMERCE: 19890501 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 78546722 |
| **Filing Date** | January 12, 2005 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Owner** | (APPLICANT) Jif-Pak Manufacturing, Inc. CORPORATION CALIFORNIA 1451 Engineer Street Vista CALIFORNIA 92083 |
| **Attorney of Record** | Heidi Eisenhut |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST |

| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

[.HOME | SITE INDEX] SEARCH | eBUSINESS | HELP | PRIVACY POLICY

# EXHIBIT E

**Thank you for your request. Here are the latest results from the <u>TARR web server.</u>**

**This page was generated by the TARR system on 2005-10-11 10:56:06 ET**

**Serial Number:** 78546722

**Registration Number:** (NOT AVAILABLE)

**Mark**

# CASING-NET

**(words only):** CASING-NET

**Standard Character claim:** Yes

**Current Status:** Final review prior to publication has been completed, application will be published for opposition.

**Date of Status:** 2005-08-29

**Filing Date:** 2005-01-12

**The Information will be/was published in the Official Gazette on** (DATE NOT AVAILABLE)

**Transformed into a National Application:** No

**Registration Date:** (DATE NOT AVAILABLE)

**Register:** Principal

**Law Office Assigned:** LAW OFFICE 107

**Attorney Assigned:**
HAYASH SUSAN C <u>Employee Location</u>

**Current Location:** 657 -Pre-Publication Final Review

**Date In Location:** 2005-09-08

---

### LAST APPLICANT(S)/OWNER(S) OF RECORD

1. Jif-Pak Manufacturing, Inc.

Case 3:05-cv-02200-L  -CAB  Document 1  Filed 12/01/05  Page 221 of 259
L 6:05-cv-01184-HMH  Date Filed 10/13/2005  Entry Number 21-6  Page 3 of 4
Page 2 of 3

**Address:**
Jif-Pak Manufacturing, Inc.
1451 Engineer Street
Vista, CA 92083
United States
**Legal Entity Type:** Corporation
**State or Country of Incorporation:** California
**Phone Number:** 619-696-6700
**Fax Number:** 619-696-7124

---

### GOODS AND/OR SERVICES

---

**International Class:** 018
casings, for food prodcuts
**First Use Date:** 1989-04-15
**First Use in Commerce Date:** 1989-05-01

**Basis:** 1(a)

---

### ADDITIONAL INFORMATION

---

(NOT AVAILABLE)

---

### MADRID PROTOCOL INFORMATION

---

(NOT AVAILABLE)

---

### PROSECUTION HISTORY

---

2005-08-29 - Law Office Publication Review Completed

2005-08-26 - Assigned To LIE

2005-08-22 - Approved for Pub - Principal Register (Initial exam)

2005-08-11 - Case file assigned to examining attorney

2005-07-18 - Amendment From Applicant Entered

2005-07-06 - Communication received from applicant

2005-07-06 - TEAS Preliminary Amendment Received

2005-01-26 - New Application Entered In Tram

---

### CORRESPONDENCE INFORMATION

---

http://tarr.uspto.gov/servlet/tarr?regser=serial&entry=78546722          10/11/2005

**Correspondent**
Heidi Eisenhut (Attorney of record)

HEIDI EISENHUT
GORDON AND REES LLP
101 W BROADWAY STE 1600
SAN DIEGO, CA 92101-8217

**Phone Number:** 619-696-6700
**Fax Number:** 619-696-7124

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
(GREENVILLE DIVISION)**

| | | |
|---|---|---|
| PACKAGE CONCEPTS & MATERIALS, INC. | ) ) | |
| Plaintiffs, | ) ) | **DEFENDANTS' MOTION FOR** |
| v. | ) | **SUBSTITUTION OF COUNSEL** |
| | ) | |
| JIF-PAK, NEIL MINTZ, and | ) | C.A. No. 6-05-1184-HMH |
| MARCUS MINTZ, | ) | |
| Defendants. | ) | |
| | ) | |

Defendants Jif-Pak, Neil Mintz, and Marcus Mintz ("Defendants") hereby move the Court for substitution of counsel of record in the above-entitled action.

Former Attorney

Defendants' former counsel:

> **Rivers S. Stilwell**
> **Neil C. Jones**
> Nelson Mullins Riley and Scarborough, L.L.P.
> P.O. Box 10084
> Greenville, SC 29603-0084
> 864-250-2300
> E-Mail:   rivers.stilwell@nelsonmullins.com
>              neil.jones@nelsonmullins.com

is no longer counsel of record.

New Attorney

Defendants' new counsel in this matter on whom all notices and papers may be served is:

> **Bryan F. Hickey**
> **Jesse C. Belcher**
> **Scott E. Frick**
> Haynsworth Sinkler Boyd, P.A.
> 75 Beattie Place, 11th Floor,
> Greenville, South Carolina 29601
> 864-240-3200
> Fax: 864-240-3336
> E-Mail:   bhickey@hsblawfirm.com
>              jbelcher@hsblawfirm.com
>              sfrick@hsblawfirm.com

John L. Haller and Susan B. Meyer of the firm of Gordon and Rees remain counsel of record.

The undersigned consent to the substitution of counsel:

Nelson Mullins Riley and Scarborough, L.L.P.

By:   s/ Rivers S. Stilwell
      Rivers S. Stilwell
Date:  10/10/2005

Haynsworth Sinkler Boyd, P.A.

By:   s/ Scott E. Frick
      Scott E. Frick
Date:  10/12/2005

Respectfully submitted,

HAYNSWORTH SINKLER BOYD, P.A.

s/ Scott E. Frick
Bryan F. Hickey, Fed. ID 1859
Jesse C. Belcher, Fed. ID 1270
Scott E. Frick, Fed. ID 08417
75 Beattie Place, 11th Floor
Greenville, SC  29601
Telephone:  (864) 240-3200
Facsimile:   (864) 250-3336

*Attorneys for Defendants*

October 12, 2005
Greenville, South Carolina

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## (GREENVILLE DIVISION)

| | | |
|---|---|---|
| PACKAGE CONCEPTS & MATERIALS, INC. | ) | |
| Plaintiffs, | ) | |
| v. | ) | **CERTIFICATE OF SERVICE** |
| | ) | |
| JIF-PAK, NEIL MINTZ, and MARCUS MINTZ, | ) | C.A. No. 6-05-1184-HMH |
| Defendants. | ) | |

I hereby certify that on October 14, 2005, Defendants' Motion for Substitution of Counsel was electronically filed with the Clerk of the Court using the CM-ECF system. Notification of such filing will be given by the CM-ECF system to those registered. Parties who are not registered to receive a Notice of Electronic Filing for this case will be served by mailing a copy of the same by United States Mail, postage prepaid.

**Parties to whom notification will be mailed:**

John L. Haller                           Susan B. Meyer
Gordon and Rees                      Gordon and Rees
101 W. Broadway                      101 W. Broadway
Suite 1600                                 Suite 1600
San Diego, CA  92101               San Diego, CA  92101

/s/ Scott E. Frick
Scott E. Frick
HAYNSWORTH SINKLER BOYD, P.A.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| PACKAGE CONCEPTS & MATERIALS, INC. | ) | Case No. 6-05-1184-HMH |
| | ) | |
| | ) | DEFENDANT'S MEMORANDUM |
| Plaintiff, | ) | OF LAW IN REPLY TO |
| | ) | PLAINTIFF'S OPPOSITION TO |
| vs. | ) | DEFENDANTS' REQUEST TO |
| | ) | TRANSFER |
| JIF-PAK, NEIL MINTZ, and | ) | |
| MARCUS MINTZ, | ) | |
| | ) | |
| Defendants. | ) | |

Neil Mintz, Marcus Mintz, and Jif-Pak (collectively, "Defendants") respectfully submit this reply regarding Defendants' request to transfer this declaratory judgment action to the Southern District of California.

**INTRODUCTION**

Under the facts presented, a transfer of this action to the Southern District of California is warranted for several reasons. First, patent owners Neil and Marcus Mintz reside in San Diego, California, and licensee Jif-Pak is also headquartered there. All documents related to the subject patent, therefore, are located in the Southern District of California. Although Plaintiff Package Concepts & Materials ("PCM") has its principal place of business in South Carolina, this fact is less than compelling because *none* of the events leading to this lawsuit occurred in the District of South Carolina. In fact, the only connection between this action and South Carolina is that PCM claims to have suffered economic injury in the state solely because it is a South Carolina corporation. Consequently, the Southern District of California, where the patent infringement

action is pending, is the more convenient forum.  Second, Dietz & Watson ("D&W") is not a

party to this action, although Defendants have asserted a direct infringement claim against D&W

in the California case.  In the interests of judicial efficiency, therefore, this case should be

adjudicated in the Southern District of California, where all interested parties are actually

involved in the litigation.  Third, PCM has failed to demonstrate that this Court has personal

jurisdiction over the patent owners Neil and Marcus Mintz.  All of these factors, when

considered to together, favor a transfer of this case to the Southern District of California pursuant

to either 28 U.S.C. § 1404 or 28 U.S.C. § 1406.


## I.    THE SUPREME COURT HAS INSTRUCTED THAT THE FIRST-TO-FILE RULE SHOULD NOT BE RIGIDLY APPLIED.

As an initial matter, the fact that PCM's declaratory judgment action in South Carolina

was brought prior to the Defendants' infringement action in California does not necessarily mean

that the earlier filed South Carolina action should be given priority.  See Genentech, Inc. v. Eli

Lilly and Co., 998 F.2d 931, 937 (Fed. Cir. 1993) ("Exceptions [to the first-to-file rule] are not

rare, and are made when justice or expediency requires, as in any issue of choice of forum.");

Serco Serv. Co., L.P. v. Kelley Co. Inc., 51 F.3d 1037, 1039 (Fed. Cir. 1995) ("Thus, the trial

court's discretion tempers the preference for the first-filed suit, when such preference should

yield to the forum in which all interests are best served.") (internal quotation marks omitted);

Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co., 342 U.S. 180, 183-184 (1952) ("Wise judicial

administration, giving regard to conservation of judicial resources and comprehensive

disposition of litigation, does not counsel rigid mechanical solution of such problems.  The

factors relevant to wise administration here are equitable in nature.").

The Federal Circuit has set forth several factors for courts to consider in determining whether to give priority to the first filed action, including "the convenience and availability of witnesses, or absence of jurisdiction over all necessary or desirable parties, or the possibility of consolidation with related litigation, or considerations relating to the real party in interest." Genentech, 998 F.2d at 938.  The Supreme Court has made it clear that such decisions are discretionary in nature.  Kerotest Mfg. Co., 342 U.S. at 183-84 ("Necessarily, an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts.").

## II.   THIS ACTION MAY BE TRANSFERRED TO THE SOUTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1404 FOR THE CONVENIENCE OF THE PARTIES AND WITNESSES AND IN THE INTERESTS OF JUSTICE.

28 U.S.C. § 1404(a) provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  This statute codifies the discretion of district courts regarding the transfer of cases to more appropriate forums.  See Stewart Org., Inc. v Ricoh Corp., 487 U.S. 22, 29 (1988) ("Section 1404 is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness.") (internal quotation marks omitted).

PCM argues that the case should not be transferred to the Southern District of California because PCM's corporate officers are located in South Carolina and other parties, such as D&W and Specialty Food Group ("SFG"), are located in states that are closer to South Carolina than California.  These arguments, however, are ultimately unavailing because of the several factors that weigh in favor of transfer to the Southern District of California.

3

For example, patent owners Neil and Marcus Mintz are located in California, as is licensee Jif-Pak. While South Carolina may be more convenient to PCM and other potential parties,[1] the Southern District of California is more convenient for all of the Defendants in this action. In addition, all documents related to the prosecution of the patent and to the license granted to Jif-Pak are held by Messrs. Mintz and Jif-Pak in California. See Neil Mintz Decl., ¶ 17 ("Exhibit A"). These documents are relevant to issues regarding infringement, validity, and enforcement of the patent, which are all at issue in a declaratory judgment action. Typical invalidity arguments include prior publication, prior patenting, prior sale, or prior use more than one year before the date of the patent application. See 35 U.S.C. §§ 102(b), 103. Typical patent unenforceability arguments include lack of disclosure of material information to the U.S. Patent & Trademark Office during patent prosecution. See Molins PLC v. Textron, Inc., 48 F.3d 1172, 1178 (Fed. Cir. 1995). Obviously, these issues do not relate to activities in South Carolina, and documentation and testimony relating to these issues are in California.

In fact, the only connection that South Carolina has to any events at issue in this litigation is the fact that PCM allegedly suffered economic injury in South Carolina solely by virtue of the fact that it is incorporated here. It is important to note in this regard that the Defendants did not send any letters to South Carolina notifying any party of infringement of the patent. See Neil Mintz Decl., ¶ 4 ("Exhibit B"). Thus, the potential witnesses and evidence located in South Carolina, where no actions leading to this litigation occurred, do not weigh in favor of venue here, when compared to the witnesses and evidence located in the Southern District of California.

---

[1] Although PCM emphasizes that D&W is located in Baltimore, Maryland, and is therefore closer to South Carolina than California, PCM did not even name D&W as a defendant in this declaratory judgment action. The location of D&W, therefore, is wholly irrelevant to PCM's argument.

4

The Southern District of California is also a more convenient forum for all interested parties because of the simple fact that D&W, who has not questioned or challenged subject matter jurisdiction, personal jurisdiction, or venue in the Southern District of California, is not a party to this declaratory judgment action, but is a defendant in the infringement action pending in California. In such circumstances, interests in judicial economy are better served by one action rather than two. The Supreme Court recognized this principle long ago in Kerotest Manufacturing Company v. C-O-Two Fire Equipment Company, 342 U.S. 180 (1952). There, C-O-Two, the owner of two patents, brought an infringement action against the Acme Equipment Company in the Northern District of Illinois. Subsequently, Kerotest brought an action in the District Court of Delaware, seeking a declaration that the patents sued on in the Illinois action were invalid. C-O-Two then added Kerotest as a defendant in the infringement action in the Northern District of Illinois. The Delaware District Court enjoined C-O-Two from proceeding in the Illinois suit against Kerotest because the first filed action, from Kerotest's perspective, was in Delaware. The Third Circuit reversed, stating as follows:

> . . . the whole of the war and all of the parties to it are in the Chicago theatre and there only can it be fought to a finish as the litigations are now cast. On the other hand if the battle is waged in the Delaware arena there is a strong probability that the Chicago suit nonetheless would have to be proceeded with for Acme is not and cannot be made a party to the Delaware litigation. The Chicago suit when adjudicated will bind all the parties in both cases. Why should there be two litigations where one will suffice? We can find no adequate reason.

> Id. at 183.

The Supreme Court affirmed the Third Circuit while quoting the above language.

Here, D&W is in much the same position as Acme was in Kerotest. Because D&W is not a party to this South Carolina declaratory judgment action, the infringement action in California will go forward no matter the result here. Such a situation would result in precisely the type of

5

scenario rejected by both the Third Circuit and the Supreme Court in Kerotest. Accordingly, D&W's absence militates in favor of a transfer to the Southern District of California. See also Pacesetter Systems, Inc. v. Medtronic, Inc., 678 F.2d 93 (9th Cir. 1982) (applying the first-to-file rule "when a complaint involving the *same parties and issues* has already been filed in another district") (emphasis added).[2]

Yet another factor favoring transfer of venue to the Southern District of California is the lack of personal jurisdiction over Neil and Marcus Mintz. See Genentech, 998 F.2d at 938 (recognizing that lack of personal jurisdiction over all desirable parties is a factor that a district court may consider in determining whether to apply the first-to-file rule). As will be discussed more fully below, it is highly unlikely that personal jurisdiction can be established as to the patent owners. Given the serious questions as to personal jurisdiction, this factor also weighs in favor of a transfer to the Southern District of California, where there is no question as to personal jurisdiction over any of the parties.

In light of these several considerations, the mere fact that some witnesses may have to travel beyond the East Coast is wholly unpersuasive. Although some parties may have to travel across the country to attend trial, virtually every other relevant factor relevant to the analysis in this case suggests that the more appropriate forum is the Southern District of California. Accordingly, the Defendants respectfully request that this case be transferred pursuant to 28 U.S.C. § 1404.

---

[2] Not only are the parties different in the South Carolina and California actions, but the issues are different as well. For example, in the California infringement action, the Defendants have relied on a theory of contributory infringement against PCM, but have claimed direct infringement against the customer D&W. See A.P.T., Inc. v. Quad Envtl. Tech. Corp., Inc., 698 F.Supp. 718, 721 (N.D. Ill. 1988). Because D&W is not a party to this action, the direct infringement claim will not be applicable.

III.   **THIS ACTION MAY BE TRANSFERRED TO THE SOUTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1406 BECAUSE THE PATENT OWNERS ARE NOT SUBJECT TO PERSONAL JURISDICTION IN SOUTH CAROLINA.**

28 U.S.C. § 1406 provides that "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." This section has been interpreted to authorize transfers not just in cases where venue is improper, but also in cases where "personal jurisdiction is lacking or some other impediment exists that would prevent the action from going forward in that district." Carefirst of Maryland, Inc. v. Carefirst Urgent Care Center, LLC, 305 F.3d 253, 255-56 (4th Cir. 2002).

As set forth more fully in Defendants' motion to dismiss, the South Carolina District Court does not have personal jurisdiction over patent co-owners Neil and Marcus Mintz. As to Neil Mintz, PCM argues that the Court has jurisdiction over him because, as president of Jif-Pak, he purposely directed activity at South Carolina by threatening PCM's customers with litigation. It is clear from the record, however, that no letters alleging infringement were sent into South Carolina. Absent something more, the fact that PCM suffered a loss of sales in South Carolina is insufficient to establish jurisdiction under Fourth Circuit precedent. Lost sales, "when unaccompanied by other contacts ... [are] ultimately too unfocused to justify personal jurisdiction." ESAB Group Inc. v. Centricut, Inc., 126 F.3d 617 (4th Cir. 1997).

As to Marcus Mintz, PCM appears to concede in its response to the current motion that there is no jurisdiction over him. This is most likely because Marcus Mintz is retired and has not been involved in Jif-Pak for over five years. Marcus Mintz Decl., ¶ 14 ("Exhibit C"). In addition, Marcus Mintz has no real property, driver's license, mailing address, or telephone

number in South Carolina. Id., ¶ 4-11.  He has not visited South Carolina in at least ten years.
Id., ¶ 12.

Having established that there is no jurisdiction over either Neil or Marcus Mintz, PCM's

claim cannot be maintained in the South Carolina District Court because Neil and Marcus Mintz,

as co-owners of the patent who have retained substantial rights, are indispensable parties under

Fed. R. Civ. Pro. 19. See Mallinckrodt Medical, Inc. v. Sonus Pharmaceutical, Inc., 989 F.Supp.

265, 272 (D.D.C. 1998); Abbot Labs v. Diamedix Corp., 47 F.3d 1128, 1132-33 (Fed. Cir.

1995); Proctor & Gamble Co. v. Paragon Trade Brands, Inc., 917 F.Supp. 305, 308 n. 3 (D. Del.

1995).

Contrary to PCM's argument, the licensee Jif-Pak cannot stand in the place of co-owners

Neil and Marcus Mintz.  This is because Jif-Pak does not have an exclusive license and has no

right to enforce the patent against others.  Neil Mintz Decl., ¶ 5-6 ("Exhibit D").  As such, Jif-

Pak is considered a bare licensee with no standing to sue for infringement under the Patent Act.

Prima Tek II, L.L.C. v. Highland Supply Corp., 222 F.3d 1372, 1377 (Fed. Cir. 2000).  If Jif-Pak

does not even have standing to bring a claim for infringement of the patent, it would follow that

the patent owners must be joined in a declaratory judgment action where the same patent is at

issue.  Neil and Marcus Mintz are therefore indispensable parties, and PCM may not maintain

this declaratory judgment action in South Carolina.[3]

---

[3] PCM alleges that Jif-Pak has established a pattern of "on-again-off-again" ownership of the patent.  This
description is a mischaracterization of the facts.  The Defendants have acknowledged that Jif-Pak's notification to
one customer, SFG, erroneously indicated that Jif-Pak was the owner of the patent.  Haller Decl, ¶ 4 ("Exhibit E").
This error was corrected, however, by letter of July 22, 2005, to SFG's counsel Stephen Story.  Id. ¶ 4.
        PCM also finds it significant that Jif-Pak, on its website, holds itself out as the "developer" of the Casing-
Net[TM] product line, asserts that the technology is "patented," and lists itself as the "Applicant and Owner of the
Casing-Net trademark."  None of these statements are inconsistent with Jif-Pak's status as a licensee of the patent.
A mere licensee may nevertheless be the "developer" of the product line.  A licensee may also assert that the
technology is patented, and, in many circumstances, a license agreement may require an acknowledgement of the
patent.  Furthermore, it is not uncommon for a licensee to own a trademark designating the product covered by the

Yet another "impediment" to this action going forward is that, even assuming that Neil and Marcus Mintz are not indispensable parties, the Court would lack subject matter jurisdiction over an action brought against a bare licensee, who, as mentioned above, could not have brought suit for patent infringement.

Accordingly, the Court lacks personal jurisdiction over indispensable parties in this case. Moreover, even if the parties are not indispensable, the Court would lack subject matter jurisdiction regarding an action against the bare licensee. These several impediments would prevent the action from going forward in the district court and would justify a transfer pursuant to 28 U.S.C. § 1406.

## CONCLUSION

This declaratory judgment action should be transferred to the Southern District of California pursuant to either 28 U.S.C. § 1404 or § 1406. Under the specific facts of this case, a transfer under § 1404 is warranted because crucial witnesses and evidence are located in California, no acts giving rise to the declaratory judgment action took place in South Carolina, one of the parties is absent in the South Carolina action, and there is a probable lack of personal jurisdiction over the patent owners in South Carolina. In the alternative, a transfer under § 1406 would also be appropriate because PCM has failed to establish personal jurisdiction over the patent owners. A lack of personal jurisdiction would necessarily impede the progression of the case in South Carolina. For these reasons, the Defendants respectfully request that the Defendants' request to transfer the case to the Southern District of California be granted.

---

licensed patent. In sum, these selected phrases from a website do not establish that Jif-Pak is, or claims to be, the patent owner.

Respectully submitted,

HAYNSWORTH SINKLER BOYD, P.A.

s/Scott E. Frick
Bryan F. Hickey, Fed. ID 1859
Jesse C. Belcher, Fed. ID 1270
Scott E. Frick, Fed. ID 08417
75 Beattie Place, 11th Floor
Greenville, SC  29601
Telephone:  (864) 240-3200
Facsimile:   (864) 250-3336

-and-

John L. Haller, Esq. (CA State Bar
No. 61,392)
(*pro hac vice*)
Susan B. Meyer, Esq. (CA State Bar
No. 204931)
(*pro hac vice*)
Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101
619-696-6700
*Attorneys for Defendants*

October 25, 2005
Greenville, South Carolina
#516890

10

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## GREENVILLE DIVISION

| | |
|---|---|
| PACKAGE CONCEPTS & MATERIALS, INC.,<br><br>             Plaintiff,<br><br>vs.<br><br>JIF-PAK, NEIL MINTZ, and MARCUS MINTZ<br><br>             Defendants. | Case No. 6-05-1184-RBH<br><br>**DECLARATION OF NEIL MINTZ IN SUPPORT OF JIF-PAK'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** |

### DECLARATION OF NEIL MINTZ IN SUPPORT OF JIF-PAK'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

I, Neil Mintz, declare:

1.      I am an individual resident of the county of San Diego state of California. I make this declaration of my own first hand knowledge. If called to testify to the facts stated herein, I could and would competently testify thereto. As to matters stated herein on the basis of information and belief, I believe them to be true.

2.      I am the co-inventor of the invention which is the subject matter of U.S. Patent No. 5,413,148. My father Marcus Mintz is the other co-inventor.

3.      I am the co-owner of U.S. Patent No. 5,413,148. My father Marcus Mintz is the other co-owner.

4.      Earlier this year, Jif-Pak Manufacturing, Inc. sent promotional letters regarding the existence of the '148 patent to Jif-Pak customers, but sent no such letters to any business

or person in South Carolina as Jif-Pak has had no customers in South Carolina for over 2 years, well prior to the circumstances of this case.

I declare on penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge. Executed this 21st day of September, 2005 at San Diego, California.

Neil Mintz

BJP94\1017899294413.1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| PACKAGE CONCEPTS & MATERIALS, INC., <br><br><br> Plaintiff, <br><br> vs. <br><br> JIF-PAK, NEIL MINTZ, and MARCUS MINTZ <br><br><br> Defendant. | Case No. 6-05-1184-RBH <br><br> **DECLARATION OF MARCUS MINTZ IN SUPPORT OF JIF-PAK'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** |

**DECLARATION OF MARCUS MINTZ IN SUPPORT OF JIF-PAK'S REPLY TO PLAINTIFF'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

I, Marcus Mintz, declare:

1.    I am an individual resident of the county of San Diego state of California. I make this declaration of my own first hand knowledge. If called to testify to the facts stated herein, I could and would competently testify thereto. As to matters stated herein on the basis of information and belief, I believe them to be true.

2.    I am the co-inventor of the invention which is the subject matter of U.S. Patent No. 5,413,148. My son Neil Mintz is the other co-inventor.

3.    I am the co-owner of U.S. Patent No. 5,413,148. My son Neil Mintz is the other co-owner.

4.    I have no residence in South Carolina.

5.    I have no real property in South Carolina.

6.      I have no drivers license for the state of South Carolina.

7.      I have no personal property located in the state of South Carolina.

8.      I am not an officer or director of any business organized under the laws of the state of South Carolina.

9.      I have no mailing address in the state of South Carolina.

10.     I have no telephone number in the state of South Carolina

11.     I have not traveled to South Carolina for business.

12.     I have not traveled to South Carolina except for pleasure and that was over ten years ago.

13.     I am a 30% shareholder of Jif-Pak Manufacturing, Inc.

14.     I am retired from any work at Jif-Pak Manufacturing, Inc. and have not been involved in the company's business for over 5 years.

15.     Jif-Pak Industrial Knitting Inc. was a wholly owned subsidiary of Industrial Knitting, Inc of Canada, which is 100% owned by my Canadian holding company.  In July of 2002, most of the assets of Jif-Pak Industrial Knitting, Inc. were sold to Jif-Pak Manufacturing, Inc., and moved to San Diego County.  In July of 2002, Jif-Pak Industrial Knitting Inc. closed all operations and ceased doing business.

16.     I was not at all involved in sending letters to or contacting any businesses regarding Plaintiff's infringement of the '148 patent.

I declare on penalty of perjury under the laws of the Untied States of America that the foregoing is true and correct to the best of my knowledge.  Executed this 20th day of September, 2005 at San Diego, California.

_____
Marcus Mintz

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF SOUTH CAROLINA
### GREENVILLE DIVISION

| | |
|---|---|
| PACKAGE CONCEPTS & MATERIALS, INC.,<br><br>                          Plaintiff,<br><br>    vs.<br><br>JIF-PAK, NEIL MINTZ, and MARCUS MINTZ,<br><br><br>                          Defendant. | Case No. 6-05-1184-HMH<br><br><br>**DECLARATION OF NEIL MINTZ IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Case 3:05-cv-02200-L    -CAB    Document 1    Filed 12/01/05    Page 241 of 259
6:05-cv-01184-HMH        Date Filed 10/26/2005        Entry Number 25-5        Page 2 of 4

6:05-cv-01184-HMH        Date Filed 08/25/2005        Entry Number 13        Page 2 of 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| PACKAGE CONCEPTS & MATERIALS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>JIF-PAK<br><br>Defendant. | Case No. 6-05-1184-RBH<br><br>**DECLARATION OF NEIL MINTZ IN SUPPORT OF JIF-PAK'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** |

**DECLARATION OF NEIL MINTZ IN SUPPORT OF JIF-PAK'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

I, Neil Mintz, declare:

1.        I am an individual resident of the county of San Diego state of California.  I make this declaration of my own first hand knowledge.  If called to testify to the facts stated herein, I could and would competently testify thereto.  As to matters stated herein on the basis of information and belief, I believe them to be true.

2.        I am the co-inventor of the invention which is the subject matter of U.S. Patent No. 5,413,148.  My father Marcus Mintz is the other co-inventor.

3.        I am the co-owner of U.S. Patent No. 5,413,148.  My father Marcus Mintz is the other co-owner

4.        I am informed and believe that my and my father's ownership of the '148 patent is reflected on the records of the United States Patent and Trademark Office website, uspto.gov..  Attached hereto marked Exhibit A is a true and correct copy of the results of a query of the USPTO's Assignment database, which yielded the report that no assignment data is available with respect to the '148 patent.  This negative report shows that there has been no assignment with respect to the '148 patent, independently confirming that my father and I still own the '148

patent

5.    I have informally (verbally) licensed the right to make, have made, use, sale, and advertise the invention claimed in the '148 patent to Jif-Pak Manufacturing, Inc.

6.    As a licensor, I understand that licensee, Jif-Pak, does not have the right to initiate or maintain a patent or infringement lawsuit even though it can notify others of the existence of a patent and that it can indicate that another's practice may infringe the license patent.

7.    As co-owner of the '148 patent, I understand that I have the right to license others to rights under the '148 patent.

8.    As president of Jif-Pak, I understand that a notification was sent to Specialty Food Group that advised that Jif-Pack was the owner of the '148 patent when in fact it is not the owner of the '148 patent because Jif-Pak is only a licensee of the '148 patent.  A corrective statement has been forwarded to Specialty Foods Group.

9.    I have no residence in South Carolina.

10.    I have no real property in South Carolina.

11.    I have no bank account in South Carolina.

12.    I have no drivers license for the state of South Carolina.

13.    I have no personal property located in the state of South Carolina.

14.    I am not an officer or director of any business organized under the laws of the state of South Carolina.

15.    I have no mailing address in the state of South Carolina.

16.    I have no telephone number in the state of South Carolina

17.    I have most recently visited South Carolina approximately 5 years ago briefly and on a single visit to attend a trade show as a representative of Jif-Pak.

I declare under penalty of perjury under the laws of the Untied States of America that the foregoing is true and correct to the best of my knowledge.  Executed this 26 day of July, 2005 at San Diego, California.

Neil Mintz

1

USPTO 6:05-cv-01184-HMH      Date Filed 08/25/2005      Entry Number 13      Page 1 of 1
Page 4 of 4

 **United States Patent and Trademark Office**

Home | Site Index | Search | Guides | Contacts | eBusiness | eBiz alerts | News | Help



## Assignments on the Web > Patent Query

# Assignment Data Not Available

## For Patent Number: 5413148

If you have any comments or questions concerning the data displayed, contact OPR / Assignments at 703-308-9723

| .HOME | INDEX| SEARCH | eBUSINESS | CONTACT US | PRIVACY STATEMENT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| PACKAGE CONCEPTS & MATERIALS, INC.,<br><br>      Plaintiff,<br><br> vs.<br><br>JIF-PAK, NEIL MINTZ and MARCUS MINTZ<br><br>      Defendant. | Case No. 6-05-1184-HMH<br><br><br>**DECLARATION OF JOHN L. HALLER IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |

**DECLARATION OF JOHN L. HALLER IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

I, JOHN L. HALLER, declare:

  1.  I am an attorney at law duly licensed to practice before all the Courts of California and am an active member of the state bar of California, in good standing.  I am applying for admission *pro hac vice* to the bar of this Court.

  2.  I am one of the attorneys for Defendant, JIF-PAK, and as such I am familiar with the facts of this case and therefore make this declaration of my own first-hand knowledge.  The facts stated herein are true and correct to the best of my knowledge.  As to any matters stated herein on the basis of information and belief, I believe them to be true.

  3.  On July 22, 2005, JIF-PAK and its co-plaintiffs, Neil Mintz and Marcus Mintz, filed their complaint against Plaintiffs in the United States District Court, Southern District of

///

///

///

///

1

DECLARATION OF JOHN L. HALLER IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
Case No. 6-05-1184 HMH

California, as civil action No. 05cv1470 assigned to Hon. M. James Lorenz. A true and correct copy of that complaint is attached hereto marked Exhibit 1, indicating that Neil Mintz and Marcus Mintz are Plaintiffs.

4.    On July 22, 2005, I sent a letter to Mr. Stephen E. Story, counsel for Specialty Food Group, Inc., in which I mentioned that my previous indication that Jif-Pak was the owner of U.S. Patent No. 5,413,148 was incorrect, and that in fact Jif-Pak is a licensee. I also indicated that Neil Mintz and Marcus Mintz are the owners of the patent   A true and correct copy of this letter notification is attached hereto marked Exhibit 2.

I declare on penalty of perjury under the laws of the Untied States of America that the foregoing is true and correct to the best of my knowledge. Executed this 22nd day of August, 2005 at San Diego, California.

John L. Haller

DJPMJ101789926l1370:1

**EXHIBIT 1**

1  JOHN L. HALLER (SBN: 61392)
   CHARLES V. BERWANGER (SBN: 47,282)
2  SUSAN B. MEYER (SBN: 204931)
   GORDON & REES LLP
3  101 West Broadway
   Suite 1600
4  San Diego, CA 92101
   Telephone: (619) 696-6700
5  Facsimile: (619) 696-7124

6  Attorneys For: Plaintiffs
   NEIL MINTZ, MARCUS MINTZ AND
7  JIF-PAK MANUFACTURING, INC.

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10

11  NEIL MINTZ, an individual; and MARCUS       CASE 05 CV 1470 L    (AJB)
    MINTZ, an individual; and JIF-PAK
12  MANUFACTURING, INC., a California           **COMPLAINT FOR PRELIMINARY
    corporation,                                AND PERMANENT INJUNCTION AND
13                                              FOR DAMAGES FOR PATENT
                                                INFRINGEMENT, CONTRIBUTORY
14                        Plaintiffs,           INFRINGEMENT AND INDUCMENT
                                                TO INFRINGE, AND FOR
15            v.                                DECLARATORY RELIEF
                                                REGARDING NON-INTERFERENCE
16  DIETZ & WATSON, INC., a Pennsylvania        WITH BUSINESS RELATIONSHIP**
    corporation and PACKAGE CONCEPTS &
17  MATERIALS, INC., a South Carolina           *Demand for Jury Trial*
    corporation,
18                        Defendants.

19

20

21      Plaintiffs, NEIL MINTZ, MARCUS MINTZ, and JIF-PAK MANUFACTURING, INC.

22  (collectively "Plaintiffs") for their complaint against Defendant, DIETZ & WATSON, INC.,

23  (hereinafter called "D&W") and PACKAGE CONCEPTS & MATERIALS (hereinafter "PCM")

24  hereby alleges as follows:

25                              I.

26                         **JURISDICTION**

27      1.    This is a civil action for patent infringement, contributory infringement and

28  inducement to infringe which arises under the Patent Laws of the United States namely Title 35

1  of the United States Code and this Court has jurisdiction under 28 U.S.C. §§ 1331, 1332 and

2  1338(a). In addition, this is an action for declaratory judgment (28 U.S.C. § § 2201, 2202)

3  regarding the non-interference with a business relationship and this Court has jurisdiction under

4  28 U.S.C. § 1367.

5                                          II.

6                                       **VENUE**

7          2.     Plaintiffs are informed and believe that this Court is the proper venue under 28

8  U.S.C. §§ 1391(b), (c) and § 1400 because Defendant D&W is subject to personal jurisdiction in

9  this judicial district, the products of the infringing activities, as alleged herein below, are

10 advertised and sold within this judicial district and D&W is doing business in this judicial

11 district.

12         3.     Plaintiffs are informed and believe that this Court is the proper venue under 28

13 U.S.C. §1391(b), (c) and § 1440 because Defendant PCM, is subject to personal jurisdiction in

14 this judicial district, the products of the infringing activities, as alleged herein below, are

15 advertised and sold within this judicial district and PCM is doing business in this Judicial

16 District. Plaintiffs are further informed and believe that Defendant PCM will admit to the

17 jurisdiction of this court.

18                                        III.

19                                  **THE PARTIES**

20         4.     Plaintiff Neil Mintz is an individual, residing in the county of San Diego.

21         5.     Plaintiff Marcus Mintz is an individual, residing in the county of San Diego.

22         6.     Jif-Pak Manufacturing, Inc. is a California corporation with its principal place of

23 business in the County of San Diego ("Jif-Pak").

24         7.     Upon information and belief, Defendant D&W is a Pennsylvania corporation,

25 with a principal place of business in Philadelphia, Pennsylvania.

26         8.     Upon information and belief, Defendant PCM is a South Carolina corporation,

27 with a principal place of business in Greenville, South Carolina.

28 /////

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

-2-
COMPLAINT

## IV.

## COUNT 1

## PATENT INFRINGEMENT

### (Against All Defendants)

9.    Plaintiffs, Neil Mintz and Marcus Mintz, reallege the allegations of the foregoing Paragraphs 1 through 6, and incorporates allegations herein by reference as though fully set forth.

10.    On May 9, 1995, United States Letters Patent No. 5,413,148 (the '148 patent) entitled Casing Structure for Encasing Meat Products (hereinafter the Patented Invention) issued to co-inventors Neil Mintz and Marcus Mintz.  Plaintiffs are the owners/licensees of the '148 patent and enjoy all rights, title and interest in and to said '148 patent.

11.    Plaintiffs Neil Mintz and Marcus Mintz, have informally licensed the right to make have made use sell and advertise the invention claimed in the '148 patent to Plaintiff Jif-Pak.

12.    The '148 patent relates to a tubular casing for meat products having a stockinette member with a knit tubular member formed of threads and a netting arrangement which is intricately formed with the stockinette member.  The netting arrangement may either be knit in with the stockinette member or the strands of the knitting arrangement may be laid in.

13.    Plaintiffs are informed and believe and on that basis alleged that Defendants have been and continue to directly infringe, contributory infringement and/or induced others to infringe the '148 patent by practicing the patent invention, selling components which have no substantial non-infringing use and/or knowingly teaching others to practice the patented invention.

14.    Plaintiffs are informed and believe that Defendants infringement is willful, malicious and without regard to the rights of Plaintiffs.

15.    Plaintiffs are further informed and believe that such practice will continue unless enjoined by this Court.

/ / / / /

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

## V.

## COUNT TWO

## DECLARATORY JUDGMENT: NON-INTERFERENCE WITH BUSINESS RELATIONSHIP

### (Against All Defendants)

16.    Plaintiff Jif-Pak reallege all the allegations in the foregoing paragraphs 1 through 15 and incorporates said allegations herein by reference as though fully set forth.

17.    Plaintiff Jif-Pak is the licensee of the '148 patent and has notified Defendant D&W and other customers including Specialty Food Group, Inc. of Virginia of the existence of the '148 patent and that their activities may be infringing said patent.

18.    Plaintiff Jif-Pak's notice was in the form of a communication to Plaintiff Jif-Pak's current customers to identify the benefits of continuing to do business with Jif-Pak.

19.    Defendant PCM has asserted that Jif-Pak's communication with its customers regarding the existence of the '148 patent and encouraging its customers to maintain its business with Jif-Pak constitutes an interference with PCM's relationship with said customers.

20.    Jif-Pak has notified PCM that it has the right to advise others, specifically Plaintiffs own customers as to the existence of the '148 patent and of its belief that the activities of such customers may constitute infringement and that Jif-Pak would like to maintain their business.

21.    There is a present actual and continuing controversy between Plaintiff Jif-Pak and Defendant PCM as to Jif-Pak's right to notify its customers including Dietz & Watson, Inc. of the existence of the '148 patent and to indicate that its customers including Dietz & Watson, Inc. may be infringing such patent..

## VI.

## PRAYER

WHEREFORE, Plaintiffs pray the Court for the following relief:

1.    That Defendants, their subsidiaries, affiliates, parents, successors, assigns, officers, agents, servants, employees, attorneys, and all persons acting in concert or in

-4-

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

1  participation with them, or any of them, be preliminarily enjoined during the pendency of this

2  action, and permanently enjoined thereafter from infringing, contributing to the infringement of,

3  and inducing infringement of the '148 patent and specifically from directly or indirectly making,

4  using, marketing, advertising, offering for sale, or selling and distributing devices embodying the

5  invention of the '148 patent during the life of the '148 patent without express written authority of

6  Plaintiffs. That Defendants be ordered to deliver to Plaintiffs for destruction at Plaintiffs' option,

7  their entire inventory of products that infringe the '148 patent.

8      2.     That Defendants and each of them, be directed to fully compensate Plaintiffs for

9  all damages attributable to Defendants' infringement of '148 patent in an amount according to

10  proof at trial.

11      3.     That Plaintiffs' notification to Dietz & Watson, Inc. and other customers and

12  potential customers regarding the existence of the '148 patent is lawful and does not constitute

13  an interference with any business relationship of Defendant PCM.

14      4.     For an accounting of such damages.

15      5.     That such damages be trebled.

16      6.     An award of attorneys' fees, interest and costs against Defendants and each of

17  them.

18

19  Dated: July 22, 2005                    GORDON & REES LLP

20

21                                          By_____
                                            John L. Haller
22                                          Attorneys For Plaintiffs
                                            NEIL MINTZ and MARCUS MINTZ

23

24

25

26

27

28

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

6:05-cv-01184-HMH      Date Filed 08/25/2005      Entry Number 13      Page 9 of 11

DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial by jury of every issue that is triable by jury.

Dated: July 22, 2005                          GORDON & REES LLP

                                              By: _____
                                                  John L. Haller
                                                  Attorneys For Plaintiffs
                                                  NEIL MINTZ and MARCUS MINTZ

6:05-cv-01184-HMH        Date Filed 08/25/2005     Entry Number 13     Page 10 of 11

EXHIBIT 2

Case 3:05-cv-02200-L -CAB   Document 1   Filed 12/01/05   Page 254 of 259
6:05-cv-01184-HMH     Date Filed 10/26/2005     Entry Number 25-6     Page 11 of 11

6:05-cv-01184-HMH     Date Filed 08/25/2005     Entry Number 13     Page 11 of 11

JOHN L. HALLER
JHALLER@GORDONREES.COM
DIRECT DIAL: (619) 230-7451

ATTORNEYS AT LAW
101 WEST BROADWAY
SUITE 1600
SAN DIEGO, CA 92101
PHONE: (619) 696-6700
FAX: (619) 696-7124
WWW.GORDONREES.COM

July 22, 2005

Via e-mail to: sstory@kaufcan.com
Stephen E. Story, Esq.
KAUFMAN & CANOLES
150 West Main Street
Suite 2100
Norfolk, VA  23514

  Re: Jif-Pak Manufacturing, Inc. vs. SFG, Inc.
    Our Ref. No. BJPMI 1027086 (7211-IN05)
  Subject: Owner of the '148 Patent

Dear Mr. Story:

  This letter is further to my letter to Mr. Mark Gray, Vice President of Operations of Specialty Foods Group, Inc. on approximately February 28, 2005, in which I informed him of the existence of U.S. Patent No. 5,413,148 (the '148 Patent), on behalf of the exclusive licensee of the '148 Patent.  In that letter, I inadvertently indicated that Jif-Pak Manufacturing, Inc. is the owner of the '148 patent.  This is not a true statement and in actual fact, Jif-Pak Manufacturing, Inc. is only the owner of a license to the '148 patent.

  I write today to correct that mistake, and to inform you on behalf of your client, Specialty Foods Group, Inc., that the true owners of the '148 Patent are Neil Mintz and Marcus Mintz, and that their licensee is Jif-Pak Manufacturing, Inc.

  I apologize for any inconvenience my inadvertent misstatement as to ownership of the '148 Patent may have caused.

      Very truly yours,

      GORDON & REES LLP

      John L. Haller

JLH:wp
copy: Jif-Pak Manufacturing, Inc.

BJPMI\1027086\275620.1

PAGE 82

COPY

FILED

OCT 2 1 2005

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY

1  JOHN L. HALLER (SBN: 61392)
   SUSAN B. MEYER (SBN: 204931)
2  GORDON & REES LLP
   101 West Broadway
3  Suite 1600
   San Diego, CA 92101
4  Telephone: (619) 696-6700
   Facsimile: (619) 696-7124
5
   Attorneys For: Plaintiffs
6  NEIL MINTZ, MARCUS MINTZ and
   JIF-PAK MANUFACTURING, INC.
7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11  NEIL MINTZ, an individual; and MARCUS        CASE NO. 05 CV 1470 L (AJB)
    MINTZ, an individual; and JIF-PAK
12  MANUFACTURING, INC., a California            DECLARATION OF NEIL MINTZ IN
    corporation,                                 SUPPORT OF OPPOSITION TO
13                                               MOTION TO DISMISS
                            Plaintiffs,
14                                               DATE:      November 7, 2005
                 v.
15                                               TIME:      10:30 a.m.
    DIETZ & WATSON, INC., a Pennsylvania
16  corporation and PACKAGE CONCEPTS &           PLACE:     Courtroom 4
    MATERIALS, INC., a South Carolina
17  corporation,                                 JUDGE:     Hon. M. James Lorenz

18                          Defendants.          MAGISTRATE
                                                 JUDGE:     Hon Anthony J. Battaglia
19

20        I, Neil Mintz, declare:

21        1.      I am an individual resident of the county of San Diego state of California. I make

22  this declaration of my own first hand knowledge. If called to testify to the facts stated herein, I

23  could and would competently testify thereto. As to matters stated herein on the basis of

24  information and belief, I believe them to be true.

25        2.      I am the co-inventor of the invention which is the subject matter of U.S. Patent

26  No. 5,413,148. My father Marcus Mintz is the other co-inventor.

27        3.      I am the co-owner of U.S. Patent No. 5,413,148. My father Marcus Mintz is the

28  other co-owner

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

1

4. I have informally (verbally) licensed the right to make, have made, use, sale, and advertise the invention claimed in the '148 patent to Jif-Pak Manufacturing, Inc.

5. As a licensor, I understand that licensee, Jif-Pak, does not have the right to initiate or maintain a patent or infringement lawsuit even though it can notify others of the existence of a patent and that it can indicate that another's practice may infringe the license patent.

6. As co-owner of the '148 patent, I understand that I have the right to license others to rights under the '148 patent.

7. As president of Jif-Pak, I understand that a notification was sent to Specialty Food Group that advised that Jif-Pack was the owner of the '148 patent when in fact it is not the owner of the '148 patent because Jif-Pak is only a licensee of the '148 patent. A corrective statement has been forwarded to Specialty Foods Group.

8. I have no residence in South Carolina.

9. I have no real property in South Carolina.

10. I have no bank account in South Carolina.

11. I have no drivers license for the state of South Carolina.

12. I have no personal property located in the state of South Carolina.

13. I am not an officer or director of any business organized under the laws of the state of South Carolina.

14. I have no mailing address in the state of South Carolina.

15. I have no telephone number in the state of South Carolina

16. I have most recently visited South Carolina approximately 5 years ago briefly and on a single visit to attend a trade show as a representative of Jif-Pak.

17. All documents and things related to the patent, publications about the invention claimed in the patent, and use of the product claimed in the patent are held by Marcus Mintz, licensee Jif-Pak, or me in San Diego, California. All documents related to the prosecution of the patent are located in San Diego, California.

18. Most all of the documents related to sales, revenue, licensing, costs, and marketing the commercial embodiment of the patent are located in San Diego, California.

-2-

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

1    I declare on penalty of perjury under the laws of the Untied States of America that the

2    foregoing is true and correct to the best of my knowledge.  Executed this 21st day of October,

3    2005 at San Diego, California.

4

5    Neil Mintz

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

-3-

# UNITED STATES DISTRICT COURT
Southern District Of California
Office Of The Clerk
880 Front Street, Room 4290
San Diego, California 92101-8900
Phone: (619) 557-5600
Fax: (619) 702-9900

W. Samuel Hamrick, Jr.
Clerk of Court

December 5, 2005

John Hardaway III
Nexsen Pruet Jacobs and Pollard
PO Box 10648
Greenville, SC 29603

Bryan Hickey
Haynsworth Sinkler Boyd
PO Box 2048
Greenville, SC 29602

RE: Package Concepts vs. Jif-Pak

You are hereby notified that the above entitled case was on 12/1/05 transferred from
the USDC, District of South Carolina to the U.S. District Court, Southern District of
California. The case will now contain the case number of the Southern District, and
the initial of the assigned Judge. The case has been assigned to the Honorable Larry
Burns, and on all future filings please show the case number as 05cv2200 LAB
(LSP).

W. Samuel Hamrick, Jr.
Clerk of Court

By: _____
Samuel Day, Deputy Clerk

cc: USDC, South Carolina

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|

**Package Concepts and Materials Inc**

**JIF-PAK** 05 DEC -1 PM 1: 36

~~CT COURT~~ CALIFORNIA

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT (IN U.S. PLAINTIFF CASES ONLY) |
|---|---|

DEPUTY

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| **John B Hardaway, III**<br>**Nexsen Pruet Jacobs and Pollard**<br>**PO Box 10648**<br>**Greenville, SC 29306** | '05 CV 2200 LAB LSP |

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX (For Diversity Cases Only) FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

### 28:1338 Patent Infringement

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ~~423 Withdrawal 28 USC 157~~ | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☒ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (13958) | ☐ 850 Securities/Commodities Exchange |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | |
| ☐ 160 Stockholders Suits | | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prisoner Conditions | | | |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☐ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☒ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 | DEMAND $ | Check YES only if demanded in complaint: JURY DEMAND: ☐ YES ☐ NO |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY (See Instructions): | JUDGE | | Docket Number |
|---|---|---|---|

| DATE | November 30, 2005 | ~~SIGNATURE OF ATTORNEY OF RECORD~~ |
|---|---|---|